UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BESSEMER SYSTEM FEDERAL CREDIT UNION, <br><br> Plaintiff, <br><br> vs. <br><br> FISERV SOLUTIONS, LLC, f/k/a FISERV SOLUTIONS, INC., and FISERV, INC., <br><br> Defendants. | Civil Action No._____ <br><br> (Removed from Pennsylvania Court of Common Pleas, Mercer County, Civil Division Case No. 2018-01130) |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Fiserv Solutions, LLC ("Fiserv Solutions"), f/k/a Fiserv Solutions, Inc.[1], and Fiserv, Inc. (together "Defendants") hereby file this Notice of Removal and remove an action brought against them by Bessemer System Federal Credit Union ("Bessemer") in the Mercer County Court of Common Pleas of the State of Pennsylvania, bearing Case No. 2018-01130 (the "State Court Action"), to the United States District Court for the Western District of Pennsylvania on the grounds that there is jurisdiction in this Court pursuant to 28 U.S.C. § 1332(a). The grounds for removal are as follows:

### THE STATE COURT ACTION

1. On April 20, 2018, Bessemer initiated the State Court Action in the Court of Common Pleas, Mercer County, Pennsylvania, without filing or serving a corresponding

---

[1] The Summons incorrectly identifies one of the Defendants as Fiserv Solutions, Inc., an entity that no longer exists and that is now known as Fiserv Solutions, LLC. Accordingly, the only Defendants properly named in this action are Fiserv Solutions, LLC and Fiserv, Inc.

complaint. Over one year later, on April 26, 2019, Bessemer first filed and served a complaint in the State Court Action.

2. This action arises out of an agreement between the parties under which Fiserv Solutions provided financial services software and related services to Bessemer, and Bessemer agreed to pay fees to Fiserv Solutions for such software and services.

3. The complaint alleges claims against Fiserv Solutions for breach of the parties' agreement, negligence, unfair and deceptive trade acts and practices, fraud, constructive fraud, negligent misrepresentation, conversion/misappropriation, breach of bailee duties, unjust enrichment, and punitive damages. Ex. A, Complaint at ¶¶ 143-245. The complaint also alleges claims against Fiserv, Inc., which is not a party to any agreement with Bessemer.

4. According to the complaint, the relief Bessemer seeks includes: (a) all damages allowed by law, including compensatory, consequential, incidental, reliance, restitutionary, delay, treble, and punitive, plus attorneys' fees, costs, disbursements, additional allowances, and prejudgment and post-judgment interest; (b) specific performance; (c) injunctive relief; and (d) other further relief the Court deems appropriate. Ex. A, Complaint at ¶¶ 153, 168, 184, 192, 201, 211, 222, 232, 236, 245.

**BASIS FOR DIVERSITY JURISDICTION**

5. Pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332, this action is a civil action over which this Court would have original jurisdiction.

6. In relevant part, 28 U.S.C. § 1332(a) provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States . . . .

28 U.S.C. § 1332(a)(1).  Both the diversity-of-citizenship and amount-in-controversy requirements are satisfied here.

*Diversity of Citizenship*

7.  Bessemer was, at the commencement of this action, is now, and at all pertinent times has been, a federally chartered Pennsylvania credit union.  As a general rule, a federally chartered credit union is a not a citizen of any state for purposes of diversity jurisdiction.  *Prater v. Am. Heritage Fed. Credit Union*, 351 F. Supp. 3d 912, 918 (E.D. Pa. 2019).

8.  The Third Circuit, however, established and continues to adhere to the well-recognized "localization" exception to that rule.  Under the "localization" doctrine, a federally charted credit union is a citizen of a single state for purposes of diversity jurisdiction if its activities are localized in a particular state.  *Feuchtwanger Corp. v. Lake Hiawatha Fed. Credit Union*, 272 F.2d 453, 456 (3d Cir. 1959) (establishing localization doctrine and holding that federal credit union was a citizen of Pennsylvania because "localization of activity within a particular state sufficed to make a federal corporation a citizen of that state"); *see also Little League Baseball, Inc. v. Welsh Pub. Grp., Inc.*, 874 F. Supp. 648, 651 (M.D. Pa. 1995) ("If the activities of a federally chartered corporation are limited to a single state, either factually or by charter, then the corporation is a citizen of that state."); *Sovereign Bank, F.S.B. v. Chicago Title Ins. Co.*, No. 00-596, 2000 U.S. Dist. LEXIS 11087 (E.D. Pa. Aug. 7, 2000) (concluding that bank was localized in Pennsylvania where its principal place of business and the majority of its branch offices and personnel were located in Pennsylvania).

9.  Bessemer maintains its principal and only place of business and its sole branch location at 106 Woodfield Drive, Greenville, Pennsylvania.  *See* Declaration of Timothy Patterson ("Patterson Decl.") at ¶ 3.

3

10. Bessemer is a community Credit Union servicing the Great Mercer County area. *See* Declaration of Timothy Patterson, ¶ 3. "The Federal Credit Union Act recognizes three types of federal credit union charters—single common bond (occupational and associational), multiple common bond (more than one group each having a common bond of occupation or association), and community." 12 C.F.R. Pt. 701, App. B. Under the Federal Credit Union Act, membership of a community credit union "shall be limited to . . . Persons or organizations within a well-defined local community, neighborhood, or rural district." 12 U.S.C. § 1759(b)(3). To receive "community" status, a federally chartered credit union must submit marketing and business plans that demonstrate its community-based status, and a failure to conform to those marketing and business plans can result in the National Credit Union Administration taking supervisory action against the credit union. *See* 12 C.F.R. Pt. 701, App. B.

11. On its website, Bessemer advertises: "In 2005, we became a Community Credit Union, which allows us to accept anyone who lives, works, worships, or attends school in Mercer County, as well as businesses and other legal entities located in Mercer County, Pennsylvania." https://www.bessfcu.com/about-us (*last accessed on* May 14, 2019).

12. On information and belief, Bessemer's activities—both in fact and by charter—are localized to Pennsylvania.[2] As a result, Bessemer is a citizen of the State of Pennsylvania and no

---

[2] Bessemer attempts to plead around removal in the complaint, alleging: "Bessemer does business with members residing in Pennsylvania, Ohio, and more than twenty other states." Ex. A, Complaint, at ¶ 14. On information and belief, the activities Bessemer claims to conduct in Ohio and other states are minimal and represent a small portion of Bessemer's operations. Moreover, wherever its members reside, Bessemer's own operations and activities all take place in Pennsylvania. As a result, the facts alleged, even if true, will not defeat the localization exception. *See, e.g., Loyola Fed. Sav. Bank v. Fickling*, 58 F.3d 603, 606 (11th Cir. 1995) (noting that a federally chartered corporation will "be considered a citizen of one state for diversity purposes if the corporation's activities are 'localized' in that state, despite some out-of-state business activities. The activities do not have to be 100% localized in order to trigger this exception.") Nonetheless, Defendants will contemporaneously file a motion for leave to conduct jurisdictional discovery to discredit Bessemer's factual allegations.

other state. 28 U.S.C. § 1332(a)(1); *see Little League Baseball, Inc.*, 874 F. Supp. at 651 ("If the activities of a federally chartered corporation are limited to a single state, either factually or by charter, then the corporation is a citizen of that state.").

13.     Before March 31, 2015, Fiserv Solutions, Inc. was a corporation organized under the laws of the State of Wisconsin that maintained its principal place of business at 255 Fiserv Drive, Brookfield, Wisconsin. *See* Declaration of Paul Teti ("Teti Decl.") at ¶ 3. As a result, Fiserv Solutions, Inc. was a citizen of the State of Wisconsin and no other state. 28 U.S.C. § 1332(a)(1).

14.     Effective March 31, 2015, Fiserv Solutions, Inc. underwent a business entity change and became Fiserv Solutions, LLC, a Wisconsin limited liability company. Teti Decl. at ¶ 4.

15.     Fiserv Solutions, LLC was at the commencement of this action, and is now, a limited liability company organized and existing under the laws of the State of Wisconsin that maintains its principal place of business at 255 Fiserv Drive, Brookfield, Wisconsin. *Id.* at ¶ 5.

16.     The sole member of Fiserv Solutions, LLC is Fiserv, Inc. *Id.* at ¶ 6. At the commencement of this action, Fiserv, Inc. was, and is now, a corporation organized under the laws of the State of Wisconsin that maintains its principal place of business at 255 Fiserv Drive, Brookfield, Wisconsin. *Id.*

17.     As a result, Fiserv Solutions, LLC and Fiserv, Inc. are both citizens of the State of Wisconsin and no other state. 28 U.S.C. § 1332(a)(1).

### *Amount in Controversy*

18.     The amount-in-controversy requirement is satisfied. Although Bessemer does not specifically quantify the value of the relief it requests, or the amount in controversy, it is apparent

that the jurisdictional threshold of $75,000, exclusive of interest and costs, is exceeded here. Bessemer's complaint seeks compensatory damages, equitable relief, punitive damages, and attorney's fees. Each form of relief sought must be aggregated in order to determine the total amount in controversy. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 585 (2005).

19. Bessemer alleges that Fiserv converted and misappropriated its assets, including (1) Bessemer's account records and information, which "embody and represent, without limitation, the title to the shares Bessemer members own as well as debts and other obligations of Bessemer to its members," (2) "funds deposited in members' share draft accounts or otherwise in the custody of Bessemer," and (3) "funds that are due and owing to Bessemer and its members." Ex. A, Complaint at ¶¶ 214-15. Bessemer alleges that it has a property interest in the forgoing assets and Fiserv has "converted and misappropriated this property." *Id.* at ¶¶ 215, 218.

20. While Bessemer does not specify or quantify the assets allegedly "converted and misappropriated," Bessemer's one-hundred-and-fourteen-page complaint suggests the value of such assets exceeds $75,000. Bessemer reports having $32,000,000 in assets. Patterson Decl., ¶ 3.

21. Bessemer also alleges monetary damages for improper fees and invoices related to services Bessemer alleges either were not provided, were overcharged, or were provided after Bessemer terminated the Master Agreement, including allegedly improper charges for "real time" negative balance reporting, monthly back-up connection services, and deconversion fees. Ex. A, Complaint at ¶¶ 114(b), (f), 120, 141. For example, Bessemer has paid over $40,000 in fees related to its transition from Fiserv's services but has done so "under protest." *See* Patterson Decl. at ¶ 4, Ex. 1. Bessemer has similarly alleged Fiserv's failure to perform its obligations under the Master Agreement dating back to at least August 2016 and openly disputes the legitimacy and accuracy

of Fiserv's invoices issued to Bessemer from at least August 2016 through April 26, 2019.  Ex A, Complaint at ¶¶ 78, 114, 115; Complaint Ex. 2 at 1-6; Complaint Ex. 3 at 1.  In the aggregate, Fiserv invoiced Bessemer more than $460,000 during this time period.  *See* Teti Decl. at ¶¶ 7–10.

22. In addition, Bessemer seeks punitive damages and attorney's fees.  When permitted under state law, both "are properly considered in determining whether the claim reaches the jurisdictional threshold."  *Ripley v. Brethren Mut. Ins. Co.*, 69 F. Supp. 3d 503, 509 (E.D. Pa. 2014) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir.1993)); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) ("Moreover, in calculating the amount in controversy, we must consider potential attorney's fees."); *Minissale v. State Farm Fire & Cas. Co.*, 988 F. Supp. 2d 472, 477 (E.D. Pa. 2013) ("Since Plaintiffs are able to recover, in addition to the $55,315 estimate for consequential damages, punitive damages and attorney's fees, and Pennsylvania law does not cap those damages, it is more likely than not that Plaintiffs can recover more than $75,000.").

23. Taking Bessemer's various alleged damages in the aggregate, the amount in controversy for Bessemer's claims exceeds $75,000, exclusive of interests and costs.

24. Accordingly, the above-entitled action is a civil action over which this Court would have original jurisdiction pursuant to 28 U.S.C. § 1332(a).  The action therefore may be removed to this Court pursuant to 28 U.S.C. § 1441 in that the action is between citizens of different states, so there is complete diversity between the parties, and the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

25. Fiserv Solutions was first served with a copy of the complaint on April 26, 2019, the same date the complaint was filed in the Court of Common Pleas of Mercer County. Fiserv,

Inc. was served through its registered agent with a copy of the Complaint on May 14, 2019. In turn, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b), as this Notice of Removal is being filed before expiration of the 30-day removal period, which commenced after service of the complaint.[3] *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

26. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the docket and all process, pleadings, and orders from the State Court Action are being filed with this Notice of Removal as **Exhibit A**. True and correct copies of proof of service or proof of receipt of Bessemer's complaint for both Defendants are being filed with this Notice of Removal as **Exhibit B**.

27. Removal to this Court is proper pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S. District Court for the Western District of Pennsylvania is the federal judicial district embracing the Court of Common Pleas of Mercer County, where the State Court Action originally was filed.

28. Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies that a Notice of Filing of Notice of Removal, along with a copy of this Notice of Removal, will be promptly filed with the prothonotary of the Court of Common Pleas of Mercer County, and Defendants are providing written notice of the filing of this Notice of Removal to all adverse parties.

## CONCLUSION

29. By this Notice of Removal, Defendants do not waive any objections they may have as to service, jurisdiction, or venue, or any other defenses or objections they may have to this

---

[3] Because the conclusion of the initial 30-day removal period fell on Sunday, May 26, and the following day, Monday, May 27, was Memorial Day, Defendants' 30-day removal period was extended to Tuesday, May 28. *See* Fed. R. Civ. P. 6(a)(1)(C); Fed. R. Civ. P. 6(a)(6)(A) (defining "[l]egal holiday" to include Memorial Day); *see also Gabriel v. Giant Eagle, Inc.*, No. Civ.A 14-0980, 2014 WL 7071034, at *4 n.3 (W.D. Pa. Dec. 12, 2014) (applying Fed. R. Civ. P. 6(a) to calculate removal period under 28 U.S.C. § 1446).

4850-9607-8742.8

action.  In addition, no waiver and no admission of fact, law, or liability, including without limitation the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.  Defendants also respectfully reserve the right to submit additional evidence supporting this Notice of Removal if Bessemer files a motion to remand this action to state court.

WHEREFORE, Defendants hereby remove this action from the Court of Common Pleas of Mercer County, Pennsylvania to the United States District Court for the Western District of Pennsylvania.

Dated:  May 28, 2019.

Respectfully submitted,

/s/ Brian C. Bevan
Efrem M. Grail, Esquire (PA ID No. 81570)
Brian C. Bevan, Esquire (PA ID No. 307488)
THE GRAIL LAW FIRM
Koppers Building, 30th Floor
436 Seventh Avenue
Pittsburgh, PA 15219
egrail@graillaw.com
bbevan@graillaw.com

Of Counsel
Andrew J. Wronski, Esquire
Timothy J. Patterson, Esquire
Jesse L. Byam-Katzman, Esquire
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
awronski@foley.com
tjpatterson@foley.com
jbyam-katzman@foley.com
(414) 271-2400

*Counsel for Fiserv Solutions, LLC and Fiserv, Inc.*

9

## CERTIFICATE OF SERVICE

I, Brian C. Bevan, hereby certify that a copy of the foregoing **Notice of Removal** and accompanying **Declarations of Timothy Patterson and Paul Teti** were served on the following counsel for Plaintiff via ECF, electronic mail and United States Mail, proper first-class postage affixed, this 28th day of May, 2019.

>Richard J. Parks
>Pietragallo Gordon & Alfano
>Bosick & Raspanti, LLP
>7 West State Street, Suite 100
>Sharon, PA 16146
>rjp@pietragallo.com
>
>Charles J. Nerko
>Joel S. Forman
>Vedder Price P.C.
>1633 Broadway, 47th Floor
>New York, New York 10019
>cnerko@vedderprice.com
>jforman@vedderprice.com
>
>*Attorneys for Bessemer System Federal Credit Union*

>/s/ Brian C. Bevan
>Brian C. Bevan