UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BESSEMER SYSTEM FEDERAL CREDIT UNION,**<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>**FISERV SOLUTIONS, LLC, f/k/a FISERV SOLUTIONS, INC., and FISERV, INC.,**<br><br>　　　　　Defendants. | Case No. 2:19-cv-00624-MJH |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE PLAINTIFF'S JURY DEMAND**

Fiserv Solutions, LLC, f/k/a Fiserv Solutions, Inc., ("Fiserv Solutions") and Bessemer System Federal Credit Union ("Bessemer), two sophisticated commercial parties, entered into an agreement under which Fiserv Solutions agreed to provide account processing services and related products to Bessemer in exchange for various fees ("Master Agreement"). In the Master Agreement, each party unambiguously waived its right to a jury trial as to any claims or disputes arising under the Master Agreement.

Despite this clear, written waiver, Bessemer demanded a jury trial on all of its claims for relief in its Amended Complaint. Defendants requested that Bessemer withdraw its jury demand, but Bessemer did not consent. As a result, Defendants request that the Court strike the jury demand. The Master Agreement was the product of arm's-length negotiation between commercial parties and no disparity in bargaining power existed to render the jury waiver unknowing or involuntary. This was a voluntary waiver, entered into and agreed upon knowingly and intentionally by both parties. Bessemer does not and cannot allege that any fraud procured the jury waiver itself. For these reasons, Bessemer's jury demand should be stricken.

**ARGUMENT**

Section 11(d) of the Master Agreement contains a joint waiver of both parties' right to have a jury participate in the resolution of any dispute or claim arising under the Master Agreement. (Am. Compl., Ex. 1, Master Agreement, § 11(d).)[1] The waiver is mutual and unequivocal and encompasses Bessemer's claims here.

The Third Circuit has upheld parties' freedom to contract in advance for a waiver of the right to a jury trial, so long as the waiver is knowing, intentional, and voluntary. *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007).[2] There can be no question that the jury-trial-waiver clause applies to this suit or that the inclusion of the jury-trial-waiver clause in the Master Agreement was voluntary, knowing, and intentional. Bessemer's fraud claims do nothing to undercut the applicability of the jury-waiver provision either.

**I.     Bessemer Knowingly, Intentionally, and Voluntarily Agreed to the Jury-Trial Waiver**

When determining whether a jury-waiver provision should be enforced, courts analyze whether the waiver was entered into knowingly, intentionally, and voluntarily. In so doing, courts consider whether: (1) the parties had an "opportunity to negotiate the contract terms"; (2) there was "gross disparity in bargaining power" between the parties; (3) the "parties are sophisticated business entities"; and (4) the "waiver provision was conspicuous." *Henricks Commerce Park, LLC v. Main Steel Polishing Co.*, No. CIV A 09-23, 2009 WL 2524348, at *3

---

[1] By its express terms, the waiver applies to the parties "or any of their respective Affiliates." The waiver, therefore, extends to Bessemer's purported claims against Fiserv, Inc.

[2] "The question of a waiver of a constitutional right, including the Seventh Amendment right to a jury trial, is a federal question controlled by federal law." *Tracinda Corp.*, 502 F.3d at 222. Nevertheless, even if this Court determines the Master Agreement's choice of New York law governs the enforceability of the jury-trial-waiver clause, New York courts also enforce contractual jury trial waivers that are entered into knowingly, intentionally, and voluntarily. *See Nezry v. Haven Ave. Owner LLC*, 28 Misc. 3d 1226(A), 958 N.Y.S.2d 62 (Sup. Ct. 2010) (finding that parties knowingly, intentionally, and "voluntarily waived their right to trial by jury. . . .").

(W.D. Pa. Aug. 18, 2009).  Here, these factors require a finding that Bessemer's jury-trial waiver was knowing, voluntary, and intentional.

Bessemer had the opportunity to negotiate the terms of the Master Agreement including the jury-trial-waiver provision.  Bessemer does not (nor could it) allege that this was a contract of adhesion and, thus, that it lacked the opportunity to review and revise the terms of the Master Agreement or the subsequent amendments to the Master Agreement prior to execution.  *See Bishop v. GNC Franchising, LLC.*, No. 05CV0827, 2006 WL 2266251, at *2 (W.D. Pa. Jan. 13, 2006) (upholding jury waiver even though the parties "did not have an opportunity to negotiate the contract terms" because it was not a contract of adhesion); *Cottman Transmission Systems v. Melody*, 1994 WL 702913, at *2 (E.D. Pa. Dec. 13, 1994) ("We find that the contract, even assuming it was not negotiable, was not one of adhesion. The [defendants] were under no particular pressure to purchase this particular franchise."); *Aamco Transmissions, Inc. v. Harris*, No. CIV. A. 89-5533, 1990 WL 83336, at *4 (E.D. Pa. June 18, 1990) (finding a take-it-or-leave-it franchise agreement negotiable because the franchise was not "necessitous" and therefore, the franchisee had other options).

The Master Agreement was negotiated between sophisticated commercial parties at arm's-length.  No "gross disparity" in bargaining power between Fiserv Solutions and Bessemer existed.  Bessemer has operated as a financial institution for over 75 years and cannot be said to be a contractual novice; indeed, Bessemer was a Fiserv Solutions customer for over 35 years before it negotiated and executed the Master Agreement.[3]  *See, e.g.*, *Wachovia Bank v. Longcrier*

---

[3] Yet, even if a discrepancy in bargaining power existed, that is not enough to tip the balance against enforcement of the jury-trial waiver.  *See U.S. Bank, Nat. Ass'n v. Rosenberg*, No. CIV.A. 12-723, 2014 WL 2439427, at *2 (E.D. Pa. May 30, 2014) (finding no gross disparity in bargaining power even though moving party was an individual unrepresented by counsel against a large financial institution).

*Homes, Inc.,* No. CIV.A 09-0703-WS-C, 2010 WL 320484, at *3 (S.D. Ala. Jan. 21, 2010) (upholding jury waiver, in part, because "[i]t is not the place of the judicial system to rewrite contract terms for sophisticated business entities" (internal quotation marks omitted)).

As an established financial institution with over 75 years of experience, Bessemer has the business acumen to make considered judgments in negotiating commercial agreements. Extensive past business experience on behalf of the party contesting a jury waiver is an indication that the party knowingly and intentionally consented to the waiver. *See Aamco Transmissions, Inc.*, 1990 WL 83336, at *2 (enforcing jury-trial waiver against a franchisee with general business expertise and specific expertise dealing with the opposing franchisor); *Cottman*, 1994 WL 702913, at *2 (upholding jury waiver against businessman with twenty years of experience, including serving as Vice President to "three multi-million dollar companies").

Finally, the jury-waiver provision is conspicuous. The jury-trial waiver here was not embedded or hidden deep in text. The Master Agreement is just seven pages long, plus a signature page, and the paragraph discussing the jury waiver is explicitly titled and underlined "<u>Governing Law; Jury Trial Waiver</u>." (Am. Compl., Ex. 1, § 11(d).) The style of print, location in the Master Agreement, and the explicit reference in the paragraph heading all demonstrate that the provision was conspicuous to Bessemer. *See Bishop*, 2006 WL 2266251, at *1 (finding provision titled "Jury Trial Waiver and Other Mutual Waivers" sufficiently conspicuous); *Aamco Transmissions, Inc.*, 1990 WL 83336, at *2 (finding waiver provision conspicuous despite small print "buried in" a franchise agreement because the print size was uniform throughout and the provision was logically and unsurprisingly located in the section regarding potential litigation).

Application of the above factors demonstrates that the waiver was entered into knowingly, intentionally, and voluntarily. The jury-trial provision applies to the resolution of

any dispute or claim between the parties arising under the Master Agreement. (Am. Compl., Ex. 1, 11(d).) The primary purpose of the Master Agreement was for Fiserv Solutions to supply Bessemer with an account processing system, and, indeed, the Amended Complaint details Bessemer's claims that the system Fiserv Solutions provided allegedly breached the Master Agreement. Accordingly, there can be no credible argument that the jury-trial waiver does not apply to the claims here. Bessemer's jury-trial demand should be stricken.

## II.    Bessemer's Fraud Claims Do Not Invalidate the Jury-Trial Waiver

Although Bessemer purports to allege claims for fraud,[4] those claims do not impact the waiver's validity. Bessemer does not allege that the waiver itself was fraudulently induced, and the mere existence of a claim of fraudulent inducement to enter a contract will not bar the enforcement of a jury-waiver provision in the same contract. Rather, courts enforce such provisions, "unless a party alleges that its agreement to waive its right to a jury trial was itself induced by fraud." *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2d Cir. 2007) (citing *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837–38 (10th Cir. 1988)); *Aamco Transmissions, Inc.*, 1990 WL 83336, at *5 (enforcing jury-waiver provision because none of the moving party's fraud allegations "sp[oke] specifically to the jury waiver provisions"); *Gurfein v. Sovereign Grp.*, 826 F. Supp. 890, 921 (E.D. Pa. 1993). Absent an allegation of fraud specific to the jury-trial provision, the party's contractual waiver is enforceable. *Aamco Transmissions, Inc.*, 1990 WL 83336, at *5 ("[T]o invalidate an otherwise valid jury waiver provision, the allegation of fraud must incorporate an allegation that the jury-waiver clause itself was procured by fraudulent means.").

---

[4] Defendants' are filing a motion to dismiss these claims pursuant to Rules 12(b)(6) and 9(b).

Bessemer does not allege the jury-trial-waiver provision in Section 11(d) was procured through fraud.  Nor could it.  The inclusion of the waiver was the result of good faith negotiations between sophisticated parties of relatively equal bargaining power.  The allegations of fraud in the Amended Complaint relate instead to the capabilities of the software products and services Bessemer purchased from Fiserv Solutions and Fiserv Solutions' performance under the Master Agreement.  The jury-waiver provision must be enforced and Bessemer's jury demand should be stricken.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court strike Plaintiff's jury demand.

Dated:  September 9, 2019.

Respectfully submitted,

/s/ **Timothy J. Patterson**
Efrem M. Grail (PA ID No. 81570)
Brian C. Bevan (PA ID No. 307488)
**THE GRAIL LAW FIRM**
Koppers Building, 30th Floor
436 Seventh Avenue
Pittsburgh, PA 15219
egrail@graillaw.com
bbevan@graillaw.com
(412) 227-2969

Andrew J. Wronski (*admitted pro hac vice*)
Timothy J. Patterson (*admitted pro hac vice)*
**FOLEY & LARDNER LLP**
777 East Wisconsin Avenue
Milwaukee, WI 53202
awronski@foley.com
tjpatterson@foley.com
(414) 271-2400

*Counsel for Fiserv Solutions, LLC and Fiserv, Inc.*

## CERTIFICATE OF GOOD FAITH CONFERENCE: DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S JURY DEMAND

I hereby certify that counsel for the Defendants attempted in good faith to confer with Plaintiff's counsel about the relief sought in Defendants' Motion to Strike Plaintiff's Jury Demand. The parties were unable to reach agreement that such relief is warranted.

/s/ *Timothy J. Patterson*

Timothy J. Patterson

*Counsel for Defendants, Fiserv Solutions, LLC and Fiserv, Inc.*

## CERTIFICATE OF SERVICE

I, Timothy J. Patterson, hereby certify that a copy of the foregoing brief was served on the following counsel of record for Plaintiff via the CM/ECF system this 9th day of September, 2019.

Richard J. Parks
Pietragallo, Gordon, Alfano,
Bosick & Raspanti, LLP
7 West State Street, Suite 100
Sharon, PA 16146

Charles J. Nerko
Joel S. Forman
VedderPrice P.C.
1633 Broadway, 47th Floor
New York, New York 10019
*Attorneys for Bessemer System Federal Credit Union*

/s/  **Timothy J. Patterson**
Timothy J. Patterson