UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BESSEMER SYSTEM FEDERAL CREDIT UNION**, *on behalf of itself and its members*,<br><br>Plaintiff,<br><br>-against-<br><br>**FISERV SOLUTIONS, LLC**, *formerly known as* FISERV SOLUTIONS, INC., and **FISERV, INC.**,<br><br>Defendants. | No. 19 Civ. 624 (MJH) |

## BESSEMER'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff Bessemer System Federal Credit Union, a federally chartered not-for-profit credit union ("**Bessemer**"), hereby files this Motion for Leave to File an Amended Complaint for the purpose of conforming the pleadings to the evidence, alleging as follows:

1. On July 26, 2019, Bessemer filed its First Amended Complaint (the "**Complaint**") against Defendants Fiserv Solutions, LLC, formerly known as Fiserv Solutions, Inc., and Fiserv, Inc. (collectively, "**Fiserv**"). (ECF No. 27.)

2. This case was removed from the Court of Common Pleas, and the Complaint was the first complaint filed by Bessemer in this Court. Fiserv's pending motion to dismiss is the first motion to dismiss filed in this action.

3. The Complaint alleges damages resulting from, among other things, Fiserv's failure to properly safeguard the confidential and highly sensitive financial information that Bessemer and its members entrusted to Fiserv. (Compl. ¶ 4.) Bessemer also seeks relief in connection with Fiserv's refusal to return Bessemer's records after Fiserv was terminated as a vendor by Bessemer. As the Court may recall, during an emergency hearing on Bessemer's

application for a temporary restraining order to obtain copies of its records from Fiserv, Fiserv assured the Court that it has already sent Bessemer's records and that it was not denying access to Bessemer's documents, claiming that the issue was caused by Bessemer's technical misunderstanding. Fiserv's prior assurances have proven to be untrue. After the emergency hearing on the temporary restraining order, Fiserv thereafter conceded that the hard drive it sent Bessemer was actually missing over 900 documents belonging to Bessemer. (Compl. ¶ 6.)

4. In accordance with the Standing Order and Procedures on Civil Motion Practice, "motions pursuant to Federal Rule of Civil Procedure 12(b) are discouraged if the pleading defect is curable by amendment, [so] Counsel shall meet and confer prior to the filing of such a motion to determine whether it can be avoided."

5. The parties' attorneys have met and conferred in advance of Fiserv filing its motion to dismiss. In the course of those discussions, Fiserv identified alleged pleading defects that Bessemer indicated are curable by an amended complaint. For example, Fiserv's sole objection to Bessemer's claims for punitive damages and an injunction is that they are labelled as "claims for relief" in the Complaint, but they do not qualify as freestanding causes of action.

6. Fiserv's objection can be resolved simply by Bessemer removing the "claim for relief" heading from those allegations, and moving them to another section of the Complaint. Fiserv, regrettably, has refused Bessemer's request for voluntary leave to file an amended complaint in this regard and instead insisted on filing a motion to dismiss.

7. On September 9, 2019, Fiserv filed a motion to dismiss the Complaint (ECF Nos. 35-36), notwithstanding that Bessemer identified that Fiserv's objections are readily curable by amendment, which would render portions of the motion to dismiss moot.

2
NEWYORK/#543170

8. Bessemer seeks to amend the Complaint to include the punitive damages and injunction allegations as part of the other substantive claims. The change consists of merely taking the "claim for relief" heading off of the punitive damage and injunction allegations, and incorporating those allegations into another section of the Complaint.

9. As will be set forth in Bessemer's forthcoming opposition to Fiserv's motion to dismiss, Fiserv's other objections to the Complaint ask the Court to ignore or misconstrue the Complaint's detailed allegations of Fiserv's misconduct, or assert what would be, at best, disputed fact-based defenses that Fiserv may possibly attempt to establish in discovery or at trial. Those assertions are not a basis for dismissing Bessemer's well-pleaded claims. But to the extent the Court determines any other claims are insufficiently pleaded, Bessemer further requests an opportunity to address, by leave to amend, any other pleading defects so as to not waste the Court's time and resources and so that Bessemer has a fair opportunity to have its claims adjudicated on the merits.

10. The foregoing constitutes good cause for which the Court should permit Bessemer leave to amend the Complaint.

11. Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend a complaint upon leave of court and states that "[t]he court should freely give leave when justice so requires." *See* FED. R. CIV. P. 15(a)(2). Similarly, Rule 15(c) provides that an amendment arising out of the same conduct as that alleged in the original complaint will normally "relate back" to the original pleading. *See* FED. R. CIV. P. 15(c). These rules ensure that an error in pleading will not preclude a party from securing relief on the merits of a claim. *See Arthur v. Maersk*, 434 F.3d 196, 202 (3rd Cir. 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

NEWYORK/#543170

12. Where, as here, "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [it] ought to be afforded an opportunity to test [the] claim on the merits." *Foman*, 371 U.S. at 182.

13. The decision to grant leave to amend rests within the discretion of the Court, *see id.*, and the Third Circuit has recognized that "amendment should be allowed whenever there has not been undue delay, bad faith on the part of the plaintiff, or prejudice to the defendant as a result of the delay." *Adams v. Gould Inc.*, 739 F.2d 858, 867–68 (3d Cir. 1984). Moreover, a party challenging amendment "has a heavier burden than merely claiming prejudice, it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the [movant's] amendments been timely." *Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 426 (3d Cir. 1981).

14. Bessemer's amendment of the Complaint in this matter would not run afoul of these considerations, and Bessemer respectfully submits that leave to amend is appropriate under these circumstances. Indeed, an amendment would conserve the Court's time and resources given that Bessemer is willing to amend its Complaint to address Fiserv's motion to dismiss.

15. In addition, the time that has elapsed from the filing of the Complaint is not significant and does not prejudice Fiserv. Indeed, the "passage of time, without more, does not require that a motion to amend a complaint be denied." *Adams*, 739 F.2d at 868.

16. Finally, an amendment would not result in any hardship—a key consideration in determining undue prejudice, which is "the touchstone for the denial of leave to amend." *Heyl*, 663 F.2d at 425 (citing *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). Discovery has not yet commenced in this action. An amendment here would not require any additional cost, or preparation to defend against new facts or new

4

theories.  *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F. 3d 267, 273 (3d Cir. 2001).  In fact, rather than adding new facts or theories, the proposed amendment chiefly removes the "claim for relief" label from the punitive damage and injunction allegations, and incorporates those theories into a different section of the Complaint.  The proof required at trial will be the same, and there is no possible prejudice from this purely semantic change.

17. Prior to filing this motion, Bessemer's counsel conferred with Fiserv's counsel on October 15, 2019 regarding the relief sought in this motion.  Fiserv declined to consent to Bessemer amending its Complaint.

18. Because no undue prejudice (or even any prejudice at all) will result, and given the Federal Rules' liberal standard governing amendment of pleadings, Bessemer respectfully requests leave to amend the Complaint.

Dated:  October 17, 2019

Respectfully submitted,

VEDDER PRICE P.C.


By: /s/ Charles J. Nerko
    Charles J. Nerko (NY 4764338)
1633 Broadway, 31st Floor
New York, NY  10019
Tel.:  (212) 407-7700
Fax:  (212) 407-7799
Email:  cnerko@vedderprice.com

Richard J. Parks (PA 40477)
PIETRAGALLO GORDON
ALFANO BOSICK & RASPANTI, LLP
7 West State Street, Suite 100
Sharon, PA  16146
Tel.:  (724) 981-1397
Fax:  (724) 981-1398
Email:  rjp@pietragallo.com

*Attorneys for Plaintiff*
*Bessemer System Federal Credit Union*