**FOLEY**

FOLEY & LARDNER LLP

ATTORNEYS AT LAW

777 EAST WISCONSIN AVENUE
MILWAUKEE, WI  53202-5306
414.271.2400 TEL
414.297.4900 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
414.297.5518
awronski@foley.com EMAIL

CLIENT/MATTER NUMBER
012474-0427

March 1, 2019

<u>Via E-Mail</u>

Charles J. Nerko
Vedder Price
1633 Broadway, 31st Floor
New York, NY  10019

Richard J. Parks
Pietragallo Gordon Alfano
  Bosick & Raspanti, LLP
7 West State Street, Suite 100
Sharon, PA  16146

Re:   Master Agreement, dated as of July 1, 2014, between Fiserv Solutions, Inc. (n/k/a Fiserv Solutions, LLC) and Bessemer System Federal Credit Union

Dear Charles and Richard:

As you know, we have been communicating for several months with respect to the claims that Bessemer System Federal Credit Union ("Bessemer") purports to have against Fiserv Solutions LLC ("Fiserv") and Bessemer's intention to transition to a new solutions provider (apparently CompuSource) on or before the Master Agreement expires on June 30, 2019.  My prior correspondence speaks for itself, and I do not intend to recount yet again Fiserv's positions with respect to Bessemer's claims or Bessemer's obligations under the Master Agreement.  It suffices to say that Fiserv's repeated, good faith efforts to resolve these issues and move forward have not been reciprocated.

At this point, it is apparent that Bessemer has no intention of negotiating in good faith or of performing its obligations under the Master Agreement with respect to deconversion, specifically including Bessemer's obligation to pay Fiserv all amounts due for early termination fees and the charges, fees, costs and expenses of deconversion in full before deconversion.  To the contrary, it is apparent that Bessemer's strategy is to refuse to perform those obligations or to engage with Fiserv in an attempt to manufacture a claim that Fiserv somehow "delayed" or "impaired" Bessemer's deconversion.  Fiserv will not indulge such tactics or expend further resources attempting to negotiate a reasonable resolution when Bessemer refuses to act reasonably or in accordance with its contractual obligations.

As I have repeatedly explained, the Master Agreement requires Bessemer "to pay Fiserv's then current deconversion charges in connection with Client's deconversion from the Fiserv System." (Master Agreement, ASP Services Exhibit, Section 10(c).)  Further, in the Master Agreement, Bessemer expressly authorized "Fiserv to retain Client Files until:  (i) Fiserv is paid in full for all amounts due for Services provided through the date such Client Files are returned to

AUSTIN            DETROIT         MEXICO CITY     SACRAMENTO      TAMPA
BOSTON            HOUSTON         MIAMI           SAN DIEGO       WASHINGTON, D.C.
CHICAGO           JACKSONVILLE    MILWAUKEE       SAN FRANCISCO   BRUSSELS
DALLAS            LOS ANGELES     NEW YORK        SILICON VALLEY  TOKYO
DENVER            MADISON         ORLANDO         TALLAHASSEE

4841-2945-4985.1



**FOLEY & LARDNER LLP**

March 1, 2019
Page 2

Client; (ii) Fiserv is paid its then standard rates for the services necessary to return such Client Files; (iii) if the Agreement or applicable Schedule is being terminated, Fiserv is paid any applicable termination fee pursuant to Section 8(b) or (c) above; and (iv) Client has returned or destroyed all Fiserv Information in accordance with Section 3(b) of the Agreement." (Master Agreement, ASP Services Exhibit, Section 8(e).) Bessemer's obligations are presently and fully enforceable, and Fiserv has the clear contractual right to retain Bessemer's Client Files and refrain from providing additional services to Bessemer relating to deconversion unless and until Bessemer performs these obligations and pays Fiserv in full.

At this point, however, Fiserv has determined that its immediate priority is to complete the parties' separation as soon as possible. To that end, Fiserv will provide Bessemer with Client Files and ordinary-course services normally attendant to deconversion in order to facilitate deconversion as soon as possible, despite Bessemer's refusal to make payment in advance. Fiserv will invoice Bessemer for all services provided and for all applicable charges, fees, costs and expenses in accordance with Fiserv's "then current deconversion charges," as provided in the Master Agreement. Fiserv will continue to invoice Bessemer for ordinary monthly Services under the Master Agreement. If applicable, based on Bessemer's actual deconversion date, Fiserv will invoice Bessemer for any early termination fees required by the Master Agreement. If Bessemer fails to pay these invoices when due, Fiserv will exercise its remedies as appropriate, which may include assessing late fees, initiating collection activity, and seeking recovery of all attorneys' fees and related expenses incurred by Fiserv to enforce Bessemer's obligations.

Bessemer or its new vendor should immediately contact Shaun Gehman to finalize the deconversion timeline and move forward. Fiserv does not intend to conduct day-to-day deconversion matters through counsel. I will confirm when the initial test files have been delivered.

Fiserv expressly reserves all rights, claims, causes of action and remedies whether arising under the Master Agreement or other law, including all claims and causes of action relating to Bessemer's so-called "security review." Further, we trust that Bessemer will continue to abide by its confidentiality obligation and its agreement not to disclose to third parties any materials relating to the security review. Fiserv's decision to provide Bessemer with the Client Files and services to facilitate deconversion as soon as possible, without first receiving Bessemer's advance payment, is not intended, and shall not constitute, the waiver, relinquishment or release of any right, claim, cause of action or remedy, including, but not limited to, Fiserv's right to be paid in full for all amounts payable under the Master Agreement.

Very truly yours,

*/s/ Andrew J. Wronski*

Andrew J. Wronski