UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BESSEMER SYSTEM FEDERAL CREDIT UNION,** )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**FISERV SOLUTIONS, LLC, f/k/a FISERV SOLUTIONS, INC., and FISERV, INC.,** )<br>)<br>Defendants. ) | Case No. 2:19-cv-00624-RJC |

### FED. R. CIV. P. 26(F) REPORT OF THE PARTIES

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff Bessemer System Federal Credit Union ("Plaintiff") and Defendants Fiserv Solutions, LLC and Fiserv, Inc. (herein referred to as "Defendants"), submit the following report:

1. **Identification of counsel and unrepresented parties**. Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

Charles J. Nerko (*pro hac vice*)
Alexander Mirkin (*pro hac vice*)
OFFIT KURMAN, P.A.
10 East 40th Street, 35th Floor
New York, NY 10016
charles.nerko@offitkurman.com
amirkin@offitkurman.com
212-545-1900
Fax: 267-338-1335

Richard J. Parks (PA ID No. 40477)
PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP
7 West State Street, Suite 100
Sharon, PA 16146
rjp@pietragallo.com
724-981-1397
Fax: 724-981-1398

*Counsel for Plaintiff Bessemer System Federal Credit Union*

Andrew J. Wronski (*pro hac vice*)
Jesse L. Byam-Katzman (*pro hac vice*)
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
awronski@foley.com
jbyam-katzman@foley.com
414-271-2400
Fax: 414-297-4900

Efrem M. Grail (PA ID No. 81570)
Brian C. Bevan (PA ID No. 307488)
THE GRAIL LAW FIRM
Koppers Building, 30th Floor
436 Seventh Avenue
Pittsburgh, PA 15219
egrail@graillaw.com
bbevan@graillaw.com
412-227-2969
Fax: 856-210-7354

1

*Counsel for Defendants Fiserv Solutions, LLC and Fiserv, Inc.*

2.  **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc.):

    *Plaintiff's Position*: Bessemer is a not-for-profit credit union, and Fiserv is a provider of technology services to financial institutions. In July 2014, Bessemer and Fiserv Solutions entered into a Master Agreement under which Fiserv Solutions agreed to provide account processing services, statement generation, recordkeeping, online banking, and related cloud-based online services and software products to Bessemer. Bessemer alleged there were numerous security vulnerabilities at Fiserv, including security weaknesses in the Fiserv-hosted online banking website that allowed hackers to take over Bessemer's online banking accounts, contrary to Fiserv's representations to Bessemer that its online banking system had an authentication protocol that complied with federal bank regulatory standards. Bessemer also alleged that Fiserv also provided inaccurate account records and information to Bessemer, that its services and software manifested other defects, and that Fiserv held back Bessemer's records when Bessemer de-converted from Fiserv, and defrauded Bessemer out of additional fees. Fiserv has not returned all of Bessemer's archived documents and has asserted it now owns certain of Bessemer's records.

    Per the Court's recent ruling on Fiserv's motions to dismiss, the Court held that Bessemer has stated causes of action for breach of contract, fraud, fraudulent inducement, breach of bailment, misappropriation of trade secrets under the Pennsylvania Uniform Trade Secrets Act and the Defend Trade Secrets Act, and a declaratory judgment of the parties' rights. In the Court's recent ruling on Fiserv's motion to strike, the Court held that Bessemer stated an entitlement to punitive damages, and that questions of fact existed with respect to Bessemer's entitlement to a jury trial notwithstanding the jury waiver provision in the Master Agreement.

    *Defendants' Position:* Defendants deny each of Bessemer's claims. Defendants further assert that Fiserv, Inc. is not a proper party to this litigation. In addition, Fiserv Solutions is investigating counterclaims for breach of the Master Agreement and seeks contractual recovery of attorneys' fees and costs under Paragraph 11(h) of the Master Agreement.

3.  **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

    A Rule 26(f) conference was held on July 31, 2020. The following counsel of record attended the Rule 26(f) conference:

    For Plaintiff:

    - Charles J. Nerko and Alexander Mirkin of Offit Kurman, P.A.
    - Richard Parks of Pietragallo Gordon Alfano Bosick & Raspanti, LLP

For Defendants:

- Efrem M. Grail of the Grail Law Firm
- Jesse L. Byam-Katzman of Foley & Lardner LLP

4. **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court**: (Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):

   August 20, 2020 at 10:00 AM.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

   Defendants filed their Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 52) and Motion to Strike Plaintiff's Jury Demand and Prayer for Punitive Damages (ECF No. 50) on November 13, 2019. On July 14, 2020, the Court entered an Order granting in part and denying in part Defendants' Motion to Dismiss and denying Defendants' Motion to Strike. (ECF No. 70.) Of the thirteen claims contained in Plaintiff's Second Amended Complaint, six counts survived Defendants' Motion to Dismiss. Defendants will file their answer and counterclaims on August 14, 2020. Plaintiff reserves the right to move to dismiss any counterclaims or strike any defenses Defendants may assert on a briefing schedule to be stipulated by the parties and proposed by the Court.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation**

   The parties agree to mediate, but disagree on when mediation should occur and whether discovery should be stayed.

   *Plaintiff's Position*: Prior to any action being filed, the parties participated in pre-suit dispute resolution discussions required by the Master Agreement. Plaintiff anticipates that discovery and additional investigation will maximize the potential of this matter being resolved at mediation. Plaintiff proposes that the parties conduct mediation at the close of document discovery, with a stay of depositions and expert discovery until that mediation concludes. Despite its concerns about mediation under the conditions being proposed by Fiserv, Bessemer will mediate in good faith and in accordance with the Local Rules when required to do so by the Court.

   *Defendants' Position*: Defendants respectfully request that the Court require the parties to submit to and complete mediation by Friday, October 30, 2020, and stay discovery in

this case, other than mandatory disclosures required by Rule 26(a), until completion of mediation. This would ensure that the parties negotiate resolution of this case in good faith and, at minimum, work to narrow the scope of discovery and control the costs of litigation. Although the parties engaged in pre-suit dispute resolution in or around April 2018, much has changed over the last two years. More specifically: (1) Plaintiff successfully deconverted in June 2019 and has been operating on a different processing platform for fourteen months; (2) Plaintiff filed its complaint (and amended it twice), which contains over 335 paragraphs of allegations and thirty exhibits; and, (3) the Court has ruled on Defendants' Motion to Dismiss thereby narrowing the disputed issues in this case. As a result, the remaining issues, if any, between the parties are now financial and susceptible to early resolution through mediation.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court**:

The parties agree to exchange Fed. R. Civ. P. Rule 26(a) disclosures on or before September 2, 2020.

8. **Subjects on which fact discovery may be needed**. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):

Plaintiff anticipates that discovery on the following subjects will be needed:

- The Master Agreement and services provided by Fiserv;

- Fiserv's security policies and actual practices, knowledge of and response to security breaches and vulnerabilities, and efforts to comply with the Federal Financial Institutions Examination Council's ("FFIEC") requirements;

- Bessemer's information, records, and trade secrets;

- The replevin action;

- Damages

Defendants anticipate that discovery on the following subjects will be needed:

- The 2014 Master Agreement and the parties' performance under the same;

- Communications between the parties concerning the 2014 Master Agreement, and negotiation thereof;

4

- Fiserv Solutions' Virtual Branch Services' compliance with the Federal Financial Institutions Examination Council's ("FFIEC") authentication requirements in 2012 and thereafter;

- Communications between the parties in 2012 concerning Fiserv Solutions' Virtual Branch Services' compliance with FFIEC's authentication requirements;

- The parties' historical relationship, contract and agreements and negotiation of the same, and customs and practice concerning their business dealings;

- Termination and/or non-renewal of the 2014 Master Agreement and Bessemer's deconversion and transition to another service provider;

- Communications between the parties concerning termination and/or non-renewal of the 2014 Master Agreement and Bessemer's deconversion and transition to another service provider;

- The economic value of Bessemer's members' information, accounts, account records and other information used to conduct and transact business, and the circumstances under which Fiserv Solutions acquired such information;

- Bessemer's dismissal of the Replevin Action and the purported Replevin Action settlement agreement;

- Communications between the parties concerning dismissal of the Replevin Action and the purported Replevin Action settlement agreement;

- Plaintiff's alleged damages; and

- Fiserv Solutions' counterclaims and damages.

9. **Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

   a. **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

   September 2, 2020.

   b. **Date by which any additional parties shall be joined:**

The parties do not contemplate the need to join additional parties.

**c.  Date by which the pleadings shall be amended:**

Defendants shall have until September 14, 2020, to amend their answer and counterclaims.

**d.  Date by which fact discovery should be completed:**

April 28, 2021. The parties propose additional time beyond the default discovery timeframe given the increased complexity of conducting discovery due to the COVID-19 pandemic.

Defendants state that this deadline is consistent with a stay of discovery until the parties complete mediation on or before October 30, 2020, and would provide the parties with 180 days to complete fact discovery after mediation.

**e.  If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

N/A

**f.  Date by which plaintiff's expert reports should be filed:**

May 31, 2021

**g.  Date by which depositions of plaintiff's expert(s) should be completed:**

August 30, 2021

**h.  Date by which defendant's expert reports should be filed:**

July 15, 2021

**i.  Date by which depositions of defendant's expert(s) should be completed:**

August 30, 2021

**j.  Date by which third party expert's reports should be filed:**

N/A

**k.  Date by which depositions of third party's expert(s) should be completed:**

N/A

**10.  If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations**:

The parties do not anticipate any changes with respect to the rules governing discovery at this time.

11. **Please answer the following questions in regard to the discovery of electronically stored information ("ESI")**:

    **a.** **ESI**. Is either party seeking the discovery of ESI in this case?
    **X** Yes ☐ No [If "No," skip to sub-part (e) below.]

    **b.** **ESI Discovery Plan**. The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

    ☐ Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by

    ☐ Have developed an ESI discovery plan (as attached).

    **X** Will have an ESI discovery plan completed by August 19, 2020.

    NOTE: At the direction of the Court, parties may be required to submit a draft of the Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation set forth in "Appendix LCvR 26.2.E-MODEL ORDER" to the Local Rules, to address specific issues relative to the parties' exchange of electronic discovery and ESI. If the parties are unable to do so, they should advise the Court promptly.

    **c.** **Preservation.** Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?
    ☐ Yes ☐ **X** No

    **d.** **ADR.** Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?
    **X** Yes ☐ No

    Plaintiff believes that ESI is necessary to conduct meaningful ADR.

    Defendants do not believe that the exchange of ESI is necessary prior to conducting meaningful ADR.

    **e.** **Clawback Agreement**. The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

    **X** Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.

□   Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.

□ Are unable to agree on appropriate non-waiver language.

**f.**     **EDSM and E-Mediator**. Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.
**X** Yes        □ No

Plaintiff believes that an EDSM and E-Mediator would help resolve ESI discovery issues in the case given the complexity of the ESI issues in this case and past difficulties receiving ESI from Defendants.

Defendants do not anticipate the need for an EDSM or E-Mediator at this time. If the parties later determine that the appointment of an EDSM or E-Mediation would help resolve ESI discovery issues, the parties will promptly notify the Court.

**g.**     **Other**. Identify all outstanding disputes concerning any ESI issues:

The parties do not have any outstanding disputes concerning ESI at this time.

**12.** Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following: (The parties are *not* required during their Rule 26(f) Conference to consider or propose dates for the items identified below. Those dates will be determined, if necessary, at the Post-Discovery Status Conference. Lead trial counsel for each party and each unrepresented party are required to attend the Post-Discovery Status Conference with their calendars in hand to discuss those items listed below that require scheduling. In addition, a representative with settlement authority of each party shall be required to attend; representatives with settlement authority of any insurance company providing any coverage shall be available throughout the Conference by telephone):

The parties have elected to schedule the Post-Discovery Status Conference following the completion of fact discovery and will be prepared to discuss the following at that time:

**a.     Settlement and/or transfer to an ADR procedure;**

**b.     Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference;**

**c.     Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

**d.     Dates by which parties' pre-trial statements should be filed;**

|     |     |     |
| --- | --- | --- |
|     | e.  | **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;** |
|     | f.  | **Dates on which motions *in limine* and *Daubert* motions shall be heard;** |
|     | g.  | **Dates proposed for final pre-trial conference;** |
|     | h.  | **Presumptive and final trial dates.** |

13. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c)**:

    The parties anticipate the need for a Stipulated Protective Order to govern the disclosure and use of confidential information. The parties will submit a proposed Stipulated Protective Order on or before August 19, 2020.

14. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

    Plaintiff anticipates the need for an E-Discovery Special Master or E-Mediator to assist with ESI discovery issues:

    - The issues in this case, particularly concerning data breaches and accuracy of statements generated by Fiserv, will require collecting and parsing logs, metadata, and other highly technical information.

    - As part of the parties' separation, Fiserv provided false and contradictory information about the format and nature of records it its possession and that it sought to return to Bessemer.

    The above issues involve complexity, so an E-Discovery Special Master or E-Mediator versed in these issues may be able to assist and help the parties resolve any disputes in a cost-effective manner. Plaintiff is amenable to waiting to have the E-Discovery Special master or E-Mediator appointed, but reasonably anticipates one will be necessary.

    Defendants do not anticipate the need for a special master, E-Discovery Special Master, or E-Mediator at this time. Defendants disagree with Plaintiff's characterization of the information provided at the time of the parties' separation. In addition, in light of the Court's ruling on Plaintiff's motion for a temporary restraining order and preliminary injunction instructing the parties' to meet and confer in good faith, Defendants state that should any ESI discovery issues arise, the parties and their respective technology experts should meet to resolve these issues

15. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached**:

**16. Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration**:

The parties have considered the possibility of settlement and agree to submit this matter to mediation pursuant to the Court's ADR program. The parties disagree as to when mediation should occur, and whether discovery should be stayed.

Respectfully submitted,

| | |
|---|---|
| *s/ Charles J. Nerko* | *s/ Jesse L. Byam-Katzman* |
| Charles J. Nerko (*pro hac vice*) | Andrew J. Wronski (*pro hac vice*) |
| Alexander Mirkin (*pro hac vice*) | Jesse L. Byam-Katzman (*pro hac vice*) |
| OFFIT KURMAN, P.A. | FOLEY & LARDNER LLP |
| 10 East 40th Street, 35th Floor | 777 East Wisconsin Avenue |
| New York, NY 10016 | Milwaukee, WI 53202 |
| charles.nerko@offitkurman.com | awronski@foley.com |
| amirkin@offitkurman.com | jbyam-katzman@foley.com |
| 212-545-1900 | 414-271-2400 |
| Fax: 267-338-1335 | Fax: 414-297-4900 |
| | |
| Richard J. Parks (PA ID No. 40477) | Efrem M. Grail (PA ID No. 81570) |
| PIETRAGALLO GORDON ALFANO | Brian C. Bevan (PA ID No. 307488) |
| BOSICK & RASPANTI, LLP | THE GRAIL LAW FIRM |
| 7 West State Street, Suite 100 | Koppers Building, 30th Floor |
| Sharon, PA 16146 | 436 Seventh Avenue |
| rjp@pietragallo.com | Pittsburgh, PA 15219 |
| 724-981-1397 | egrail@graillaw.com |
| | bbevan@graillaw.com |
| *Counsel for Plaintiff Bessemer System Federal Credit Union* | 412-227-2969 |
| | Fax: 856-210-7354 |
| | |
| | *Counsel for Defendants Fiserv Solutions, LLC and Fiserv, Inc.* |