# EXHIBIT 28



Charles J. Nerko
*Principal*
212-380-4117
Charles.Nerko@offitkurman.com

July 17, 2020

<u>Via Email</u>
Andrew J. Wronski, Esq.
Jesse Byam-Katzman, Esq.
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202

Re:     <u>Bessemer System Federal Credit Union</u>

Dear Andy and Jesse:

Further to our teleconference, we write regarding issues of great importance to the litigation and to all of our respective clients. As a courtesy to you, we have raised these matters with you in the first instance in a lawyer-to-lawyer teleconference this afternoon. During our call, you asked that we state our client's position in writing. This letter responds to your request.

As we have made clear to you, we value our professional relationship with you, which has spanned several cases over the past four years. Regrettably, the issues we have raised arise from Fiserv's strategic choice of using you as a conduit to make representations concerning Fiserv's business. As we are sure you understand and appreciate, addressing these issues is required for the protection of all of our clients.

The Court's recent motion to dismiss opinion denied Fiserv's motion to dismiss in part and held, in relevant part, that Bessemer stated a claim for fraud in connection with statements contained in your October 19, 2018 letter (the "**Foley Letter**").

The Court's opinion analyzed the statements in the Foley Letter in detail, and held that Bessemer plausibly alleged that the Foley Letter "misrepresented the required lead time for deconversion services in an attempt to get Bessemer to withdraw the Replevin Action, prevent Bessemer from switching vendors at an earlier date, and extract extra fees from Bessemer while Bessemer continued using Fiserv as a vendor" (MTD Opinion at 26). The Court further held that Bessemer plausibly alleged an entitlement to punitive damages stemming from the Foley Letter's misrepresentations (*id.* at 53-55).

Given the Court's recent ruling, the Foley Letter is a showpiece element of Bessemer's fraud and punitive damages allegations. The case is now proceeding into discovery on those matters. Consequently, it will be necessary for Bessemer to take discovery relating to the Foley Letter, including the plausible claims of fraud and punitive damages that Bessemer has stated with respect to the Foley Letter.



Trust. Knowledge. Confidence.

Discovery in this matter will likely necessitate, among other things, discovery on the statements made in the Foley Letter, including the knowledge, understanding, intent, and state of mind of those at Foley & Lardner who participated in the preparation of the Foley Letter. *See* MTD Opinion at 25 (elements of fraud include a statement "made falsely, with knowledge of its falsity or recklessness as to whether it is true or false…with the intent of misleading another into relying on it"). In sum, you and others at Foley & Larder likely possess first-hand, personal knowledge of events at issue in this action, will be deposed, and be necessary trial witnesses.

As a result, we believe that your continued representation of Fiserv is improper under the advocate-witness rule. *See* RPC 3.7 ("A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless [certain inapplicable exceptions apply]"); *see also, e.g.*, *United States v. Kolodesh*, 2012 U.S. Dist. LEXIS 49169, at *20-21, *28 (E.D. Pa. Apr. 5, 2012) (disqualifying counsel involved in preparing the client's allegedly fraudulent statement because counsel's "testimony could support a finding of Defendant's intent to defraud…by tending to show that Defendant induced his attorney to endorse the [statement] …to cloak [it] with greater credibility," and "a myriad of problems arise when [the advocate and witness] roles are combined within the same individual, including prejudicing the opposing party and impairing the integrity of the judicial process").

The significance of the Foley Letter to Bessemer's fraud and punitive damages allegations implicates other issues that are likely to give rise to nonwaivable conflicts of interest under RPC 1.7. Comment 8 to that rule recognizes, "[e]ven where there is no direct adverseness, a conflict of interest exists if there is a significant risk that a lawyer's ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests."

Your future testimony in this matter gives rise to such a conflict, which is now exacerbated by the prospect of direct adverseness resulting from any claims both Bessemer and Fiserv may have against you related to the Foley Letter and its perpetuation of a fraud. *See, e.g.*, *Gov't of V.I. v. Zepp*, 748 F.2d 125, 138 (3d Cir. 1984) ("Trial counsel's interest in testifying on his own behalf impaired the exercise of independent professional judgment on behalf of his client. From our view, the admission of such testimony is so egregious that it constitutes a total abandonment of the loyalty which counsel owes his client."); *Kolodesh*, 2012 U.S. Dist. LEXIS 49169, at *16 ("A lawyer's own interests should not be permitted to have an adverse effect on the representation of a client and because it may be difficult or impossible for the lawyer to give a client detached advice in such circumstances, these conflicts are generally unwaivable."). Indeed, any "doubts regarding the existence of a violation of an ethical rule … favor … disqualification." *Pittsburgh Universal, LLC v. Mykleby*, 2016 U.S. Dist. LEXIS 174036, at *5 (W.D. Pa. Dec. 16, 2016).

If you contend that you may continue to represent Fiserv, we request that you provide your position and any supporting authorities to us in writing.



Attorneys At Law

Trust. Knowledge. Confidence.

Please preserve all documents, things, and electronically stored information that may be potentially relevant to the matters discussed herein, including, without limitation, complete and accurate copies of Fiserv's client files, including client communications. If you receive a request from Fiserv for the return of its file, we request you continue to preserve an archive of its file, or, alternatively, contact us first so that it can be determined how to address such a request consistent with your preservation obligations. We also request that you consider providing Bessemer with a tolling agreement with respect to claims it may have against you.

This is not intended to be an exhaustive statement of all relevant facts and law. Bessemer reserves all of its rights and remedies, including the right to seek your disqualification, or any other appropriate relief.

We welcome your prompt response on these significant issues.

Very truly yours,

*/s/ Charles J. Nerko*

Charles J. Nerko