# EXHIBIT 32



Charles J. Nerko<br>
*Principal*<br>
212-380-4117<br>
Charles.Nerko@offitkurman.com

September 3, 2020

<u>Via Email</u>
Andrew J. Wronski, Esq.
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202

   Re: <u>Bessemer System Federal Credit Union</u>

Dear Andy:

  Contrary to the claim in your August 27 letter, the items stated in our prior letter are not "new." Rather, those items are the foreseeable and natural consequences of the ethical issues Bessemer has previously identified.

  Your August 10 letter claims that Fiserv provided informed consent to waive the conflicts Bessemer identified. Under RPC 1.0(e), informed consent requires that "the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct." If anything in our prior letter was "new" to you, as you wrote, it is highly doubtful that Fiserv's consent to the conflict was made with the requisite informed consent. Would you please go back to Fiserv, and let us know if it continues to consent to the conflict, after being advised of all material risks and reasonably available alternatives?

  We owe it to all of our clients to get this right, and quickly. The stay of discovery in this matter for mediation is not a stay of legal ethics. Nor will our client tolerate Fiserv's abuse of the attorney-client relationship to deny Bessemer access to proof and thwart its prosecution of this action—for example, by Fiserv denying the reasonable request that you have another counsel of record defend your deposition, rather than "self objecting" as a witness.

  Further, these issues require attention in the near term. Under Rule 2.7(B) of the Court's ADR Policies and Procedures, lead trial counsel must participate in mediation. We find it highly unlikely that Fiserv can participate in mediation in good faith when it is being represented by counsel with a personal stake in the matter's resolution and who has personal exposure to the claims being mediated. That said, subject to reaching an agreement on the item below, Bessemer has no objection to your attendance at the mediation, provided that another member of Fiserv's outside counsel team also represent Fiserv.



Would you also please confirm an extension of our prior agreement regarding the timing of Bessemer's disqualification motion: i.e., in the event that Bessemer files a disqualification motion, Fiserv will not assert any defense, including waiver, laches, or any ongoing litigation activities, based on the time that passes between July 17, 2020 and the date on which Bessemer files such a motion, assuming that filing occurs within in a reasonable time after we receive your substantive response to this and our prior letter, and the parties have had a meaningful opportunity to discuss the issues.

Bessemer reserves all of its rights and remedies, including the right to seek your disqualification, or any other appropriate relief.

Very truly yours,

*/s/ Charles J. Nerko*

Charles J. Nerko