UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

**BESSEMER SYSTEM FEDERAL CREDIT UNION, on behalf of itself and its members**,

        Plaintiff,

vs.

**FISERV SOLUTIONS, LLC, f/k/a FISERV SOLUTIONS, INC., and FISERV, INC.,**

        Defendants.

Case No. 2:19-cv-00624-RJC

---

### BESSEMER'S MOTION TO APPOINT A DISCOVERY SPECIAL MASTER

Plaintiff Bessemer System Federal Credit Union, a federally chartered not-for-profit credit union ("Bessemer"), hereby moves for an Order pursuant to Federal Rule of Civil Procedure 53(a) to appoint a Special Master to address discovery disputes that may arise in the course of this litigation against Defendants Fiserv Solutions, LLC, f/k/a Fiserv Solutions, Inc., and Fiserv, Inc. (together, "Fiserv") and in support of this Motion states as follows:

### Background

1. By way of background, this action was removed to this Court on May 28, 2019. (ECF No. 1). Bessemer filed its Second Amended Complaint on October 30, 2019. (ECF No. 48). Bessemer maintains causes of action against Fiserv for breach of contract, negligence, fraud, and bailment, among others, stemming from cybersecurity problems at Fiserv.

2. Fiserv moved to dismiss Bessemer's Second Amended Complaint on November 13, 2019. (ECF No. 52).

3. On July 14, 2020, the Court denied in part Fiserv's Motion to Dismiss. (ECF No. 70).

4. Following the Rule 16 scheduling conference on August 20, 2020, the Court stayed discovery in this matter pending court-ordered mediation. (ECF No. 81).

5. Mediation took place on October 27, 2020, and the parties were unable to resolve this dispute.

6. On November 9, 2020 Fiserv served its First Set of Discovery Requests.

7. On November 10, 2020, Bessemer filed its Motion to Dismiss Fiserv Solutions' Counterclaims, to which Fiserv Solutions filed its opposition on December 8, 2020. (ECF Nos. 92 and 99).

8. From December 23, 2020 through March 17, 2021, this litigation was stayed again pending mediation with neutral Mark Shepard. (ECF Nos. 101, 103, 105, and 107).

9. On March 26, 2021 the Court entered the Amended Case Management Order CMO ("Amended CMO"), which, among other things, set a fact discovery deadline of November 30, 2021. (ECF No. 109).

10. Bessemer served its responses to Fiserv's November 9, 2020 discovery requests on April 9, 2021.

11. On April 29, 2021, Fiserv filed a motion for judgment on the pleadings for dismissal of Bessemer's fraud claim that survived Fiserv's Motion to Dismiss, and for Rule 11 sanctions. (ECF No. 114). The Court *sua sponte* denied Fiserv's motion the following day. (ECF No. 117).

12. Bessemer served its First and Second Requests for Production and its First Set of Interrogatories to Fiserv on May 14, May 21, and May 28, 2021.

13. Bessemer served its first supplemental responses to Fiserv's November 9, 2020 discovery requests on June 25, 2021.

14. Fiserv served their responses to Bessemer's discovery requests on August 20, 2021.

15. On September 15, 2021, the Court granted in part and denied in part Bessemer's Motion to Dismiss Counterclaims. (ECF No. 121).

16. On October 18, 2021, Bessemer filed its answer to Fiserv's Amended Counterclaims. (ECF No. 126).

17. To date, aside from documents produced in mediation, the parties have not produced any documents and no depositions have taken place or been scheduled.

18. Over the last several months, the parties have communicated at length regarding several discovery disputes that will require the assistance of a Special Master. The discovery disputes include issues regarding the scope of discovery and the terms of a protective order governing documents subject to e-discovery.

19. In addition, each party has sought discovery from the other party implicating attorney-client, consulting litigation expert, or work product communications. For example, Bessemer seeks discovery concerning its fraud claim, bailment claim, and punitive damages allegations that pertain to false statements conveyed by Fiserv's counsel,[1] and Fiserv has sought discovery into a litigation consulting expert that was engaged by Bessemer's outside counsel. Resolution of these issues, including the scope of privilege or work-product protections, and any waiver of those protections, will likely require fact-specific determinations, and possibly document-by-document analysis of materials *in camera*.

---

[1] *See* Court's Opinion denying Fiserv's Motion to Dismiss the Second Amended Complaint (ECF No. 69 at 25-26) ("The Court finds that these assertions [contained in the October 19, 2018 letter from Fiserv's counsel regarding time necessary for Fiserv to complete deconversion services] sufficiently set forth a claim for fraud that lies outside of the Master Agreement at this time."); Fiserv's Amended Answer (ECF No. 88, ¶ 196) (acknowledging "inadvertent[]" misrepresentation made by Fiserv's counsel in opposing the Temporary Restraining Order application before Judge Horan, in which Fiserv's counsel falsely represented to the Court that Fiserv had already returned Bessemer's records).

20. Further, as noted in the August 20, 2020 CMO, the Court indicated that it would be inclined to appoint a Special Master to address e-discovery if the matter did not resolve at mediation (which it did not). (ECF No. 81, ¶ 4).

21. Bessemer anticipates that these are the first of several other discovery disputes that will arise over the course of this litigation. Earlier today, Fiserv contacted chambers requesting a status conference on discovery issues, and the Court has scheduled a status conference for December 14, 2021 at 10:30 a.m. (ECF No. 131). As Fiserv now intends to seek a ruling from the Court on contested discovery issues, Bessemer understands that Fiserv has rejected Bessemer's proposal to have the Special Master decide these issues and requests that the Court appoint a Special Master.

### The Parties' Impasse on the Selection of a Special Master

22. Both parties have expressed that a Special Master would be appropriate and helpful for this case. However, the parties have been unable to agree on a candidate for Special Master or the scope of his or her authority. The parties' lead counsel and other members of their legal teams have participated in meet and confer discussions on these issues, as required by Rule 3(b) of the Court's Standing Order and Procedures Re: Civil Motion Practice. Unfortunately, the parties have been unable to reach a compromise on either issue.

23. On June 25, 2021, Bessemer proposed to Fiserv that the Court appoint Mark Willard of Eckert Seamans Cherin & Mellott, LLC as Special Master. Mr. Willard is one of the approved Special Masters on the Western District of Pennsylvania's list of approved special discovery masters and has experience navigating electronic discovery for over a decade.

24. Bessemer's selection was rejected by Fiserv, who proposed their own choice for Special Master, David B. White of Burns White LLC. Fiserv stated that Mr. White had

considerable experience serving as a special master for general discovery and discovery matters in the Western District of Pennsylvania. Fiserv also argued that the Special Master for this case should possess experience with financial institution and/or banking litigation and that Mr. White possessed such experience.

25. Bessemer similarly rejected Fiserv's selection for Special Master. As to Fiserv's preference for a Special Master with banking experience, Bessemer noted that the discovery issues in this case involve commonly litigated contract, tort, and trade secret claims that do not require particularized industry specialization. Moreover, banking industry experience would not assist the Special Master because Bessemer is not a bank. Rather, Bessemer is a federal credit union. It is a not-for-profit, consumer-owned cooperative regulated by the National Credit Union Administration and subject to different rules and regulatory oversight than a bank.

26. During a telephone meet and confer held on October 21, 2021 and again via email on November 10, 2021, Bessemer proposed that in the interest of fairness the parties forego their respective first-choice selections for Special Master and allow the Court to select from the remaining candidates on the approved list of Special Masters in the Western District of Pennsylvania. Bessemer did not receive a response from Fiserv on this proposal for over two weeks.

27. On November 29, 2021, Bessemer circulated a draft Order outlining the scope of the Special Master's authority, which proposed that the Special Master be empowered to decide a variety of discovery issues, including those pertaining to e-discovery, a protective order, production of documents, and objections to production on the basis of attorney-client privilege, among other discovery disputes.

28. On November 30, 2021, Fiserv circulated its own proposed joint motion and Order appointing a Special Master in which they rejected Bessemer's proposal to allow the Court to select the Special Master from the approved list of Western District of Pennsylvania's Special Masters and limited the Special Master's proposed scope of responsibility to merely e-discovery issues.

29. In addition, during a meet and confer held via telephone on December 2, 2021 and via email on December 6, 2021, Fiserv indicated that it was not willing to grant the Special Master the authority proposed by Bessemer. Rather, Fiserv again sought to limit the Special Master's authority to solely that of e-discovery.

30. Accordingly, the parties have reached an impasse with respect to both the selection of the Special Master and the scope of the Special Master's authority to address discovery disputes in this matter.

**A Special Master Should Be Appointed to Address All Discovery Disputes**

31. As set forth above, the Special Master in this case should have the authority to address discovery disputes unrelated to the technical aspects of the e-discovery.

32. Pursuant to FRCP 53, the Court is empowered to appoint a Special Master to address pretrial matters that cannot be addressed effectively and timely by an available District Judge or Magistrate Judge of the district. FRCP 53 also permits the Court to specify the Special Master's powers and provide for the Special Master's compensation. The Rule itself does not place limitations on the scope of a master's directive. *Webster Eisenlohr, Inc. v. Kalodner*, 145 F.2d 316 (3d Cir. 1944). Further, service as a Special Master may consist of a broad range of duties—including the reception of documentary evidence and taking of testimony where credibility based on demeanor of witnesses may be important and ruling on the admissibility of

evidence. *Yascavage v. Weinberger*, 379 F. Supp. 1297, 1974 U.S. Dist. LEXIS 8529, *4 (M.D.P.A. 1974).

33.  Moreover, appointment of a Special Master is appropriate where it can aid the Court in resolving discovery disputes in an expeditious manner. *See Prudential Ins. Co. of Am. v. U.S. Gypsum Co.*, 991 F.2d 1080, 1086-87 (3d Cir. 1993) (noting that utilization of a master would be appropriate to conduct time consuming or detailed tasks that the district court judge or a magistrate judge would be less efficient in performing); *Grider v. Keystone Health Plan Cent., Inc.*, 2005 U.S. Dist. LEXIS 48702, fn. 6 (E.D.P.A. 2005) (holding that "the appointment of a discovery master, who will be in a position to promptly and informally consider the views of the parties . . . and attempt to mediate them, will be an invaluable aid to the overall case management of this matter"); *Glover v. Wells Fargo Home Mortg.*, 629 F. App'x 331, 338 (3d Cir. 2015) (noting that the appointment of masters to participate in pretrial proceedings has developed extensively over the last two decades to aid district courts in managing complex litigation).

34.  Indeed, Courts in this Circuit have appointed Special Masters to oversee and facilitate contentious discovery and address motions to compel discovery. *See United States v. Educ. Mgmt. LLC*, 2013 U.S. Dist. LEXIS 104175, *9 (W.D.P.A. 2013); *Profit Point Tax Techs. v. Dpad Group*, 2021 U.S. Dist. LEXIS 95514, *2 (W.D.P.A. 2021); *MKS Instruments, Inc. v. Advanced Energy Indus.*, 2005 U.S. Dist. LEXIS 56109, *1 (D. Del. 2005).  Further, a Special Master is empowered to determine and review privilege issues. *Exxon Nuclear Co. v. Jersey Cent. Power & Light Co.*, 1980 U.S. Dist. LEXIS 13594, *3 (S.D.N.Y. 1980).

35.  Here, it is clear that the discovery disputes that have already arisen between the parties will go beyond that of e-discovery.  Recent meet and confers indicate that the parties are in imminent need of a Special Master to provide guidance on several threshold issues related to

discovery. For example, Fiserv has indicated that it will move to compel production of information related to a consulting expert that was engaged by Bessemer's outside counsel, which Bessemer asserts is privileged work product material. A Special Master should be appointed to resolve all of the discovery disputes in this matter in the interests of judicial economy, efficiency, and consistency.[2] Empowering a Special Master to streamline the resolution of discovery disputes would avoid both parties contacting the Court on a repeated basis to resolve time-consuming and fact-intensive disputes. In contrast, the scheme proposed by Fiserv, which would result in the Special Master addressing only e-discovery issues and the Court addressing the other discovery disputes, would result in an inefficient process with potentially uncoordinated and contradictory rulings.

36. Accordingly, Bessemer hereby respectfully requests that the Court enter Bessemer's proposed Order appointing a Special Master from the Western District of Pennsylvania's approved list with the authority to address all discovery disputes.

WHEREFORE, Bessemer respectfully request that the Court enter an Order consistent with this Motion.

Dated: December 9, 2021

                                                Respectfully submitted,

                                                */s/ Charles J. Nerko*
                                                Richard J. Parks (PA 40477)
                                                PIETRAGALLO, GORDON, ALFANO,
                                                BOSICK & RASPANTI, LLP
                                                7 West State Street, Suite 100
                                                Sharon, PA 16146
                                                (724) 981-1397
                                                rjp@pietragallo.com

---

[2] Additionally, to the extent any issue is not within the expertise of the Special Master, Bessemer proposes that the Court refer those matters to a Magistrate Judge for determination.

Charles J. Nerko (NY 4764338)
Benjamin M. Wilkinson (NY 4927661)
BARCLAY DAMON LLP
80 State Street
Albany, NY 10020
(518) 429-4200
cnerko@barclaydamon.com
bwilkinson@barclaydamon.com

*Counsel for Plaintiff*
*Bessemer System Federal Credit Union*