# EXHIBIT C

| | |
|---|---|
| **From:** | Wilkinson, Benjamin M. |
| **To:** | Byam-Katzman, Jesse L. |
| **Cc:** | cnerko@barclaydamon.com; rjp@pietragallo.com; jk@pietragallo.com; Wronski, Andy; Stone, Betsy; bbevan@graillaw.com; egrail@graillaw.com |
| **Subject:** | RE: Bessemer System Federal Credit Union v. Fiserv [IWOV-Active.FID3046284] |
| **Date:** | Thursday, November 4, 2021 3:58:43 PM |

**\*\* EXTERNAL EMAIL MESSAGE \*\***

Jesse-

**Security Review**

With respect to the security review, we have reviewed and considered Fiserv's position. It appears that this information is obtainable from data and information already in Fiserv's possession, such as Fiserv's own analysis of Bessemer's test accounts and logs of associated activities. This is clearly more convenient and less burdensome to all parties and would avoid unnecessarily invading Bessemer's attorney work product and relationship with a consulting expert that was engaged by outside counsel. As a result, Bessemer stands by its objections.

**Bessemer's Second RFP**

We have reviewed your November 1st correspondence regarding Bessemer's Second Request for Production. We take issue with your characterizations of the Bessemer's claims, including that they are "manufactured" and "frivolous." The fact remains that Bessemer's fraud, bailment, and punitive damages claims have survived Fiserv's motion to dismiss and are proper subjects of discovery.

We remain open to reaching a reasonable compromise on discovery issues--particularly those that may involve ostensibly privileged communications. Toward that end, we have invited Fiserv to work with us to define mutually agreeable categories of privileged and non-privileged communications.

Bessemer intends to take discovery on the merits of its claims that have survived the motion to dismiss, which includes collecting information requested in Bessemer's Second Request for Production regarding the source and basis for the contrary representations made about Fiserv's deconversion timeline, Fiserv's records return, and other things, as set forth in our October 20th letter.

Additionally, please clarify whether Fiserv intends to withhold any documents responsive to Bessemer's Second Request for Production on the basis of any other objections aside from the attorney-client privilege objection.

We will get back to you early next week on the other issues addressed in your recent correspondence. Thanks,

-Ben

**From:** Byam-Katzman, Jesse L. <jbyam-katzman@foley.com>
**Sent:** Monday, November 1, 2021 2:33 PM
**To:** Wilkinson, Benjamin M. <BWilkinson@barclaydamon.com>
**Cc:** Nerko, Charles J. <CNerko@barclaydamon.com>; rjp@pietragallo.com; jk@pietragallo.com; awronski@foley.com; bstone@foley.com; bbevan@graillaw.com; egrail@graillaw.com
**Subject:** RE: Bessemer System Federal Credit Union v. Fiserv [IWOV-Active.FID3046284]

Charles and Ben:

1. <u>Status Conference Items.</u>

On Thursday, October 21, Charles stated that he would like to take another look at the protective order with a fresh set of eyes and consult with his new colleagues to determine if there is possibility of narrowing the scope of the disputes concerning this document. On Friday, October 22, I provided a copy of the most recent redline of the protective order. Please let us know if Bessemer's positions on the protective order have changed. The entry of a protective order, in our view, has delayed discovery in this case and Defendants are eager to move forward with document productions. Notably, it has been nearly 15 months since Defendants first provided a draft of the protective order and 12 months since Defendants served their first set of discovery requests. Bessemer has not produced a document to date and has refused to answer Defendants' interrogatories.

With respect to special masters, Defendants have proposed David B. White as a special master. Bessemer previously proposed Mark Willard. Both candidates were identified after the parties spent time identifying appropriate candidates for this specific case. Asking the Court to disregard the parties' first choices altogether and choose any other special master from the WDPA special master roster is not something Defendants will agree to. Further, Bessemer's alternative proposal, whereby the parties engage in a blind strike and rank method through a mediator seems unnecessary, time consuming, and will only further delay what should be simple process. Defendants believe the simplest and most efficient method is set forth in the draft motion for status conference—each party submits their proposed candidate and we ask the Court to choose between the two or appoint a different special master if the Court prefers. If Bessemer has another proposal other than Mr. Willard, feel free to list that person on the joint motion and Defendants will consider. We ask that Bessemer identify its proposed special master for submission to the court no later than Thursday, November 4.

On Friday, October 22, I asked for Bessemer's proposal for an amended CMO based on its suggestion of eight months for fact discovery. Please provide this no later than Thursday, November 4.

2. <u>Security Review.</u>

As I mentioned on our October 21 call, we do not agree that the person hired to conduct a brute force attack on Fiserv's systems (the "Security Review") is a consulting expert. Defendants likewise disagree with your position that this person's identity or information relating to the Security Review, including the instructions provided to this person and the specific steps taken to orchestrate and attempt the attack, constitute work product. As I mentioned on our call, (a) this person is a fact witness - he or she was hired to conduct the attack and has intimate and unique knowledge of the same, (b) Bessemer has put the Security Review at issue by alleging that the Security Review revealed purported vulnerabilities (*E.g.* SAC ¶ 59), and (c) the Court's decision denying Bessemer's motion to dismiss counterclaims makes clear that the motivation and purpose behind the attack is ripe for discovery and will be central to

Defendants' counterclaims.  (ECF No. 120 at 19-20.)  Please let us know if Bessemer still refuses to identify the Security Reviewer.  So that there is no misunderstanding, Defendants intend to conduct further discovery of the Security Reviewer, including (assuming the reviewer is a third-party) a document subpoena and deposition.

3. <u>Bessemer's October 20 Letter</u>. My response is attached.

In light of the November 30, 2021 fact discovery deadline and the post fact discovery status conference set for December 9, 2021, these matters require prompt attention.

Thank you,
Jesse

Jesse L. Byam-Katzman

Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
P 414.319.7057

---

**From:** Byam-Katzman, Jesse L.
**Sent:** Friday, October 22, 2021 11:12 AM
**To:** Wilkinson, Benjamin M. <bwilkinson@barclaydamon.com>
**Cc:** cnerko@barclaydamon.com; rjp@pietragallo.com; jk@pietragallo.com; Wronski, Andy <AWronski@foley.com>; Stone, Betsy <BStone@foley.com>; bbevan@graillaw.com; egrail@graillaw.com
**Subject:** RE: Bessemer System Federal Credit Union v. Fiserv [IWOV-Active.FID3046284]

Ben:

Attached is the marked-up draft protective order. Alex Mirkin provided this on July 22 in response to Defendants' July 8 comments and revisions.

In terms of amending the case deadlines, please provide a proposed amended order that reflects the 8 month extension to fact discovery and that is consistent the current order.

I anticipate getting back to you on the other items in your email next week.

Thank you,
Jesse

Jesse L. Byam-Katzman

Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
P 414.319.7057

---

**From:** Wilkinson, Benjamin M. <bwilkinson@barclaydamon.com>
**Sent:** Thursday, October 21, 2021 8:26 PM
**To:** Byam-Katzman, Jesse L. <JByam-Katzman@foley.com>
**Cc:** cnerko@barclaydamon.com; rjp@pietragallo.com; jk@pietragallo.com; Wronski, Andy <AWronski@foley.com>; Stone, Betsy <BStone@foley.com>; bbevan@graillaw.com; egrail@graillaw.com
**Subject:** RE: Bessemer System Federal Credit Union v. Fiserv [IWOV-Active.FID3046284]

**\*\* EXTERNAL EMAIL MESSAGE \*\***

Jesse-

Thank you for the time today. Please allow this email to briefly recap the contents of this afternoon's call.

We initially discussed the issues raised in the draft joint motion for a status conference, which included the content of the protective order governing discovery, the selection of a special master for discovery, and amendments to current the discovery schedule.  As discussed, please provide a copy your most recent version of the protective order and we will review in an attempt to narrow the issues that remain in dispute. With respect to the selection of a special master, it appears that the parties cannot agree on their first choice for special master.  As a result, in the interest of fairness, we proposed that the Court select the special master from the list of approved special masters in the Western District of Pennsylvania—after removing the parties' first choices.  We also proposed potentially using a blind strike and rank method to select a special master, with the selection process administered by the mediator. You indicated that you would consider these proposals and get back to us.  With respect to the discovery schedule in the case management order, we agree that the schedule must be amended and proposed moving the schedule's deadlines by 8 months.  In response, you indicated that would digest our proposal and get back to us.

We also discussed Fiserv's request for the identity of the consulting expert that conducted the security review.  You indicated that at this stage, Fiserv is only seeking the identity of the individual who conducted the security review and that it is understood that Bessemer will likely assert privilege, work product, and consulting expert claims over communications with the consulting expert and other aspects of the consulting expert's work.  We indicated that we would consult with our client regarding disclosing the identity of the consultant and get back to you.

Lastly, we discussed our letter dated September 20th letter, which outlined deficiencies in Fiserv's responses to Bessemer's second request for production.  As stated in our letter, our position is that the requests are highly relevant to claims that have survived two dispositive motions and that the <u>Kickflip</u> case provides a balanced approached for allowing discovery on discrete topics involving attorney communications, while

allowing privilege to be asserted as to remaining communications.  We requested that we try to work an understanding of categories subject to disclosure in accordance with Kickflip's balanced approach. You indicated that you would review the arguments raised in our letter, and the Kickflip category-based approach, and respond next week.

Thanks,

-Ben

---

**From:** Wilkinson, Benjamin M.
**Sent:** Wednesday, October 20, 2021 2:42 PM
**To:** Byam-Katzman, Jesse L. <jbyam-katzman@foley.com>
**Cc:** Nerko, Charles J. <CNerko@barclaydamon.com>; rjp@pietragallo.com; jk@pietragallo.com; awronski@foley.com; bstone@foley.com; bbevan@graillaw.com; egrail@graillaw.com
**Subject:** RE: Bessemer System Federal Credit Union v. Fiserv [IWOV-Active.FID3046284]

Jesse-

Attached please find correspondence addressing Fiserv's objections to Bessemer's second set of requests for production. I will circulate a dial-in momentarily.  Thank you,

-Ben

**From:** Byam-Katzman, Jesse L. <jbyam-katzman@foley.com>
**Sent:** Monday, October 18, 2021 8:24 PM
**To:** Wilkinson, Benjamin M. <BWilkinson@barclaydamon.com>
**Cc:** Nerko, Charles J. <CNerko@barclaydamon.com>; rjp@pietragallo.com; jk@pietragallo.com; awronski@foley.com; bstone@foley.com; bbevan@graillaw.com; egrail@graillaw.com
**Subject:** RE: Bessemer System Federal Credit Union v. Fiserv [IWOV-Active.FID3046284]

Ben:

Thanks for following up. We are available to meet and confer on Thursday from 2:30pm - 3:30 pm ET regarding the motion for status conference and outstanding discovery relating to Bessemer's security review. With respect to Bessemer's discovery requests and Defendants' responses to the same, Bessemer served approximately 260 requests and we have not received any indication as to which requests you and Charles would like to discuss. As a result, if time permits, we are happy to listen to Bessemer's position, but it is unlikely we will be prepared to resolve any issues on Thursday.

Please circulate a dial-in at your convenience.

Thank you,
Jesse

Jesse L. Byam-Katzman

Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
P 414.319.7057

---

**From:** Wilkinson, Benjamin M. <bwilkinson@barclaydamon.com>
**Sent:** Friday, October 15, 2021 3:31 PM
**To:** Byam-Katzman, Jesse L. <JByam-Katzman@foley.com>
**Cc:** cnerko@barclaydamon.com; rjp@pietragallo.com; jk@pietragallo.com; Wronski, Andy <AWronski@foley.com>; Stone, Betsy <BStone@foley.com>; bbevan@graillaw.com; egrail@graillaw.com
**Subject:** RE: Bessemer System Federal Credit Union v. Fiserv [IWOV-Active.FID3046284]

**\*\* EXTERNAL EMAIL MESSAGE \*\***
Jesse-

In follow-up to our emails from last week, we're available to meet and confer on these issues on Thursday (10/21) from 1:00-3:30 and on Friday (10/22) at or after 1:00.  Please let us know what is convenient for you.  During this time, we expect to meet and confer regarding Fiserv's objections to Bessemer's second set of requests for production.

Please note that other discovery issues are unresolved and will require further meet and confers, and Bessemer continues to reserve all rights.

Thanks,

-Ben

**From:** Byam-Katzman, Jesse L. <jbyam-katzman@foley.com>
**Sent:** Friday, October 8, 2021 2:49 PM
**To:** Wilkinson, Benjamin M. <BWilkinson@barclaydamon.com>; awronski@foley.com; bstone@foley.com; bbevan@graillaw.com; egrail@graillaw.com
**Cc:** Nerko, Charles J. <CNerko@barclaydamon.com>; rjp@pietragallo.com; jk@pietragallo.com
**Subject:** RE: Bessemer System Federal Credit Union v. Fiserv [IWOV-Active.FID3046284]

Thank you, Ben. Please remove Defendants' signature block and then feel free to file.

Jesse L. Byam-Katzman

Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
P 414.319.7057

---

**From:** Wilkinson, Benjamin M. <bwilkinson@barclaydamon.com>
**Sent:** Friday, October 8, 2021 1:34 PM
**To:** Byam-Katzman, Jesse L. <JByam-Katzman@foley.com>; Wronski, Andy <AWronski@foley.com>; Stone, Betsy <BStone@foley.com>; bbevan@graillaw.com; egrail@graillaw.com
**Cc:** cnerko@barclaydamon.com; rjp@pietragallo.com; jk@pietragallo.com
**Subject:** RE: Bessemer System Federal Credit Union v. Fiserv [IWOV-Active.FID3046284]

**\*\* EXTERNAL EMAIL MESSAGE \*\***

Jesse-

Please see the attached revised papers and confirm that we have your consent. Thanks,

-Ben

**From:** Byam-Katzman, Jesse L. <jbyam-katzman@foley.com>
**Sent:** Friday, October 8, 2021 1:15 PM
**To:** Wilkinson, Benjamin M. <BWilkinson@barclaydamon.com>; awronski@foley.com; bstone@foley.com; bbevan@graillaw.com; egrail@graillaw.com
**Cc:** Nerko, Charles J. <CNerko@barclaydamon.com>; rjp@pietragallo.com; jk@pietragallo.com
**Subject:** RE: Bessemer System Federal Credit Union v. Fiserv [IWOV-Active.FID3046284]

Ben:

Please revise to reflect that this is an unopposed motion rather than a joint motion. Thank you.

Jesse

Jesse L. Byam-Katzman

Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
P 414.319.7057

---

**From:** Wilkinson, Benjamin M. <bwilkinson@barclaydamon.com>
**Sent:** Friday, October 8, 2021 12:12 PM
**To:** Byam-Katzman, Jesse L. <JByam-Katzman@foley.com>; Wronski, Andy <AWronski@foley.com>; Stone, Betsy <BStone@foley.com>; bbevan@graillaw.com; egrail@graillaw.com
**Cc:** cnerko@barclaydamon.com; rjp@pietragallo.com; jk@pietragallo.com
**Subject:** RE: Bessemer System Federal Credit Union v. Fiserv [IWOV-Active.FID3046284]

**\*\* EXTERNAL EMAIL MESSAGE \*\***

Jesse-

Thanks. Do we have your consent to e-sign the attached joint motion on your behalf?

-Ben

**From:** Byam-Katzman, Jesse L. <jbyam-katzman@foley.com>
**Sent:** Friday, October 8, 2021 11:58 AM
**To:** Wilkinson, Benjamin M. <BWilkinson@barclaydamon.com>; awronski@foley.com; bstone@foley.com; bbevan@graillaw.com; egrail@graillaw.com
**Cc:** Nerko, Charles J. <CNerko@barclaydamon.com>; rjp@pietragallo.com; jk@pietragallo.com
**Subject:** RE: Bessemer System Federal Credit Union v. Fiserv [IWOV-Active.FID3046284]

Ben:

Nice to meet you. We agree to a one-week extension for Bessemer to file its reply to Fiserv Solutions' counterclaim.

I look forward to receiving a response from your team next week on the motion for status conference and Bessemer's discovery responses. With respect to the latter, my previous email to Charles requested that Bessemer provide information relating to the "Security Review" (pasted below). Although we did not request a meet and confer on this subject, we are happy to schedule one.

Thank you,

Jesse
_____

Charles and Alex:

The Court's recent ruling on Bessemer's motion to dismiss counterclaims makes clear that discovery on Bessemer's brute-force attack on Fiserv Solutions' Virtual Branch platform and the motivations behind the attack will be required: "Discovery is necessary before this Court can ascertain the actions leading up to, and involved in, the 'security review,' the motivations behind it, and the information that was ultimately accessed as a result of the 'review.'" (ECF No. 120 at 19-20.)

Defendants served discovery on this topic and requested that Bessemer identify the person(s) hired to conduct the attack. Bessemer did not identify the individuals involved in the attack and only stated "a consulting expert who was engaged by Bessemer's counsel conducted the security review." (Bessemer Supp. Resp. Rog No. 9.) Defendants also sought information on the specific steps taken to perform the attack and the documents generated in connection with the attack. Bessemer likewise refused to provide any information. (*Id*., Rog No. 10)

Defendants are entitled to discovery on this event, including the identity of the individual hired to conduct the attack. Regardless of how this person was hired, he or she was involved in the facts underlying this claim and is therefore an essential fact witness. The attacker's identity along with the identity of any other individuals involved will be required for purposes of third-party discovery and negotiating search terms. Defendants ask that Bessemer promptly provide this information.

There are a number of unresolved issues concerning deficiencies in Bessemer's discovery responses that will likely require further meet and confers, and Defendants reserve all their rights. The identity of the attack, however, is an issue that can be and should be resolved now.
_____

Jesse L. Byam-Katzman

Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
P 414.319.7057

---

**From:** Wilkinson, Benjamin M. <bwilkinson@barclaydamon.com>
**Sent:** Thursday, October 7, 2021 3:42 PM
**To:** Byam-Katzman, Jesse L. <JByam-Katzman@foley.com>; Wronski, Andy <AWronski@foley.com>; Stone, Betsy <BStone@foley.com>; bbevan@graillaw.com; egrail@graillaw.com
**Cc:** cnerko@barclaydamon.com; rjp@pietragallo.com; jk@pietragallo.com
**Subject:** Bessemer System Federal Credit Union v. Fiserv [IWOV-Active.FID3046284]

**\*\* EXTERNAL EMAIL MESSAGE \*\***

Jesse,

I am one of the attorneys who will be representing Bessemer. I look forward to working with you.

I'm writing to request a one-week extension through October 18 for Bessemer to respond to Fiserv's counterclaims. The original due date of October 11 falls on a court holiday, and our office will be closed. In addition, the file transfer from our client's prior firm is still pending. Please let me know if we have Fiserv's consent at your earliest convenience.

We expect to get back to you next week on the joint motion for a discovery status conference and to schedule the discovery meet and confer you requested. Thanks,

-Ben


## Benjamin M. Wilkinson

Counsel


80 State Street • Albany, NY 12207
D: (518) 429-4264 • F: (518) 427-3473 • C: (845) 797-8914
E: BWilkinson@barclaydamon.com

www.barclaydamon.com • vCard • Profile

This electronic mail transmission is intended only for the use of the individual or entity to which it is addressed and may contain confidential information belonging to the sender which is protected by the attorney-client privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by e-mail and delete the original message.

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited,

and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.