# EXHIBIT "B"

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BESSEMER SYSTEM FEDERAL CREDIT UNION,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:19-cv-00624-RJC |
| | ) | |
| **FISERV SOLUTIONS, LLC, f/k/a FISERV SOLUTIONS, INC., and FISERV, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST AMENDMENTS TO RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF DISCOVERY REQUESTS

Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure and Local Rules 26.2, 33, 34 and 36, and the Court's Amended Case Management Order dated March 26, 2021, Plaintiff Bessemer System Federal Credit Union ("Bessemer"), by and through its undersigned attorneys, hereby objects and responds to Defendants Fiserv Solutions, LLC, f/k/a Fiserv Solutions, Inc., and Fiserv, Inc.'s ("Fiserv") First Set of Discovery Requests to the Plaintiff, dated November 9, 2020, as follows:

### PRELIMINARY STATEMENT

1.      Plaintiff's investigation and development of all facts and circumstances relating to this action are ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents in any subsequent proceeding, hearing or at trial.

2.      Plaintiff make the responses and objections herein without in any way implying that they consider the responses thereto to be relevant or material to the subject matter of this action.

3.      Plaintiff objects to the Requests to the extent they seek or imply legal conclusions, or would require Plaintiff to reach a legal conclusion in order to prepare a response.

4.      Plaintiff expressly reserves the right to supplement, clarify, revise or correct the responses and objections herein, and to assert additional objections or privileges, in any supplemental response(s).

5.      Plaintiff has made its best effort to address each of the requests reasonably notwithstanding their breadth and vagueness, and is prepared to discuss and further explain the objections presented herein with counsel for Defendants for the purpose of resolving any disputes which may arise without the need for intervention by the Court.

## **GENERAL OBJECTIONS**

Bessemer incorporates the following General Objections into Bessemer's responses and objections to each individual discovery request as if set forth fully therein. Bessemer will be withholding responsive information and materials on the basis of these objections:

1.      Bessemer objects to the discovery requests as disproportionate, overbroad, and unduly burdensome because they purport to impose obligations beyond governing case law, orders of the Court, the Federal Rules of Civil Procedure, and the Court's Local Rules. In particular, Bessemer objects to Instruction Nos. 1, 4, and 5 on this ground.  Bessemer will construe these in accordance with applicable law, including principles of reasonableness and proportionality in discovery.

a.   **Amendments to Objection:**  The foregoing objection only applies to the following identified portions of Instruction Nos. 1, 4, and 5.  Bessemer objects to Instruction Nos. 1 because it purports to require the production of documents not identified through a proportional search, as well as it purports to require the

production of documents from Bessemer's "attorneys" and anyone "directly or indirectly employed or connected with Bessemer." Bessemer objects to Instruction No. 4 because it purports to require Bessemer to provide a written response on a request-by-request basis if no responsive materials exist. Bessemer objects to Instruction No. 5 because it purports Bessemer to "immediately communicate[]" information to Fiserv. Bessemer will comply with applicable law when responding to discovery requests, and construe the foregoing instructions in accordance with applicable law.

2.      Bessemer objects to the discovery requests to the extent that they seek disclosure of materials or information that is protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest doctrine, the financial institution examination privilege, immunities and privileges for media source materials, or any other recognized privilege, immunity, or protection provided by applicable laws or orders of the Court. Bessemer excludes from its responses information or materials subject to such privileges, immunities, or protections. Any disclosure of such information or materials is inadvertent and not intended to waive any privilege, immunity, or protection. If any information or materials are inadvertently disclosed, Bessemer demands that Fiserv notify Bessemer, not use any such information or materials, and cooperate with Bessemer in their return or destruction.

3.      Subject to the other objections set forth herein, Bessemer will use reasonable diligence to obtain responsive information and materials in its possession, custody, or control. Any search of electronically stored information will be from Bessemer's primary sources of non-duplicative electronically stored information actively used in the ordinary course of business, to consist of the bessfcu.com email accounts of its custodians and Bessemer's document archives.

Bessemer will exclude information and materials from other sources, including non-primary sources of electronically stored information (including deleted, shadowed, fragmented, residual, or non-apparent electronically stored information as well as systems and media intended for disaster recovery purposes or no longer used as part of normal business operations) because such information is not reasonably accessible, not proportionate to any legitimate need, burdensome and oppressive to search or produce, and likely duplicative of information available from more readily accessible sources.

4.      As part of a proportional search, Bessemer may employ email threading, deduplication, and search terms to identify items which are potentially responsive or that should be excluded from production. Bessemer objects to searching for information or materials not reasonably identified by proportional search methodologies, including voicemails and other items not in text-based form.

a.      **Amendments to Objection:**  The parties are meeting and conferring on an applicable protocol, and Bessemer will provide its search terms and parameters.

5.      Bessemer objects to the discovery requests because they purport to require the disclosure of confidential or sensitive information without a protective order being in place. To the extent that applicable law bars the disclosure of any information or materials, Bessemer will meet and confer with Fiserv.

6.      Bessemer objects to the requests as unduly burdensome and disproportionate to the needs of the case to the extent that they purport to require the organization or labeling of any materials, or the production or conversion of materials into a specific format. Copies of responsive materials will be produced as they are kept in the usual course of business or in other

reasonably usable forms given the nature of the materials to be produced and the proportional needs of the case.

7.      Bessemer's responses are not a representation as to the accuracy of any statement or characterization contained in the discovery requests nor an admission that any particular information or materials do or do not exist, unless expressly set forth in a response to a request for admission. Based on the need to meet and confer regarding the discovery requests, Bessemer's search for responsive materials and information is not yet complete. Accordingly, statements that responsive materials will be withheld may reflect Bessemer's anticipation that an objection likely would apply to some materials. They should not be construed admissions that any particular information or materials exist or have been specifically identified and withheld.

8.      Bessemer will not search for or produce information or materials that are already in Fiserv's possession, custody, or control, including materials that reside on cloud-based storage locations controlled by Fiserv. Requiring Bessemer to search for or produce materials or information that are cumulative, duplicative, or more readily available from other sources would be unnecessarily burdensome and disproportionate to any legitimate need.

   a.  **Amendments to Objection:**  Bessemer currently anticipates withholding only those materials that reside on cloud-based storage locations provisioned by Fiserv. Bessemer will meet and confer with Fiserv if it anticipates withholding any further materials on the basis of this objection.

9.      Bessemer objects to Definition No. 3 as vague, ambiguous, and unduly burdensome. Bessemer will construe the defined terms as referring to Bessemer System Federal Credit Union and any authorized person acting on its behalf.

10.     Bessemer objects to Definition No. 6 as vague, ambiguous, and unduly burdensome. Bessemer will construe the defined terms as referring to CompuSource Systems, Inc. and its present and former officers, employees, and disclosed agents.

11.     Bessemer objects to the requests because they do not allow a reasonable time for Bessemer to search for or produce materials or information, particularly in light of public health and other limitations imposed by the ongoing COVID-19 pandemic and the need for counsel to meet and confer. Bessemer will make a reasonable, good faith effort to produce materials consistent with its objections within a mutually agreeable time.

   a.   **Amendments Objection:**  The parties are negotiating discovery protocols and stipulations.  Bessemer will make a reasonable, good faith effort to produce materials consistent with its objections and in accordance with those protocols and stipulations within a mutually agreeable time.  The COVID-19 pandemic has sometimes resulted in unexpected absences or unavailability of personnel. Bessemer does not anticipate withholding any responsive materials based on the pandemic and thanks Fiserv for its anticipated understanding and cooperation if any pandemic-related delays occur.

### REQUESTS FOR ADMISSION

**REQUEST TO ADMIT NO. 1:** Admit that Bessemer is not in a contractual relationship with Fiserv, Inc.

   **RESPONSE**: In addition to its General Objections, Bessemer objects to this demand as seeking information that is not relevant to any party's claim or defense and proportional to the needs of the case. Subject to and without waiving these objections, Bessemer admits that Fiserv, Inc. is not a signatory to the Master Agreement, though Fiserv, Inc. did render some aspects of

In addition to the General Objections, Bessemer objects to this interrogatory because it is overly broad, unduly burdensome, premature, and seeking information not proportional to the needs of the case.  Fiserv has not yet provided any discovery in this action.  And Fiserv Solutions has refused to produce to Bessemer evidence pertaining information security that Fiserv Solutions was required to furnish pursuant to the Master Agreement's audit provision.  Thus, the scope and impact of the referenced security vulnerability requires further discovery from Fiserv, as Fiserv has control over or adequate access to much of the evidence of its alleged misconduct, and many facts pertaining to this security vulnerability are in Fiserv's peculiar or exclusive knowledge. As a consequence, this interrogatory involves much burden without any benefit to the proportional resolution of this action.  Rather, this interrogatory is calculated to prejudice Bessemer by unfairly and prematurely locking Bessemer into certain legal positions at the outset of discovery, in an apparent effort to artificially narrow the issues at hand. Moreover, propounding contention interrogatories at the outset of discovery is disproportionate to any legitimate need insofar as it purports to require costly and burdensome repeated supplementation as Bessemer receives discovery from Fiserv.  *See, e.g.*, *United States v. Educ. Mgmt. LLC*, 2013 U.S. Dist. LEXIS 104176, at *64-*79 (W.D. Pa. May 14, 2013), *adopted*, 2013 U.S. Dist. LEXIS 102549, at *24-25 (W.D. Pa. July 23, 2013).

Bessemer objects to this interrogatory because it seeks prematurely information that is the subject of expert discovery.

**INTERROGATORY NO. 9:** Identify every person (including counsel) involved in any way in the Security Review and describe the specific role played by each such person in the conducting of the Security Review.

**RESPONSE**:

In addition to the General Objections, Bessemer objects to this interrogatory because it is overly broad, unduly burdensome, and seeking information not relevant to the parties' claims or defenses and not proportional to the needs of the case. Bessemer further objects to the interrogatory as seeking information protected by the attorney-client privilege, work product doctrine, and the financial institution examination privilege.

**Amendments to Response:** Subject to its objections, and without intending a waiver of its privileges and work product protections, Bessemer states that a consulting expert who was engaged by Bessemer's counsel conducted the security review.

**INTERROGATORY NO. 10:** Describe in detail how the individual steps of the Security Review were performed by Bessemer or its agents and what reports, analyses, or data were produced as a result of or in conjunction with the Security Review.

**RESPONSE**:

In addition to the General Objections, Bessemer objects to this interrogatory because it is overly broad, unduly burdensome, and seeking information not relevant to the parties' claims or defenses and not proportional to the needs of the case, particularly as Fiserv's counterclaim alleges that it has created logs of the Security Review's activities and that the Security Review occurred on a Fiserv-hosted system provisioned for use by Bessemer, so the burden of deriving or ascertaining the answer will be substantially the same for Fiserv. Bessemer further objects to the interrogatory as seeking information protected by the attorney-client privilege, work product doctrine, and the financial institution examination privilege.

**INTERROGATORY NO. 11:** With respect to Paragraph 74 of the SAC, identify all "information about [Fiserv Solutions'] security problems" that Bessemer claims Fiserv Solutions failed to disclose or suppressed and, describe in detail, every act and omission by which Bessemer alleges that Fiserv Solutions "suppressed" such information.

**RESPONSE**:

**REQUEST NO. 20:** All documents supporting, refuting, or relating to the allegations in Paragraph 49 of the SAC.

> **RESPONSE**: Subject to its objections, Bessemer will produce copies of any non-
>
> privileged, responsive documents.

**REQUEST NO. 21:** All documents reflecting or relating to communications between Bessemer (or its counsel) and any representative of *Krebs on Security* relating in any way to Fiserv Solutions.

> **RESPONSE**:  In addition to the General Objections, Bessemer objects to this request as
>
> seeking information protected by the financial institution examination privilege, the
>
> attorney-client privilege, the work product doctrine, and immunities and privileges for
>
> media source materials.  Bessemer further objects to this request as overly broad, unduly
>
> burdensome, vexatious, harassing, oppressive, and as seeking information not relevant to
>
> the claims and defenses and not proportional to the needs of the case, including by
>
> encompassing communications with a member of the press who likely has no first-hand
>
> personal knowledge of the events at issue in this action.  Bessemer will be withholding
>
> responsive materials on the basis of these objections.

**REQUEST NO. 22:** All documents reflecting or relating to the notification, and any related correspondence or communications, of Bessemer by Fiserv Solutions alleged in Paragraph 56 of the SAC.

> **RESPONSE**: Subject to its objections, Bessemer will produce copies of any non-
>
> privileged, responsive documents.

**REQUEST NO. 23:** All documents connecting the "security review" that Bessemer alleges in Paragraph 58 of the SAC to the *Krebs on Security* article alleged in Paragraph 51 of the SAC.

> **RESPONSE**: In addition to the General Objections, Bessemer objects to this request as
>
> seeking information protected by the financial institution examination privilege, the
>
> attorney-client privilege, and the work product doctrine.  Bessemer further objects to this
>
> request as overly broad, unduly burdensome, and as seeking information not relevant to

the claims and defenses and not proportional to the needs of the case.  The request is vague, ambiguous, and not susceptible to a response as it is unclear what "connecting" between the events is being referenced.  Bessemer will be withholding responsive materials on the basis of these objections.

**Amendments to Response:** Subject to its objections, Bessemer will produce copies of any non-privileged, responsive documents.

**REQUEST NO. 24:** All documents relating to the Security Review.

**RESPONSE**: In addition to the General Objections, Bessemer objects to this request as seeking information protected by the financial institution examination privilege, the attorney-client privilege, and the work product doctrine.  Bessemer further objects to this request as overly broad, unduly burdensome, and as seeking information not relevant to the claims and defenses and not proportional to the needs of the case.  Bessemer will be withholding responsive materials on the basis of these objections.

**Amendments to Response:** Subject to its objections, Bessemer will produce copies of any non-privileged, responsive documents.

**REQUEST NO. 25:** All documents, data, reports, or analyses generated by Bessemer or its agents in connection with the Security Review.

**RESPONSE**: In addition to the General Objections, Bessemer objects to this request as seeking information protected by the financial institution examination privilege, the attorney-client privilege, and the work product doctrine.  Bessemer further objects to this request as overly broad, unduly burdensome, and as seeking information not relevant to the claims and defenses and not proportional to the needs of the case.  Bessemer will be withholding responsive materials on the basis of these objections.

**Amendments to Response:** Subject to its objections, Bessemer will produce copies of any non-privileged, responsive documents.

**REQUEST NO. 26:** All voicemails that Fiserv Solutions personnel left for Bessemer personnel with respect to the Security Review.

**RESPONSE**: In addition to the General Objections, Bessemer objects to this request as overly broad, unduly burdensome, oppressive, and as seeking information not relevant to the claims and defenses and not proportional to the needs of the case.  Fiserv is aware of the contents of the communications it made, and this request seeks information already in Fiserv's possession.  Further, the counterclaims (which are subject to a *sub judice* motion to dismiss) concern Bessemer's alleged refusal to answer Fiserv's calls and to timely convey information to Fiserv, not the specific content of voicemails Fiserv left for Bessemer.  Producing voicemails imposes unique burdens over other forms of written communications and is not proportionate to any legitimate need.  Bessemer will be withholding responsive materials on the basis of these objections.

**Amendments to Response:** Bessemer has provided amended RFA answers above admitting the content of these communications.

**REQUEST NO. 27:** All documents reflecting or relating to any communications between Fiserv Solutions and Bessemer relating to the Security Review.

**RESPONSE**: Subject to its objections, Bessemer will produce copies of any non-privileged, responsive documents.

**REQUEST NO. 28:** All documents reflecting or relating to any communications between Bessemer and any third party relating to the Security Review.

**RESPONSE**: In addition to the General Objections, Bessemer objects to this request as seeking information protected by the financial institution examination privilege, the attorney-client privilege, and the work product doctrine.  Bessemer further objects to this

request as overly broad, unduly burdensome, vexatious, harassing, oppressive, and as

seeking information not relevant to the claims and defenses and not proportional to the

needs of the case, including by encompassing communications with individuals who have

no relationship or involvement with the events at issue in this action.  Bessemer will be

withholding responsive materials on the basis of these objections.   Subject to its

objections, Bessemer will produce copies of any non-privileged, responsive

communications with Fiserv relating to the Security Review.

**REQUEST NO. 29:** All documents supporting, refuting, or relating to the allegations in Paragraph 71 of the SAC, including any documents in which "Fiserv issued threats to others who have discovered or reported security vulnerabilities, in an effort to conceal these problems from affected financial institutions and consumers."

> **RESPONSE**: Subject to its objections, Bessemer will produce copies of any non-
>
> privileged, responsive documents.

**REQUEST NO. 30:** All documents reflecting or relating to the "increased costs" that Bessemer alleges to have incurred in Paragraph 76 of the SAC.

> **RESPONSE**: Subject to its objections, Bessemer will produce copies of any non-
>
> privileged, responsive documents.

**REQUEST NO. 31:** With respect to the allegations of Paragraph 79, all documents and correspondence reflecting or relating to every reimbursement that Bessemer has made, or that a member has requested that Bessemer make, with respect to any "fraudulent transactions" that Bessemer contends were caused by any act or omission of Fiserv Solutions.

> **RESPONSE**: Subject to its objections, Bessemer will produce copies of any non-
>
> privileged, responsive documents.

**REQUEST NO. 32:** All documents relating to the policies and procedures Bessemer has implemented to conduct the "constant surveillance and increased vigilance" that Bessemer alleges in Paragraph 79 of the SAC.

> **RESPONSE**: Subject to its objections, Bessemer will produce copies of any non-
>
> privileged, responsive documents.

**RESPONSE**: Subject to its objections, Bessemer will produce copies of any non-

privileged, responsive documents sufficient to show this information.

**REQUEST NO. 74:** Documents sufficient to show when Bessemer first began to consider or evaluate deconversion from Fiserv Solutions.

**RESPONSE**: Subject to its objections, Bessemer will produce copies of any non-

privileged, responsive documents sufficient to show this information.

**REQUEST NO. 75:** All documents relating to Bessemer's decision not to renew the Master Agreement and to replace Fiserv Solutions as its processing vendor.

**RESPONSE**: Subject to its objections, Bessemer will produce copies of any non-

privileged, responsive documents.

**REQUEST NO. 76:** All documents relating to Bessemer's decision to "terminate" the Master Agreement on or about April 11, 2018.

**RESPONSE**: Subject to its objections, Bessemer will produce copies of any non-

privileged, responsive documents.

**REQUEST NO. 77:** All minutes, agendas, presentations, updates, or other documents provided to or created by or for Bessemer's board of directors, or prepared in conjunction with a meeting of Bessemer's board of directors that mention or relate to Fiserv Solutions, the Master Agreement, the decision not to renew the Master Agreement, the decision to terminate the Master Agreement, the decision to conduct the Security Review, the Security Review, the solicitation of new processing vendors, the retention of CompuSource, the timing and date of the deconversion, the deconversion, initiation of the Replevin Action, dismissal of the Replevin Action, or the initiation of this litigation.

**RESPONSE**: In addition to the General Objections, Bessemer objects to this request as

overly broad, unduly burdensome, vexatious, harassing, oppressive, and as seeking

information not relevant to the claims and defenses and not proportional to the needs of

the case and seeking materials protected by the work product doctrine.  Bessemer's Board

of Directors serves on a volunteer basis in support of Bessemer's not-for-profit,

consumer-service mission and has delegated Bessemer's operational functions to

Bessemer's managerial employees.  Communications with as well as the intent, state of

mind, and subjective understanding of any volunteer board member of Bessemer is not relevant to any claim or defense nor proportional to any legitimate need.  Further, any documents created by volunteer board members are not in Bessemer's possession, custody, or control.  Bessemer will be withholding responsive materials on the basis of these objections.

**Amendments to Response:** Fiserv's May 6, 2021 correspondence states that Fiserv is not seeking materials in the possession, custody, or control of individual Bessemer board members.  Subject to its objections, Bessemer will produce copies of any non-privileged, responsive documents that were created by or provided to a Bessemer employee.

**REQUEST NO. 78:** All documents relating to Bessemer's proposed deconversion from Fiserv Solutions.

**RESPONSE**: Subject to its objections, Bessemer will produce copies of any non-privileged, responsive documents.

**REQUEST NO. 79:** All voicemails that Fiserv Solutions personnel left for Bessemer personnel with respect to Bessemer's deconversion from Fiserv Solutions.

**RESPONSE**:  In addition to the General Objections, Bessemer objects to this request as overly broad, unduly burdensome, oppressive, and as seeking information not relevant to the claims and defenses and not proportional to the needs of the case.  Fiserv is aware of the contents of the communications it made, and this request seeks information already in Fiserv's possession.  Producing voicemails imposes unique burdens over other forms of written communications and is not proportionate to any legitimate need.  Bessemer will be withholding responsive materials on the basis of these objections.

**Amendments to Response:** Bessemer has provided amended RFA answers above admitting the content of these communications.

**RESPONSE**: Subject to its objections, Bessemer will produce copies of any non-

privileged, responsive documents.

**REQUEST NO. 92:** All documents supporting, refuting, or relating to the contention that, as of October 19, 2018, Bessemer could have achieved Bessemer's deconversion sooner than June 1, 2019.

**RESPONSE**: Subject to its objections, Bessemer will produce copies of any non-

privileged, responsive documents.

**REQUEST NO. 93:** All documents identifying any processing vendor that Bessemer asserts could have, as of October 19, 2018, completed Bessemer's deconversion sooner than June 1, 2019.

**RESPONSE**: Subject to its objections, Bessemer will produce copies of any non-

privileged, responsive documents.

**REQUEST NO. 94:** All documents reflecting or relating to communications between Bessemer and Experian with respect to the credit reporting file issues alleged in Paragraphs 180-188 of the SAC.

**RESPONSE**: Subject to its objections, Bessemer will produce copies of any non-

privileged, responsive documents.

**REQUEST NO. 95:** All documents reflecting or relating to communications between Bessemer and the National Credit Union Association that mention or relate to Fiserv Solutions, the Master Agreement, the decision not to renew the Master Agreement, the decision to terminate the Master Agreement, the decision to conduct the Security Review, the Security Review, Bessemer's solicitation of new processing vendors, the retention of CompuSource, the timing and date of the deconversion, the deconversion, initiation of the Replevin Action, dismissal of the Replevin Action, or the initiation of this litigation.

**RESPONSE**:  In responding to this request, Bessemer construes "National Credit Union

Association" to refer to the "National Credit Union Administration," the federal

government agency that conducts supervisory examinations of Bessemer.  In addition to

the General Objections, Bessemer objects to this request as seeking information protected

by the financial institution examination privilege, the attorney-client privilege, the

common interest doctrine, and the work product doctrine.  Bessemer further objects to

this request as overly broad, unduly burdensome, vexatious, harassing, oppressive, and as

seeking information not relevant to the claims and defenses and not proportional to the

needs of the case.  Bessemer will be withholding responsive materials on the basis of

these objections.

**REQUEST NO. 96:** All documents reflecting or relating to communications between Bessemer and any other state or federal regulator that mention or relate to Fiserv Solutions, the Master Agreement, the decision not to renew the Master Agreement, the decision to terminate the Master Agreement, the decision to conduct the Security Review, the Security Review, Bessemer's solicitation of new processing vendors, the retention of CompuSource, the timing and date of the deconversion, the deconversion, initiation of the Replevin Action, dismissal of the Replevin Action, or the initiation of this litigation.

> **RESPONSE**: In addition to the General Objections, Bessemer objects to this request as
>
> seeking information protected by the financial institution examination privilege, the
>
> attorney-client privilege, the common interest doctrine, and the work product doctrine.
>
> Bessemer further objects to this request as overly broad, unduly burdensome, vexatious,
>
> harassing, oppressive, and as seeking information not relevant to the claims and defenses
>
> and not proportional to the needs of the case.  Bessemer will be withholding responsive
>
> materials on the basis of these objections.

**REQUEST NO. 97:** All documents evidencing or relating to the damages Bessemer claims to have suffered in Paragraph 219 of the SAC.

> **RESPONSE**: Subject to its objections, Bessemer will produce copies of any non-
>
> privileged, responsive documents.

**REQUEST NO. 98:** All documents evidencing or relating to the damages Bessemer claims to have suffered in Paragraph 260 of the SAC.

> **RESPONSE**: Subject to its objections, Bessemer will produce copies of any non-
>
> privileged, responsive documents.

**REQUEST NO. 99:** All documents evidencing or relating to the damages Bessemer claims to have suffered in Paragraph 300 of the SAC.