UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

**BESSEMER SYSTEM FEDERAL CREDIT UNION, on behalf of itself and its members**,

                Plaintiff,

vs.

**FISERV SOLUTIONS, LLC, f/k/a FISERV SOLUTIONS, INC., and FISERV, INC.**,

                Defendants.

Case No. 2:19-cv-00624-RJC

---

# MEMORANDUM OF LAW IN SUPPORT OF BESSEMER'S MOTION TO COMPEL FISERV TO LOG COMMUNICATIONS AFTER JUNE 30, 2019

Charles J. Nerko (NY 4764338)
Benjamin M. Wilkinson (NY 4927661)
Sarah A. O'Brien (*pro hac vice* to be filed)
BARCLAY DAMON LLP
80 State Street
Albany, NY 10020
(518) 429-4200
cnerko@barclaydamon.com
bwilkinson@barclaydamon.com
sobrien@barclaydamon.com

Richard J. Parks (PA 40477)
PIETRAGALLO, GORDON, ALFANO, BOSICK & RASPANTI, LLP
7 West State Street, Suite 100
Sharon, PA 16146
(724) 981-1397
rjp@pietragallo.com

*Counsel for Plaintiff*
*Bessemer System Federal Credit Union*

Plaintiff Bessemer System Federal Credit Union, a federally chartered not-for-profit credit union ("Bessemer"), submits this memorandum of law in support of its motion pursuant to Federal Rule of Civil Procedure 37(a)(3), for an order compelling Defendants Fiserv Solutions, LLC f/k/a Fiserv Solutions, Inc. and Fiserv, Inc. (together, "Fiserv") to produce a privilege log of communications post-dating June 30, 2019.

## Factual Background

After experiencing a variety of security problems that exposed Bessemer's members to identity theft and fraud, Bessemer terminated its contractual relationship with Fiserv Solutions and demanded that Fiserv return Bessemer's records. While Fiserv eventually returned a copy of Bessemer's records, Fiserv has not dispossessed itself of Bessemer's records. Rather, Fiserv continues to retain Bessemer's records and now asserts that it owns them.

Bessemer's bailment and declaratory judgment claims seek redress for Fiserv's ongoing and improper retention of Bessemer's records after Fiserv was terminated as a vendor. These claims are important. While the parties were in a contractual relationship, Fiserv had security problems that exposed Bessemer's members to identity theft and fraud. As a terminated vendor, Fiserv has even less of an incentive to safeguard Bessemer's records. There is no legitimate purpose for Fiserv continuing to possess Bessemer's records—which pertain to the banking activity and transactional history of over 4,000 consumers—and asserting ownership interest in them. Indeed, Fiserv's SEC filings admit that security threats "continue to evolve" and that Fiserv "may not be able to prevent a material event in the future" with respect to unauthorized access to its customers' data. (Dkt. 48, ¶73).

In denying Fiserv's motion to dismiss, the Court held that Bessemer sufficiently set forth a claim for both bailment and declaratory relief related to Fiserv's ongoing retention and claimed

ownership of Bessemer's records. (Dkt. 69 at 34, 52). In particular, Bessemer's bailment claim seeks money damages and injunctive relief related to Fiserv's interference with Bessemer's superior possessory rights in its account records. (Dkt. 48, ¶¶ 293-300, p. 90 demand for relief (iv)).

Similarly, Bessemer's declaratory judgment claim seeks a declaration from the Court that Fiserv does not own Bessemer's member information and has no legitimate purpose in asserting ownership over and "continuing to possess" Bessemer's member information. (*Id.* at ¶¶ 329-336). By letter dated June 14, 2019 letter Fiserv asserted that, even as a terminated vendor, the Master Agreement granted Fiserv the ownership of the data, reports, documents and information that Fiserv generated with respect to serving Bessemer. (Dkt. 48, Ex. 29). Bessemer denies that Fiserv acquired any ownership of Bessemer's member information and therefore seeks a declaration from the Court concerning the Parties rights with respect to Bessemer's member information. (*Id.* at ¶¶ 329-335).

Although the events at issue in this case are ongoing, Fiserv originally refused to log any post-complaint communications. In a recent conference between counsel, Fiserv backtracked and stated that it would log communications until June 30, 2019. (*See* Nerko Dec., ¶ 2). Counsel for Bessemer explained that a log of subsequent communications is both relevant and necessary in light of Fiserv's ongoing misconduct as it relates to its continued wrongful withholding of Bessemer's member account records and information. (*Id.* at ¶ 3). Counsel has engaged in several discussions related to this discovery dispute, but have been unable to come to a resolution, necessitating the filing of the within motion. (*Id.* at ¶ 4).

**Argument**

Federal Rule of Civil Procedure 26(b) provides that "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs to the case . . . ." *See Rudolf v. Am. Int'l Grp., Inc.,* 2021 U.S. Dist. LEXIS 237953, at *6-7 (W.D. P.a. 2021) *citing* Fed. R. Civ. P. 26(b)(1). The burden of proving that a document is privileged against disclosure is on the party asserting the privilege. *Id.* A privilege log is necessary to enable the opposing party (and the Court) to test the propriety of that assertion. *Velocity Intern., Inc. v. Celerity Healthcare Solutions, Inc.,* 2010 U.S. Dist. LEXIS 53508, 2010 WL 2196423, at *4 (W.D. Pa. June 1, 2010).

While the party moving to compel bears the initial burden of proving the relevance of the material requested, (*see Morrison v. Phila. Hous. Auth.*, 203 F.R.D. 195, 196 (E.D. Pa. 2001) (citations omitted)), once the movant meets this initial burden, "the burden shifts to the person resisting discovery to establish that discovery of the material requested is inappropriate." *Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996) (citation omitted). The party resisting discovery must explain with specificity why discovery is inappropriate; the boilerplate litany that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient. *See Josephs v. Harris Corp.*, 677 F.2d 985, 991-92 (3d Cir. 1982).

Fiserv has refused to log any privileged communications after June 30, 2019, apparently on the grounds that Fiserv returned Bessemer its records on that date. (*See* Nerko Aff., ¶ 2). Simply put, Fiserv returning a ***copy*** of Bessemer's data is not the same as Fiserv ***dispossessing*** itself of that data. This distinction matters because the misconduct giving rise to Bessemer's bailment and declaratory judgment claims is ongoing. Thus, central to the dispute in this litigation is whether, and to what extent, Fiserv still possesses copies of Bessemer's data against its wishes and is

3

wrongfully asserting an ownership right over Bessemer's member information. A privilege log identifying communications after June 30, 2019, particularly those communications regarding the disposition of Bessemer's records while Fiserv claims it owns them, are therefore relevant and necessary for Bessemer to adequately prosecute its claims in this action.

Because Fiserv's misconduct that serves as the basis for Bessemer's bailment and declaratory relief claim is ongoing and continuous, a log of communications from June 30, 2019 through the present is necessary and vital to Bessemer's prosecution of its claims. These communications must be categorized, logged and produced to Bessemer so that it can adequately assess any asserted privilege and protect its members.

## Conclusion

For all the reasons set forth herein, it is respectfully requested that the Court: (i) grant Bessemer's motion to compel Fiserv to produce a log of communications post-dating June 30, 2019; (ii) enter Bessemer's proposed order attached to the within motion; (iii) grant Bessemer's request, pursuant to FRCP 37(a)(5)(A), for attorneys' fees and expenses incurred in making the within motion; and (iv) granting such other and further relief as the Court deems proper.

Dated: January 31, 2022

Respectfully submitted,

/s/ Charles J. Nerko

| | |
|---|---|
| Charles J. Nerko (NY 4764338) | Richard J. Parks (PA 40477) |
| Benjamin M. Wilkinson (NY 4927661) | PIETRAGALLO, GORDON, ALFANO, |
| Sarah A. O'Brien (*pro hac vice* to be filed) | BOSICK & RASPANTI, LLP |
| BARCLAY DAMON LLP | 7 West State Street, Suite 100 |
| 80 State Street | Sharon, PA 16146 |
| Albany, NY 10020 | (724) 981-1397 |
| (518) 429-4200 | rjp@pietragallo.com |
| cnerko@barclaydamon.com | |
| bwilkinson@barclaydamon.com | *Counsel for Plaintiff* |
| sobrien@barclaydamon.com | *Bessemer System Federal Credit Union* |

4