EXHIBIT B

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BESSEMER SYSTEM FEDERAL CREDIT UNION,** | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 2:19-cv-00624-RJC |
| vs. | ) ) | |
| **FISERV SOLUTIONS, LLC, f/k/a FISERV SOLUTIONS, INC., and FISERV, INC.,** | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' RESPONSES TO BESSEMER'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS AND THINGS TO FISERV**

TO:    Bessemer System Federal Credit Union
       c/o Richard J. Parks
       Pietragallo, Gordon, Alfano, Bosick & Raspanti, LLP
       7 West State Street, Suite 100
       Sharon, PA 16146

       Charles J. Nerko
       Alexander Mirkin
       Offit Kurman, P.A.
       590 Madison Avenue, 6th Floor
       New York, NY 10022
       Attorneys for Bessemer System Federal Credit Union

       Defendants Fiserv Solutions, LLC f/k/a Fiserv Solutions, Inc., and Fiserv, Inc.

respond to Bessemer's First Request for Production of Documents and Things to Fiserv as

follows:

## General Objections

       The following objections apply to Bessemer's First Request for Production of

Documents and Things in its entirety (including Plaintiff's instructions and definitions, if any,)

and should be read as to each specifically numbered requests.  These General Objections will not be repeated in individual responses except where necessary for emphasis or clarification.

1.      Defendants object to the Requests on the grounds that they are unduly burdensome, disproportional the needs of the case, and harassing.  Bessemer's First Request for Production of Documents and Things contains 236 requests, including a number of compound and duplicative requests, the vast majority of which seek information unrelated to any of the claims or defenses in this action.  Defendants further object to these Requests because they evidence a clear intent to use discovery for purposes other than investigating the claims or defenses pleaded in this action, including an attempt to "audit" Defendants notwithstanding the termination of Bessemer's contractual relationship with Fiserv Solutions, LLC as of May 31, 2019.

2.      Defendants object to the Requests to the extent that they seek information protected by the attorney-client privilege, the work product doctrine, a regulatory privilege, and/or any other applicable privilege, including state privileges, exemptions, laws, and/or rules.  Such information will not be disclosed.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity recognized by law.

3.      Defendants object to the Requests to the extent that they seek documents or information not relevant to the claims or defenses in this action or seek information not proportional to the needs of the case.

4.      Defendants object to the Requests to the extent that they are vague or ambiguous or both.

5.     Defendants object to the Requests to the extent that they are overly broad or unduly burdensome.

6.     Defendants object to the Request to the extent that they fail to describe the documents or information sought with reasonable particularity.

7.     Defendants object to the Requests to the extent that they (i) are unreasonably cumulative or duplicative; (ii) seek materials obtainable from some other source that is more convenient, less burdensome, or less expensive, including information which is publicly available and/or equally available to both parties; or (iii) otherwise constitute an abuse of discovery under the Federal Rules of Civil Procedure and/or the Local Rules.

8.     Defendants object to the Requests to the extent they seek information that is not within Defendants' possession, custody, or control.

9.     Defendants object to the Requests to the extent that they call for the creation of new documents, reports, spreadsheets, or data compilations.

10.     Defendants' responses and objections to the Requests are not intended to be, and shall not be construed as, an agreement or concurrence by Defendants with the Plaintiff's characterization of any facts, circumstances and/or legal obligations.  Defendants reserve the right to contest any such characterizations as being inaccurate.  Defendants also object to the Requests to the extent that they contain express or implied assumptions of fact or law with respect to matters at issue in this case.

11.     Defendants submit these responses without conceding the relevance or the materiality of the subject matter of any Requests or document or any portion thereof.

12.     Defendants' responses to the Requests are based on their present knowledge, information and belief and a reasonable search.  Defendants reserve the right to

supplement, amend or correct all or any parts of any responses provided herein, and reserve the right to object to the admissibility of all or any part of the responses provided herein and any information contained herein.

## Objections to Definitions and Instructions

1.    Defendants object to Instruction Nos. 2 and 3 as overbroad and unduly burdensome to the extent they purport to impose on Defendants any obligations beyond those required under the Federal Rules of Civil Procedure, the Local Rules, the orders governing discovery in this case, and applicable case law, including an obligation that Defendants identify where no responsive documents exist.  Defendants will undertake a reasonable search of appropriate sources and will produce responsive documents, if any, to the Requests as outlined herein.

2.    Defendants object to Instruction No. 6 because it purports to impose on Defendants obligations beyond those required under the Federal Rules of Civil Procedure, the Local Rules, the orders governing discovery in this case, and applicable case law.  Defendants will undertake a reasonable search of appropriate sources and will produce responsive documents, if any, to the Requests as outlined herein.  Defendants' counsel will meet and confer with Bessemer's counsel concerning review and production of electronically stored information when it is necessary or required by court order or stipulation of the parties.

3.    Defendants object to Instruction No. 7 because it purports to impose on Defendants obligations beyond those required under the Federal Rules of Civil Procedure, the Local Rules, the orders governing discovery in this case, and applicable case law.  Where Defendants have withheld information on the basis of privilege or other protection, Defendants will assert their claim of privilege or protection and identify the nature of the information or

documents withheld in accordance with the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules, and the orders governing discovery in this case.

4.      Defendants object to Instruction No. 11 as overbroad and unduly burdensome because it purports to impose obligations beyond those required under the Federal Rules of Civil Procedure, the Local Rules, the orders governing discovery in this case, and applicable case law. To the extent that a document previously existed but no longer exists, or to the extent a document was in Defendants' possession, custody, or control but no longer is, requiring Defendants to provide the circumstances of why each document no longer exists and potential custodians of said document(s) is a time consuming and unreasonable task.  Defendants further object that this Instruction is not targeted at information relevant to any party's claim or defense and does not take into account the needs of the case; if a document no longer exists or is not within Defendants' possession, custody, or control, Defendants cannot evaluate the responsiveness of such a document.

5.      Defendants object to Instruction Nos. 12 and 13 as overbroad and unduly burdensome because they purport to impose on Defendants obligations beyond those required under the Federal Rules of Civil Procedure, the Local Rules, the orders governing discovery in this case, and applicable case law.  Requiring Defendants to identify why documents are not reasonably accessible and the precise burden and estimated costs associated with production of that information, along with identifying every source of ESI that may contain responsive information that Defendants are not searching is a costly and unreasonable task.

6.      Defendants object to Instruction No. 14 because it purports to impose on Defendants obligations and requirements beyond those required under the Federal Rules of Civil Procedure, the Local Rules, the orders governing discovery in this case, and applicable case law.

Defendants will supplement their responses to the Requests, if necessary, consistent with the obligations imposed by Rules 26(e) and 34 of the Federal Rules of Civil Procedure, the Local Rules, and the orders governing discovery in this case.

       7.     Defendants object to Instruction No. 17 as overbroad, unduly burdensome and not relevant to any party's claims or defenses or proportional to the needs of the case insofar as it seeks identification or production of information dating back to August 1, 2011 through "the conclusion of this action."  The parties' Master Agreement was entered into as of July 1, 2014, and the conduct alleged in the Second Amended Complaint ("SAC") dates largely from 2016 through 2019.  Bessemer's claim for fraudulent inducement is based upon a single email communication dated February 27, 2012.  (*See e.g.*, SAC ¶¶ 29-30; Bessemer's June 25, 2021 Amendments to Responses and Objections to Defendants' First Set of Discovery Requests, Response to Interrogatory No. 3.)  The specified time period, therefore, would impose an unnecessary and disproportional burden.  With the exception of information relating to Bessemer's fraudulent inducement claim and jury trial demand, Defendants will not identify or produce documents or information for any time period before July 1, 2014.  Furthermore, Defendants will not identify or produce information relating to events or communications occurring after July 1, 2019.  Defendants will meet and confer with respect to the identification or production of specific documents or information relating to events or communications occurring after July 1, 2019, if Bessemer identifies specific categories of information or documents for discussion.

       8.     Defendants object to the definition of "document(s)" as overbroad and unduly burdensome to the extent it seeks to impose obligations other than and beyond those imposed by the Federal Rules of Civil Procedure, Local Rules, the orders governing discovery in

this case, and applicable case law.  Defendants further object to the definition of "document(s)" as disproportional to the needs of the case insofar as it seeks data recorded by Internet of Things (IoT) devices, data from ephemeral messaging applications, database content, text messages social media messages, computer programs, and informational materials of any nature whatsoever.  Defendants further object to the definition to the extent it would require Defendants to search back-up tapes, inactive data systems, and other remote sources of data on the grounds that it is unduly burdensome, not reasonably accessible, costly, and not relevant to any claims or defenses in this action or proportional to the needs of the case.  Defendants reserve the right to limit their review of documents to a reasonable number of document custodians and databases with a direct connection to the subject matter of the claims and defenses in this action.

9.     Defendants object to the definition of "communication(s)" as vague and ambiguous to the extent that it suggests intangible items (e.g., thoughts or oral representations), absent recordation, may need to be identified or produced.

10.     Defendants object to the definition of "concerning" as overbroad, unduly burdensome, and ambiguous insofar as it purports to encompass information or documents "being in any way logically or factually connected with the matter referenced."

11.     Defendants object to the definition of "Bessemer('s) Member(s)" as vague and ambiguous, overbroad, and unduly burdensome to the extent it seeks to impose an obligation on Defendants to determine and identify any person that has sought to become a member, customer or client of Bessemer.  Such information is in the possession, custody or control of Bessemer, and therefore can be obtained from a source that is more convenient and less burdensome.

12.     Defendants object to the definitions of "You" and "Fiserv" as vague and ambiguous in that it provides a single definition to encompass two separate and distinct entities. Defendants further object that the definitions of "You" and "Fiserv" are overbroad and unduly burdensome because Fiserv Inc. is not a party to the Master Agreement and Bessemer has refused to provide the basis for its claims against Fiserv Inc.  Accordingly, the definition seeks information that is neither relevant to the claims or defenses in this action nor proportional to the needs of the case.  Where a request seeks information from or regarding "You" or "Fiserv" Defendants will interpret the request to mean Fiserv Solutions, LLC, and any directors, officers, employees, attorneys, accountants, representatives, or agents of Fiserv Solutions, LLC, unless specifically stated otherwise.

13.     Defendants object to the definition of "FFIEC" as overbroad and unduly burdensome to the extent it purports to include agencies, administrations, entities, or other persons or governmental bodies that are not part of the Federal Financial Institutions Examination Council.  Defendants will interpret "FFIEC" to mean the Federal Financial Institutions Examination Council, the U.S. government interagency body for the following five banking regulators: Federal Reserve Board of Governors, Federal Deposit Insurance Corporation, National Credit Union Administration, Office of the Comptroller of the Currency, and Consumer Financial Protection Bureau, and any agents of said entity.

14.     Defendants object to the definition of "Replevin Action Comfort Letter" in that it is factually inaccurate.  The October 19, 2018 letter signed by Mr. Parks and Mr. Wronski did not "resolve" the action *Bessemer System Federal Credit Union, a not-for-profit federal credit union v. Fiserv Solutions, LLC, a Wisconsin limited liability corporation f/k/a Fiserv Solutions, Inc., a Wisconsin corporation*, filed in the Court of Common Pleas of Mercer County,

Pennsylvania, Civil Division Case No. 2018-3022.  Instead, the dismissal of that action resolved the action.

15.     Defendants object to the definition of "Services at Issue" as overbroad and unduly burdensome and as seeking information that is not relevant to any claims or defenses in this action.  The definition of "Services at Issue" is not limited to services that Defendants provided to, or that impacted, Bessemer, or to services as to which Bessemer has alleged a dispute.  Instead, the definition encompasses services provided to any of Defendants' customers.  Such information is not relevant to any claim or defense in this action.  Defendants further object in that the definition encompasses all products and services under the Master Agreement, no matter how mundane or ministerial, and without being tailored to the claims and defenses in this action.

16.     Defendants object to the definition of "Applicable Law" as overbroad and unduly burdensome.  Defendants further object that the definition improperly asserts a legal conclusion.  Defendants do not agree that the individual statutes, regulations, letters, and bulletins are applicable to Defendants or the relationship between Bessemer and Fiserv Solutions.

17.     Defendants object to the definitions of "Cyber Threat" as vague, ambiguous and overbroad.  The definition of "Cyber Threat" includes "any circumstance or event with the potential to adversely impact organizational operations."  The definition includes any "threat" that could "potential[ly]" affect an organization (any organization, not just Bessemer), regardless of whether any such "threat" actually affected Bessemer (or any other customer of Defendants).  Defendants further object that the definition "Cyber Threat" seeks information that is not relevant to the claims or defenses in this action in that it incorporates the

definition of "Services At Issue," which is not limited to services that Defendants provided to, or that impacted, Bessemer, or to services as to which Bessemer has alleged a dispute.

18.     Defendants object to the definition of "Security Vulnerability" as vague, ambiguous, overbroad, and unduly burdensome.  The definition of "Security Vulnerability" encompasses "any deficiency, security exposure, or weakness in an information system, security procedure, internal controls, or implementation that could be exploited or triggered (accidentally or intentionally) by a threat source."  In addition to the disproportional breadth and vagueness of terms like "internal controls" and "implementation," this definition includes any "security vulnerabilities" that "could" potentially affect an organization (any organization, not just Bessemer) regardless of whether any such "vulnerability" actually affected Bessemer (or any other customer of Defendants).  This definition includes information that is not relevant to the claims or defenses in this action and would impose an unreasonable and disproportional burden on Defendants.

19.     Defendants object to the definition of "Data Breach" as vague, ambiguous and overbroad.  The definition of "Data Breach" encompasses "an incident or situation" that "could potentially cause undesirable consequences or impacts to information" with respect to an organization (any organization, not just Bessemer) regardless of whether any such "consequences" actually affected Bessemer (or any other customer of Defendants).  Defendants further object that the definition "Data Breach" seeks information not is not relevant to the claims or defenses in this action in that it incorporates the definition of "Services At Issue," which is not limited to services that Defendants provided to, or that impacted, Bessemer, or to services as to which Bessemer has alleged a dispute.

20.     Defendants object to the definition of "Breached System" as vague, ambiguous and overbroad.  The definition of "Breached System" incorporates the unbounded definitions of "Data Breach" and "Services at Issue" and encompasses "any method used to access, collect, store, use, transmit, protect, or dispose of information that has been subject" to "an incident or situation" that "could potentially cause undesirable consequences or impacts to information" with respect to an organization (any organization, not just Bessemer), regardless of whether any such "consequences" actually affected Bessemer (or any other customer of Defendants).  This definition includes information that is not relevant to the claims or defenses in this action and would impose an unreasonable and disproportional burden on Defendants.

21.     Defendants object to the definition of "CompuSource" to the extent it seeks to impose an obligation or requirement that Defendants identify and determine CompuSource Systems, Inc.'s subsidiaries, divisions, predecessors, successors, affiliates, parents, partnerships, joint ventures, and each of their employees, agents, beneficiaries, officers, directors, representatives, consultants, independent contractors, accountants, and attorneys.

### Requests for Production

#### *Requests Related to the Contracts*

Request No. 1:  Documents concerning the Master Agreement, including its negotiation, drafting, meaning, execution, performance, non-performance, and notices or other communications issued pursuant to that agreement.

**RESPONSE**:  Defendants incorporate their General Objections, and Objections to Definitions and Instructions as set forth above into their response to this Request.  Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and requests documents and information that are not proportional to the needs of the case.  As written, the Request seeks production of "any document now or at any time in [Defendants'] possession, custody, or control" that are "in any way logically or factually connected with" the Master

Request No. 10:  Documents concerning Bessemer's Members.

**RESPONSE**:  Defendants incorporate their General Objections, and Objections to Definitions and Instructions as set forth above into their response to this Request.  Defendants object to this Request as overbroad and unduly burdensome and as seeking information that is not relevant to any claims or defenses in this action or proportional to the needs of the case to the extent it seeks any document concerning Bessemer's members in any way, no matter how mundane or ministerial, and without being tailored to the claims and defenses in this action.

Defendants further object to this Request as overbroad and unduly burdensome to the extent it purports to require Defendants to identify and determine which individuals (including Bessemer's officers, agents, or employees) are, were, or ever sought to become a Bessemer member.  Defendants further object to this Request as disproportional to the needs of the case in that it seeks over 10 years of routine business documents and account processing records that are not relevant to the issues in dispute.  Defendants further object to this Request to the extent it purports to seek documents that are not within the possession, custody, or control of Defendants and to the extent that such documents are obtainable from another source that is more convenient, less burdensome, and/or less expensive, including, but not limited to, Bessemer.

Subject to and without waiving these objections, Defendants will produce non-privileged responsive documents identified through reasonable search and diligence that relate to the services and products Fiserv Solutions provided to Bessemer under the Master Agreement that are the basis of Bessemer's claims as alleged in the Second Amended Complaint, if any.

### *Requests Related to the Services at Issue*

Request No. 11:  Documents concerning the research, development, testing, and evaluation of the Services at Issue, including any beta tests, focus groups, audits, monitoring, or other analysis (whether prior to or after launch).

**RESPONSE**:  Defendants incorporate their General Objections, and Objections to Definitions and Instructions as set forth above into their response to this Request.  Defendants object to this Request on the grounds that it is overbroad, ambiguous, and seeks information that is not relevant to the claims or defenses with respect to the definition of "Services at Issue," which is not limited to services that Defendants provided to Bessemer under the Master Agreement, or to services as to which Bessemer has alleged a dispute.  Instead, the definition encompasses documents concerning research, development, testing and evaluations of services provided to any of Defendants' customers.  Such information is not relevant to any claim or defense in this action, and the burden of identifying, reviewing, and producing such information is clearly disproportional in light of the lack of relevance.

Defendants further object to this Request as unduly burdensome and disproportional to the needs of the case.  As written, the Request seeks production of "any document now or at any time in [Defendants'] possession, custody, or control" that are "in any way logically or factually connected with" the "research, development, testing, and evaluation of the Services at Issue" no matter how mundane or ministerial, and without any nexus to Bessemer's allegations in the Second Amended Complaint or the disputed issues in this case.  Defendants further object on the grounds that Fiserv Solutions' research, development, and testing of its services and products prior to their launch and prior to Bessemer's use of such services and products are not at issue in this litigation and have marginal, if any, relevance to Bessemer's allegations that certain services and products did not work or did not work as Bessemer expected them to work.

Subject to and without waiving these objections, Defendants will produce non-privileged documents identified through reasonable search and diligence regarding post-

implementation development and evaluation of the services and products Bessemer received

under the Master Agreement that are the basis of Bessemer's claims as alleged in the Second

Amended Complaint, if any.

Request No. 12:  Documents concerning issues, problems, bugs, performance
failures, and defects, complaints, technical support requests (including tickets, priority
determinations, or screen- sharing sessions, and screenshots) concerning the Services at Issue
and communications concerning them and responses thereto.

**RESPONSE**:  Defendants incorporate their General Objections, and Objections

to Definitions and Instructions as set forth above into their response to this Request.  Defendants

object to this Request on the grounds that it is overbroad, ambiguous, and seeks information that

is not relevant to the claims or defenses with respect to the definition of "Services at Issue,"

which is not limited to services that Defendants provided to Bessemer under the Master

Agreement, or to services as to which Bessemer has alleged a dispute.  Instead, the definition

encompasses services provided to any of Defendants' customers.  Such information is not

relevant to any claim or defense in this action, and the burden of identifying, reviewing, and

producing such information is clearly disproportional especially in light of the lack of relevance.

Defendants object to this Request as vague, ambiguous and overbroad in its use of

the term "technical support" which could include any type of communication or document

reflecting Fiserv Solutions' provision of any products and services provided to Bessemer under

the Master Agreement, however mundane or ministerial, and not related to the allegations set

forth in the Second Amended Complaint.  Defendants also object to this Request on the grounds

that various undefined terms, including "issues, problems, bugs, performance failures, and

defects," are vague, ambiguous, and lack reasonable particularity such that Defendants cannot

formulate a comprehensive search for responsive documents.  Defendants further object to this

Request as unduly burdensome and overbroad to the extent it seeks documents regarding issues

component of the Request seeks information that is not relevant and would impose an

unreasonable and disproportional burden on Defendants.

Except with respect to two limited instances, Bessemer has not alleged any event,

incident or instance in which any of its members claimed or reported to have been impacted,

much less damaged, by what Bessemer calls a "Data Security Event."  Bessemer's bare assertion

and rank speculation that a "Data Security Event" may have occurred and may have somehow

impacted Bessemer or its members without their knowledge does not entitle Bessemer to

unfettered discovery that seeks information not relevant to any claim or dispute actually pleaded

and would impose a disproportional burden on Defendants.

Subject to and without waiving these objections or the General Objections stated

above, Defendants will produce non-privileged documents identified through reasonable search

and diligence regarding any data incidents that are known by Defendants to have actually

affected Bessemer that are the basis of Bessemer's claims as alleged in the Second Amended

Complaint, if any.

Request No. 45:  Documents concerning investigations undertaken by Fiserv
concerning any Cyber Threats, Security Vulnerabilities, or Data Breaches including documents
reflecting the method or means by which any unauthorized third party or third parties may obtain
access to systems, the length of time any unauthorized third party or third parties may have been
able to access systems, and the information any unauthorized third party or third parties may
have been able to access, view, copy, or otherwise obtain.

**RESPONSE**:  Defendants incorporate their General Objections, and Objections

to Definitions and Instructions as set forth above into their response to this Request.  Defendants

object to this Request on the grounds that it seeks information not relevant to any claim or

defense in this action and would impose an unreasonable and disproportional burden on

Defendants.  Each of the definitions of "Cyber Threat," "Security Vulnerability," and "Data

Breach" is hopelessly vague, ambiguous and overbroad, incorporating the equally overbroad and

ambiguous definition of "Services at Issue."  The definition of "Services at Issue" is not limited to services that Defendants provided to Bessemer under the Master Agreement, or to services as to which Bessemer has alleged a dispute.  Instead, the definition encompasses services provided to any of Defendants' customers.  As a result, the Request demands information about "Cyber Threats," "Security Vulnerabilities," and "Data Breaches" that (if any occurred at all) did not involve the services provided to, or impact, Bessemer.  Such information (to the extent it exists) is not relevant to any claim or defense in this action, and the burden of assembling it is clearly disproportional in light of the lack of relevance.

The definition of "Cyber Threat" is impossibly broad and vague.  Bessemer defines it as "any circumstance or event *with the potential* to adversely impact organizational operations."  On its face, the Request seeks identification of any "threat" that could "potentially" affect an organization (any organization, not just Bessemer), regardless of whether any such "threat" actually affected Bessemer (or any other customer of Defendants).  Compiling documents relating to every possible "threat" back to 2011 (as Bessemer demands), to the extent possible, is unduly burdensome and disproportional.

Likewise, the definition of "Security Vulnerability" encompasses "any deficiency, security exposure, or weakness in an information system, security procedure, internal controls, or implementation that could be exploited or triggered (accidentally or intentionally) by a threat source."  Putting aside the remarkable breadth and vagueness of terms like "internal controls" and "implementation," the Request (through this definition) seeks information about "security vulnerabilities" that "could" potentially affect an organization (indeed, any organization, not just Bessemer), regardless of whether any such "vulnerability" actually affected Bessemer (or any

other customer of Defendants).  This component of the Request seeks information that is not relevant and would impose an unreasonable and disproportional burden on Defendants.

Similarly, Bessemer's definition of "Data Breach" incorporates the unbounded definition of "Services at Issue" and encompasses "an incident or situation" that "could potentially cause undesirable consequences or impacts to information" with respect to an organization (any organization, not just Bessemer), regardless of whether any such "consequences" actually affected Bessemer (or any other customer of Defendants).  This component of the Request seeks information that is not relevant and would impose an unreasonable and disproportional burden on Defendants.

Except with respect to two limited instances, Bessemer has not alleged any event, incident or instance in which any of its members claimed or reported to have been impacted, much less damaged, by what Bessemer calls a "Data Security Event."  Bessemer's bare assertion and rank speculation that a "Data Security Event" may have occurred and may have somehow impacted Bessemer or its members without their knowledge does not entitle Bessemer to unfettered discovery that seeks information not relevant to any claim or dispute actually pleaded and would impose a disproportional burden on Defendants.

Defendants further object on the grounds that in addition to the clear lack of relevance, information relating to Defendants' investigation into security threats is highly confidential and highly sensitive, as this information is utilized to ensure the security of data stored and processed for thousands of financial institutions and their customers or members. Disclosure of such information could adversely impact and cause irreparable injury to Defendants' clients and millions of consumers.  The burden and obvious harm associated with producing such information outweighs any conceivable benefit.

Subject to and without waiving these objections or the General Objections stated above, Defendants will produce non-privileged documents identified through reasonable search and diligence regarding any data incidents that are known by Defendants to have actually affected Bessemer that are the basis of Bessemer's claims as alleged in the Second Amended Complaint, if any.

Request No. 46: Documents concerning any notices or alerts (including such notices and alerts) that Fiserv may have received concerning a potential or actual Cyber Threats, Security Vulnerabilities, or Data Breaches before Fiserv commenced any investigation related to the Cyber Threat, Security Vulnerability or Data Breach, whether such notice or alert was provided by an individual or automatically generated by a system, software, or other program or mechanism, or sent by a government entity or agency, or any other third party.

**RESPONSE**: Defendants incorporate their General Objections, and Objections to Definitions and Instructions as set forth above into their response to this Request. Defendants object to this Request on the grounds that it seeks information not relevant to any claim or defense in this action and would impose an unreasonable and disproportional burden on Defendants. Each of the definitions of "Cyber Threat," "Security Vulnerability," and "Data Breach" is hopelessly vague, ambiguous and overbroad, incorporating the equally overbroad and ambiguous definition of "Services at Issue." The definition of "Services at Issue" is not limited to services that Defendants provided to Bessemer under the Master Agreement, or to services as to which Bessemer has alleged a dispute. Instead, the definition encompasses services provided to any of Defendants' customers. As a result, the Request demands information about "Cyber Threats," "Security Vulnerabilities," and "Data Breaches" that (if any occurred at all) did not involve the services provided to, or impact, Bessemer. Such information (to the extent it exists) is not relevant to any claim or defense in this action, and the burden of assembling it is clearly disproportional in light of the lack of relevance.

concerning quality assurance programs unrelated to the services provided to Bessemer, which

did not impact Bessemer.  In addition, Bessemer has not alleged any event or incident relating to

Defendants' quality assurance programs, which have no bearing on the claims or defenses in this

action.  Such information is not relevant to any claim or defense in this action, and the burden of

assembling it is clearly disproportional in light of the lack of relevance.

No documents will be produced in response to this Request.

Request No. 139:  Documents concerning internal and external audits,
assessments, and investigations of Fiserv's data security policies, procedures, and practices.

**RESPONSE**:  Defendants incorporate their General Objections, and Objections

to Definitions and Instructions as set forth above into their response to this Request.  Defendants

object to this Request to the extent that it seeks documents protected from discovery under the

attorney-client privilege, attorney work product doctrine or any other privilege.

Defendants object to this Request on the grounds that it is overbroad, unduly

burdensome, and seeks information that is not relevant to the claims or defenses.  The Request is

not limited to services that Defendants provided to Bessemer under the Master Agreement, or to

services as to which Bessemer has alleged a dispute.  Instead, the Request encompasses

documents and information relating to any audit, assessment, or investigation of Defendants'

data security policies, procedures, and practices, including audits, assessments or investigations

that relate to services and products provided to any of Defendants' customers.  Such information

is not relevant to any claim or defense in this action, and the burden of assembling it is clearly

disproportional in light of the lack of relevance.

Defendants object to this Request on the grounds that it is overbroad, unduly

burdensome, and requests documents and information that are not proportional to the needs of

the case.  As written, the Request seeks production of "any document now or at any time in

[Defendants'] possession, custody, or control" that are "in any way logically or factually connected with" audits, assessments, or investigations of Defendants' security policies, no matter how mundane or ministerial, and without any nexus to Bessemer's allegations in the Second Amended Complaint or the disputed issues in this case.

Subject to and without waiving these objections, Defendants will produce non-privileged responsive documents identified through reasonable search and diligence that relate to the services and products Fiserv Solutions provided to Bessemer under the Master Agreement that are the basis of Bessemer's claims as alleged in the Second Amended Complaint, if any.

Request No. 140:  Documents concerning Fiserv's risk assessment policies, procedures, and actual practices, including risk assessment reports (including drafts).

**RESPONSE**:  Defendants incorporate their General Objections, and Objections to Definitions and Instructions as set forth above into their response to this Request.  Defendants object to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine or any other privilege.

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to the claims or defenses.  The Request is not limited to services that Defendants provided to Bessemer under the Master Agreement, or to services as to which Bessemer has alleged a dispute.  Instead, the Request encompasses documents and information relating to any of Defendants' risk assessment policies, procedures, and practices, including policies, procedures, and practices that relate to services and products provided to any of Defendants' customers.  Such information is not relevant to any claim or defense in this action, and the burden of assembling it is clearly disproportional in light of the lack of relevance.

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and requests documents and information that are not proportional to the needs of the case.  As written, the Request seeks production of "any document now or at any time in [Defendants'] possession, custody, or control" that are "in any way logically or factually connected with" any of Defendants' risk assessment policies, procedures, and practices, no matter how mundane or ministerial, and without any nexus to Bessemer's allegations in the Second Amended Complaint or the disputed issues in this case.

Subject to and without waiving these objections, Defendants will produce non-privileged responsive documents identified through reasonable search and diligence that relate to the services and products Fiserv Solutions provided to Bessemer under the Master Agreement that are the basis of Bessemer's claims as alleged in the Second Amended Complaint, if any.

Request No. 141:  Documents concerning Fiserv's financial budgets, expenditures, and allocations to ensuring the security of Bessemer's Member Information and Bessemer's Member Information Systems.

**RESPONSE**:  Defendants incorporate their General Objections, and Objections to Definitions and Instructions as set forth above into their response to this Request.  Defendants object to this Request on the grounds that it is vague and ambiguous with respect to the definitions of "Bessemer's Member Information" and "Bessemer's Member Information System," which purport to include "any information concerning Bessemer's Members," and "any method used to access, collect, store, transmit, protect, or dispose of Bessemer's Members Information" regardless of whether Defendants ever had access to such information or methods.

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to the claims or defenses.  Defendants' financial budgets, expenditures and allocations have no bearing on the claims or defenses in this action.  Bessemer's bare assertion and rank speculation that a "Data Security Event" may have

occurred does not entitle Bessemer to unfettered discovery that seeks information not relevant to any claim or dispute actually pleaded and would impose a disproportional burden on Defendants.

No documents will be produced in response to this Request.

Request No. 142:  Documents concerning Fiserv's decisions whether or not to make expenditures and allocations to ensure the security of Bessemer's Member Information and Bessemer's Member Information Systems.

**RESPONSE**:  Defendants incorporate their General Objections, and Objections to Definitions and Instructions as set forth above into their response to this Request.  Defendants object to this Request on the grounds that it is vague and ambiguous with respect to the definitions of "Bessemer's Member Information" and "Bessemer's Member Information System," which purport to include "any information concerning Bessemer's Members," and "any method used to access, collect, store, transmit, protect, or dispose of Bessemer's Members Information" regardless of whether Defendants ever had access to such information or methods.

Defendants object to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to the claims or defenses.  Documents concerning Defendants' decisions with respect to expenditures and allocations have no bearing on the claims or defenses in this action.  Bessemer's bare assertion and rank speculation that a "Data Security Event" may have occurred does not entitle Bessemer to unfettered discovery that seeks information not relevant to any claim or dispute actually pleaded and would impose a disproportional burden on Defendants.

No documents will be produced in response to this Request.

Request No. 143:  Documents concerning Fiserv's knowledge of any Cyber Threat, Security Vulnerability, or Data Breach.

**RESPONSE**:   Defendants incorporate their General Objections, and Objections to Definitions and Instructions as set forth above into their response to this Request.  Defendants

object to this Request on the grounds that it seeks information not relevant to any claim or

defense in this action and would impose an unreasonable and disproportional burden on

Defendants.  Each of the definitions of "Cyber Threat," "Security Vulnerability," and "Data

Breach" is hopelessly vague, ambiguous and overbroad, incorporating the equally overbroad and

ambiguous definition of "Services at Issue."  The definition of "Services at Issue" is not limited

to services that Defendants provided to Bessemer under the Master Agreement, or to services as

to which Bessemer has alleged a dispute.  Instead, the definition encompasses services provided

to any of Defendants' customers.  As a result, the Request demands information about "Cyber

Threats," Security Vulnerabilities," and "Data Breaches" that (if any occurred at all) did not

involve the services provided to, or impact, Bessemer.  Such information (to the extent it exists)

is not relevant to any claim or defense in this action, and the burden of assembling it is clearly

disproportional in light of the lack of relevance.

The definition of "Cyber Threat" is impossibly broad and vague.  Bessemer

defines it as "any circumstance or event *with the potential* to adversely impact organizational

operations."  On its face, the Request seeks identification of any "threat" that could "potentially"

affect an organization (any organization, not just Bessemer), regardless of whether any such

"threat" actually affected Bessemer (or any other customer of Defendants).  Compiling

documents relating to every possible "threat" back to 2011 (as Bessemer demands), to the extent

possible, is unduly burdensome and disproportional.

Likewise, the definition of "Security Vulnerability" encompasses "any deficiency,

security exposure, or weakness in an information system, security procedure, internal controls, or

implementation that could be exploited or triggered (accidentally or intentionally) by a threat

source."  Putting aside the remarkable breadth and vagueness of terms like "internal controls"

and "implementation," the Request (through this definition) seeks information about "security vulnerabilities" that "could" potentially affect an organization (indeed, any organization, not just Bessemer), regardless of whether any such "vulnerability" actually affected Bessemer (or any other customer of Defendants). This component of the Request seeks information that is not relevant and would impose an unreasonable and disproportional burden on Defendants.

Similarly, Bessemer's definition of "Data Breach" incorporates the unbounded definition of "Services at Issue" and encompasses "an incident or situation" that "could potentially cause undesirable consequences or impacts to information" with respect to an organization (any organization, not just Bessemer), regardless of whether any such "consequences" actually affected Bessemer (or any other customer of Defendants). This component of the Request seeks information that is not relevant and would impose an unreasonable and disproportional burden on Defendants.

Except with respect to two limited instances, Bessemer has not alleged any event, incident or instance in which any of its members claimed or reported to have been impacted, much less damaged, by what Bessemer calls a "Data Security Event." Bessemer's bare assertion and rank speculation that a "Data Security Event" may have occurred and may have somehow impacted Bessemer or its members without their knowledge does not entitle Bessemer to unfettered discovery that seeks information not relevant to any claim or dispute actually pleaded and would impose a disproportional burden on Defendants.

Subject to and without waiving these objections or the General Objections stated above, Defendants will produce non-privileged documents identified through reasonable search and diligence regarding any data incidents that are known by Defendants to have actually

affected Bessemer that are the basis of Bessemer's claims as alleged in the Second Amended Complaint, if any.

   <u>Request No. 144</u>:  Documents concerning methods to ensure the confidentiality, security, availability, and integrity of Bessemer's Member Information and Bessemer's Member Information Systems.

   **<u>RESPONSE</u>**:  Defendants incorporate their General Objections, and Objections to Definitions and Instructions as set forth above into their response to this Request.  Defendants object to this Request on the grounds that it is vague and ambiguous with respect to the definitions of "Bessemer's Member Information" and "Bessemer's Member Information System," which purport to include "any information concerning Bessemer's Members," and "any method used to access, collect, store, transmit, protect, or dispose of Bessemer's Members Information" regardless of whether Defendants ever had access to such information or methods, and without any nexus to Bessemer's allegations in the Second Amended Complaint or the disputed issues in this case.

   Defendants further object to this Request on the grounds that it is overbroad, unduly burdensome, and requests documents and information that are not proportional to the needs of the case.  As written, the Request seeks production of "any document now or at any time in [Defendants'] possession, custody, or control" that are "in any way logically or factually connected with" any methods used by Fiserv Solutions to ensure the confidentiality, security, availability, and integrity of any information relating to Bessemer's members or any system used in connection with such information, no matter how mundane or ministerial, and without any nexus to Bessemer's allegations in the Second Amended Complaint or the disputed issues in this case.

   Subject to and without waiving these objections, Defendants will produce non-privileged responsive documents identified through reasonable search and diligence that relate to

189

the services and products Fiserv Solutions provided to Bessemer under the Master Agreement

that are the basis of Bessemer's claims as alleged in the Second Amended Complaint, if any.

 Request No. 145:  Fiserv's "Dark Web Scanning" reports on Bessemer's Member
Information and Bessemer's Member Information Systems, including the dark web scans
referenced at https://www.fiserv.com/content/dam/fiserv-com/resources/cybersecurity-
brochure.pdf.

 **RESPONSE**:  Defendants incorporate their General Objections, and Objections

to Definitions and Instructions as set forth above into their response to this Request.  Defendants

object to this Request on the grounds that it is vague and ambiguous with respect to the

definitions of "Bessemer's Member Information" and "Bessemer's Member Information

System," which purport to include "any information concerning Bessemer's Members," and "any

method used to access, collect, store, transmit, protect, or dispose of Bessemer's Members

Information" regardless of whether Defendants ever had access to such information or methods,

and without any nexus to Bessemer's allegations in the Second Amended Complaint or the

disputed issues in this case.

 Defendants object to this Request on the grounds that it is overbroad, ambiguous,

and seeks information that is not relevant to the claims or defenses.  Bessemer does not allege

any incident or events relating to "Dark Web Scanning Reports" and Bessemer expressly "denies

that it alleges any such incident of identity theft" with respect to the allegations in its Second

Amended Complaint concerning the "dark web."  (Bessemer's Resp. to Defendants RFA No.

33.)  As a result, the information sought in this Request (to the extent it exists) is not relevant to

any claim or defense in this action, and the burden of identifying, reviewing, and producing such

information is clearly disproportional especially in light of the lack of relevance.

 No documents will be produced in response to this Request.

control" that are "in any way logically or factually connected with" the use of account records

and information, which includes any documents concerning the use of account records and

information in connection with Defendants provision of services to any of their customers and

any of their customer's use of their information and records or their customer's or member's

information and records.

No documents will be produced in response to this Request.

### *Requests Related to Bessemer's Audit of Fiserv*

Request No. 183: Documents concerning audit documents, inclusive of any audit documents themselves, Fiserv was required to maintain pursuant to Sections 4(a), 4(b), 4(d), and 4(h) of the Master Agreement, including documents concerning the allegations in SAC ¶¶ 141-144.

**RESPONSE**: Defendants incorporate their General Objections, and Objections

to Definitions and Instructions as set forth above into their response to this Request. Defendants

object to this Request as overbroad and unduly burdensome and as seeking information that is

not relevant to any claims or defenses in this action or proportional to the needs of the case to the

extent it seeks any documents concerning "audit documents" in any way over the course of 10

years, no matter how tangential to the issues in the case, no matter how mundane or ministerial,

and without being tailored to the claims and defenses in this action.

Defendants object to this Request to the extent that it seeks documents protected

from discovery under the attorney-client privilege, attorney work product doctrine or any other

privilege. Defendants further object to the Request to the extent that it contains express or

implied assumptions of law that are inaccurate and/or mischaracterize Defendants legal

obligations.

Defendants further object to this Request to the extent that it seeks information

protected by the bank examination privilege. Defendants further object to the extent this Request

seeks documents relating to periodic examinations and audits by the Federal Financial

Institutions Examination Council and other regulators and agencies.  The results and reports of

such examinations and audits are strictly confidential and may not be disclosed by Defendants

pursuant to, among other things, 18 U.S.C. § 641.  In the Master Agreement, Bessemer agreed

and acknowledged as follows:  "Client acknowledges and agrees that Fiserv is subject to certain

examinations by the Federal Financial Institutions Examination Council ('FFIEC'), regulators

and agencies.  Client acknowledges and agrees that reports of such examination of Fiserv

business units are available to Client directly from the relevant FFIEC agencies."

Subject to and without waiving these objections, Defendants will produce non-

privileged responsive documents identified through reasonable search and diligence that relate to

the services or products Fiserv Solutions provided to Bessemer under the Master Agreement that

are the basis of Bessemer's claims as alleged in the Second Amended Complaint, if any.

Request No. 184:  Documents concerning Fiserv's response to Bessemer's audit.

**RESPONSE**: Defendants incorporate their General Objections, and Objections to

Definitions and Instructions as set forth above into their response to this Request.  Defendants

object to this Request to the extent that it seeks documents protected from discovery under the

attorney-client privilege, attorney work product doctrine or any other privilege.

Defendants object to this Request on the grounds that the term "Bessemer's audit"

is vague, ambiguous, and lacks reasonable particularity such that Defendants cannot formulate a

comprehensive search for responsive documents.  Defendants also object to this Request as

overbroad and unduly burdensome and as seeking information that is not relevant to any claims

or defenses in this action or proportional to the needs of the case to the extent it seeks any

documents concerning Fiserv Solutions' response to "Bessemer's audit" in any way, no matter

how tangential to the issues in the case, no matter how mundane or ministerial, and without

being tailored to the claims and defenses in this action.

Subject to and without waiving these objections, Defendants will produce non-

privileged responsive documents identified through reasonable search and diligence that relate to

Bessemer's purported audit demands as alleged in the Second Amended Complaint, if any.

Request No. 185:  Documents concerning customer, FFIEC, and other
government audits of Fiserv.

**RESPONSE**: Defendants incorporate their General Objections, and Objections to

Definitions and Instructions as set forth above into their response to this Request.  Defendants

object to this Request to the extent that it seeks documents protected from discovery under the

attorney-client privilege, attorney work product doctrine or any other privilege.

Defendants object to this Request on the grounds that it seeks information not

relevant to any claim or defense in this action and would impose an unreasonable and

disproportional burden on Defendants.  As written, the Request seeks documents relating to any

document concerning any customer or government audits of Defendants regardless of whether

such documents have any bearing on Bessemer or the services and products Bessemer received

under the Master Agreement.  As a result, the Request seeks information not relevant to any

claim or dispute actually pleaded and would impose a disproportional burden on Defendants.

Defendants further object to this Request on the grounds that it seeks information

protected by the bank examination privilege.  Defendants are periodically subject to examination

and audit by the Federal Financial Institutions Examination Council and other regulators and

agencies.  The results and reports of such examinations and audits are strictly confidential and

may not be disclosed by Defendants pursuant to, among other things, 18 U.S.C. § 641.  In the

Master Agreement, Bessemer agreed and acknowledged as follows: "Client acknowledges and

agrees that Fiserv is subject to certain examinations by the Federal Financial Institutions

Examination Council ('FFIEC'), regulators and agencies.  Client acknowledges and agrees that

reports of such examination of Fiserv business units are available to Client directly from the

relevant FFIEC agencies."

No documents will be produced in response to this Request.

Request No. 186:  Documents concerning Fiserv's response to Bessemer's audit, including communications concerning interim drafts of Fiserv's September 11, 2018 audit response.

**RESPONSE**:  Defendants incorporate their General Objections, and Objections

to Definitions and Instructions as set forth above into their response to this Request.  Defendants

object to this Request as duplicative of Request No. 184.  Defendants object to this Request on

the grounds that it seeks documents protected from discovery under the attorney-client privilege,

attorney work product doctrine or any other privilege.

Defendants object to this Request on the grounds that the term "Bessemer's audit"

is vague, ambiguous, and lacks reasonable particularity such that Defendants cannot formulate a

comprehensive search for responsive documents.  Defendants also object to this Request as

overbroad and unduly burdensome and as seeking information that is not relevant to any claims

or defenses in this action or proportional to the needs of the case to the extent it seeks any

documents concerning Fiserv Solutions' response to "Bessemer's audit" in any way, no matter

how tangential to the issues in the case, no matter how mundane or ministerial, and without

being tailored to the claims and defenses in this action.

Subject to and without waiving these objections, Defendants will produce non-

privileged responsive documents identified through reasonable search and diligence that relate to

Bessemer's purported audit demands as alleged in the Second Amended Complaint, if any.

## <u>CERTIFICATE OF SERVICE</u>

I, Jesse L. Byam-Katzman, hereby certify that on August 20, 2021, I caused the foregoing

Defendants' Responses to Bessemer's First Request for Production of Documents and Things to

be served via email transmission as follows:

>Richard J. Parks
>Pietragallo, Gordon, Alfano,
>Bosick & Raspanti, LLP
>7 West State Street, Suite 100
>Sharon, PA 16146
>rjp@pietragallo.com

>Charles J. Nerko
>Alexander Mirkin
>Offit Kurman, P.A.
>590 Madison Avenue, 6th Floor
>New York, NY 10022
>Charles.Nerko@offitkurman.com
>amirkin@offitkurman.com

>/s/ Jesse L. Byam-Katzman
>Jesse L. Byam-Katzman