UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**BESSEMER SYSTEM FEDERAL CREDIT UNION, on behalf of itself and its members**,

          Plaintiff,

vs.

**FISERV SOLUTIONS, LLC, f/k/a FISERV SOLUTIONS, INC., and FISERV, INC.,**

          Defendants.

Case No. 2:19-cv-00624-RJC

### DECLARATION OF CHARLES J. NERKO IN SUPPORT OF BESSEMER'S MOTION TO COMPEL FISERV TO LOG COMMUNICATIONS AFTER JUNE 30, 2019

Charles J. Nerko declares under penalties of perjury:

1.    I am a partner at Barclay Damon LLP and counsel to plaintiff Bessemer System Federal Credit Union

2.    Fiserv served its First Set of Discovery Requests on or about November 9, 2020, which requested: "All voicemails that Fiserv Solutions personnel left for Bessemer personnel with respect to the Security Review." *See* **Exhibit A**, at Doc. Req. No. 26; and "All voicemails that Fiserv Solutions personnel left for Bessemer personnel with respect to Bessemer's deconversion from Fiserv Solutions." *Id.* Doc. Req. No. 79.

3.    Bessemer, in its First Amended Responses (*see* **Exhibit A**), objected to Document Requests No. 26 as follows:

> **RESPONSE:** In addition to the General Objections, Bessemer objects to this request as overly broad, unduly burdensome, oppressive, and as seeking information not relevant to the claims and defenses and not proportional to the needs of the case. Fiserv is aware of the contents of the communications it made, and this requests seeks information already in Fiserv's possession. Further, the

counterclaims [. . .] concern Bessemer's alleged refusal to answer Fiserv's calls and to timely convey information to Fiserv, not the specific content of voicemails Fiserv left for Bessemer. Producing voicemails imposes unique burdens over other forms of written communications and is not proportionate to any legitimate need. Bessemer will be withholding responsive materials on the basis of these objections.
**Amendments to Response:** Bessemer denies that any voicemail by Fiserv could constitute notice to Bessemer under the Master Agreement, § 11(f), but subject to its objections, Bessemer admits that Fiserv left voicemails for Ms. Peterson or other employees of Bessemer on or about September 26, 2018, attempting to communicate with Bessemer regarding what Fiserv asserted to be potentially fraudulent activity, which was being conducted as a test during the security review.

4. Similarly, Bessemer objected to Document Request No. 79 as follows:

**RESPONSE:** In addition to the General Objections, Bessemer objects to this request as overly broad, unduly burdensome, oppressive, and as seeking information not relevant to the claims and defenses and not proportional to the needs of the case. Fiserv is aware of the contents of the communications it made, and this requests seeks information already Fiserv's possession. Producing voicemails impose unique burdens over other forms of written communications and is not proportionate to any legitimate needs. Bessemer will be withholding responsive materials on the basis of these objections.
**Amendments to Response:** Bessemer has provided amended RFA answers above admitting the content of these communications.

5. Fiserv also served a Notice to Admit, requesting that Bessemer "Admit that Fiserv Solutions left one or more voicemails for Ms. Peterson or other employees of Bessemer on or about September 26, 2018, in which Fiserv Solutions attempted to notify Bessemer of potentially fraudulent activity relating to the Security Review." *Id.* at p. 14 (Request to Admit 25).

**RESPONSE:** Subject to its General Objections, Bessemer admits that Fiserv left voicemails for Ms. Peterson Employees of Bessemer on or about September 26, 2018, but cannot answer as to what Fiserv was attempting to do. Bessemer denies that any telephonic communications by Fiserv could constitute notice to Bessemer under the Master Agreement, 11(f).
**Amendments to Response:** Bessemer denies that any voicemail by Fiserv could constitute notice to Bessemer under the Master Agreement, 11(f), but subject to its objections, Bessemer admits that Fiserv left voicemails for Ms. Peterson or other employees of Bessemer on or about September 26, 2018, attempting to communicate with Bessemer regarding what Fiserv asserted to be potentially fraudulent activity, which was being conducted as a test during the security review.

6. Fiserv counsel has yet to respond to Bessemer's objections to producing the voicemails requested, and the voicemails are not currently the subject of any pending motion to compel or outstanding non-objectionable discovery request. Bessemer requests that the Court issue a ruling effectuating the default local rule that Bessemer is not required to continue to preserve voicemails.

Dated: January 31, 2022

*/s/ Charles J. Nerko*
Charles J. Nerko