UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

**BESSEMER SYSTEM FEDERAL CREDIT UNION, on behalf of itself and its members**,

                     Plaintiff,

    vs.

**FISERV SOLUTIONS, LLC, f/k/a FISERV SOLUTIONS, INC., and FISERV, INC.,**

                     Defendants.

Case No. 2:19-cv-00624-RJC

---

## MEMORANDUM OF LAW IN SUPPORT OF BESSEMER'S MOTION FOR A PROTECTIVE ORDER REGARDING SECURITY REVIEW DISCOVERY

Charles J. Nerko (NY 4764338)
Benjamin M. Wilkinson (NY 4927661)
Sarah A. O'Brien (*pro hac vice* to be filed)
BARCLAY DAMON LLP
80 State Street
Albany, NY 10020
(518) 429-4200
cnerko@barclaydamon.com
bwilkinson@barclaydamon.com
sobrien@barclaydamon.com

Richard J. Parks (PA 40477)
PIETRAGALLO, GORDON, ALFANO,
BOSICK & RASPANTI, LLP
7 West State Street, Suite 100
Sharon, PA 16146
(724) 981-1397
rjp@pietragallo.com

*Counsel for Plaintiff*
*Bessemer System Federal Credit Union*

Plaintiff Bessemer System Federal Credit Union ("Bessemer") submits this memorandum of law in support of its motion for a protective order preventing the discovery of certain "security review" information and documents.

Bessemer's outside litigation counsel engaged a security expert to aid in its legal representation of, and provide informed legal advice to, Bessemer in connection with this action. Bessemer's security review exposed that Fiserv failed to implement certain security controls on Bessemer's online banking website.

Fiserv has filed a motion to compel the production of certain information and documents related to the security review (*see* Dkt. 138-140) and Bessemer has opposed Fiserv's motion (Dkt. 148-149). Now, by way of the within motion, Bessemer seeks a protective order over the security review information. Bessemer expressly incorporates by reference all the arguments set forth in its opposition to Fiserv's motion to compel (Dkt. 148-149), namely that information related to the security review is protected by the work product, consulting expert, and attorney-client privileges and therefore not discoverable. In addition to denying Fiserv's motion to compel, a protective order is necessary to provide the Parties with guidance on the scope of permissible discovery moving forward, including setting appropriate parameters for questioning during depositions, in order to protect Bessemer's privilege, its counsel's work product, and the individual security reviewer from undue harassment by Fiserv.

**Factual Background**

Bessemer respectfully refers the Court to the declaration of its CEO, Joy E. Peterson, dated January 21, 2022 (Dkt. 149) submitted in opposition to Fiserv's motion to compel the discovery of security review information, for a full recitation of the facts relevant to the within motion.

1

Briefly stated, after Bessemer commenced this litigation against Fiserv, Bessemer's litigation counsel engaged a security expert to evaluate Bessemer's security breach claims against Fiserv. The expert's engagement bears all the hallmarks of work product. (Peterson Dec., ¶¶ 11-16, Ex. A at 1). The expert's scope of work was limited to litigation activities and the expert was required to agree to confidentiality and conflict-of-interest duties modeling the duties attorneys owe clients under the Rules of Professional Conduct. The agreement required the expert not to begin drafting an opinion or report until requested by counsel, and none was ever requested. (Peterson Dec., ¶ 18). The results of the security review that pertained to "live" threats jeopardizing Bessemer's members were reported to Fiserv because these problems required urgent correction. Bessemer never disclosed any privileged communication or opinion to Fiserv or any outside entity. (Dkt. 48-7).

## Argument

Pursuant to FRCP 26(c), a party from whom discovery is sought may seek a protective order preventing discovery of certain matters on good cause shown in order to protect the party from annoyance, embarrassment, oppression, or undue burden or expense. Good cause consists of a particular need for protection, which includes the fact that the sought after discovery is protected by attorney-client privilege. *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986); *Casey v. Unitek Global Servs.*, 2015 U.S. Dist. LEXIS 15715 *4 (M.D. Pa. 2015).

Here, Bessemer's request for a protective order shielding Bessemer from annoyance, oppression, and undue burden regarding its security review should be granted because, as set forth in detail in opposition to Fiserv's motion to compel, the security review was conducted by a consulting expert engaged by outside counsel and is therefore protected by attorney-client privilege, consulting expert privilege, and attorney work-product doctrine. Moreover, Fiserv can

easily examine its own servers to ascertain the actions taken by the security reviewer, so the need for such discovery is unnecessary. Simply put, Bessemer believes Fiserv is only seeking disclosure on this subject in order to harass and inconvenience Bessemer, unduly increase the costs of litigation, and further threaten the security reviewer.  For these reasons, Bessemer is entitled to a protective order.

## I. The security review is protected by the attorney work product doctrine, consulting expert privilege, and the attorney-client privilege.

Bessemer respectfully refers the Court to its brief submitted in opposition to Fiserv's motion to compel (Dkt. 148), which includes a thorough discussion of the applicable law related to the work product doctrine, the consulting expert privilege, and the attorney-client privilege. For the reasons set forth in its prior memorandum, discovery on the security review is protected because it involves trial counsel's relationship with a consulting expert, reveals the thoughts and mental impressions of trial counsel, and was done to render legal advice to Bessemer.

Discovery on these topics would reveal  (i) communications with a nontestifying consulting expert, which is privileged; (ii) trial counsel's mental impressions on what information is important for evaluating and pursuing Bessemer's legal claims, which is work product; and (iii) the specifics of Bessemer's requested legal advice, which is privileged. Based on the foregoing, and because Bessemer has not waived any privilege as it relates to "security review" documents, it is respectfully submitted that good cause exists for the Court to enter an order protecting information related to the security review from discovery.

## II. A Protective Order is necessary to protect Bessemer and its consulting expert from undue burden and harassment.

In addition to protecting the security review information based on the work product, attorney-client and consulting expert privileges, Bessemer's motion for a protective order should be granted so as to guard against Fiserv harassing Bessemer and the consulting expert it engaged.

Revealing the expert's identity would undoubtedly lead to unnecessary intrusion and harassment. Indeed, Fiserv has already explicitly threatened Bessemer's security expert, in writing, with civil claims and criminal prosecution:

> Fiserv is actively investigating whether the conduct by Bessemer and the other third parties that planned, coordinate or executed [the security review] violates and gives rise to claims (both civil and criminal) under the Computer Fraud and Abuse Act, 18 U.S.C. 1030, and similar state laws that prohibit unauthorized access to and penetration of computer systems, as well as common law claims for, among other things, conversion, trespass and tortious interference.
>
> This is a very serious matter. Fiserv is actively investigating and will pursue all available rights and remedies aggressively.

*See* Dkt. 48-8, p. 3).

Fiserv's threat to "aggressively" respond is not an idle one. Fiserv has already filed an unsuccessful Rule 11 motion in this action after Bessemer refused to withdraw a claim that survived a motion to dismiss. *See* Dkt. 115. Permitting Fiserv to engage in further intrusive discovery into Bessemer's security review would only serve to harass Bessemer and its consulting expert, and chill Bessemer's and other data breach victims' opportunities to engage experts to examine data breaches. Granting a protective order will allow the parties to focus on the merits of the claims, rather than engaging in collateral attacks and tactics that serve no legitimate purpose in advancing the proportional resolution of this litigation.

Bessemer has no objection to having its CEO and other representatives deposed regarding Bessemer's intent and state of mind regarding the security review, and Bessemer will produce any non-privileged documents on this subject. Bessemer, however, seeks to protect the privileges and protections granted to a consulting expert engaged by trial counsel, and prevent unnecessary harassment of that expert. It is respectfully submitted that a protective order is necessary to prevent the discovery of the privileged security review information and to protect both Bessemer and the

4

individual who performed the security review. Thus, Bessemer requests that the Court issue a protective order, providing the Parties with guidance on the permissible scope of such discovery moving forward, including whether the identity of the nontestifying expert can be maintained as confidential.

## Conclusion

For the foregoing reasons, Bessemer respectfully requests that the Court: (i) grant Bessemer's motion; (ii) enter Bessemer's proposed protective order as it relates to the protection of information and documents related to the security review and limiting the scope of discovery on this topic moving forward; (iii) grant Bessemer's request, pursuant to FRCP 37(a)(5)(A), for attorneys' fees and expenses incurred in making the within motion; and (iv) granting such other and further relief.

Dated: January 31, 2022

Respectfully submitted,

*/s/ Charles J. Nerko*

| | |
|---|---|
| Charles J. Nerko (NY 4764338) | Richard J. Parks (PA 40477) |
| Benjamin M. Wilkinson (NY 4927661) | PIETRAGALLO, GORDON, ALFANO, |
| Sarah A. O'Brien (*pro hac vice* to be filed) | BOSICK & RASPANTI, LLP |
| BARCLAY DAMON LLP | 7 West State Street, Suite 100 |
| 80 State Street | Sharon, PA 16146 |
| Albany, NY 10020 | (724) 981-1397 |
| (518) 429-4200 | rjp@pietragallo.com |
| cnerko@barclaydamon.com | |
| bwilkinson@barclaydamon.com | *Counsel for Plaintiff* |
| sobrien@barclaydamon.com | *Bessemer System Federal Credit Union* |