# EXHIBIT 2

| | |
|---|---|
| **From:** | Patterson, Tim |
| **To:** | Nerko, Charles J. |
| **Cc:** | Wronski, Andy; Byam-Katzman, Jesse L.; Stone, Betsy; Efrem Grail; Brian C. Bevan; Richard J. Parks <RJP@Pietragallo.com> (RJP@Pietragallo.com) |
| **Subject:** | RE: Fiserv/Bessemer - follow-up from today"s call |
| **Date:** | Monday, July 1, 2019 4:36:18 PM |
| **Attachments:** | Bessemer System FCU (45460) - Charlotte - Deconversion Extract - Notices.msg<br>SEND SECURE} Bessemer System FCU (45460) - Charlotte - Deconversion Extract - Notices.msg |

Charles,

I write in response to your June 28 email. The tone and content of your email were both disappointing and surprising and, in Fiserv Solutions' view, not in keeping with the Court's admonition that the parties and counsel should work together cooperatively. As you know, we reached out to schedule a call between the technical professionals the same afternoon as the hearing and conducted that call on Friday. From our perspective, the call was productive and largely resolved the outstanding issues, although Bessemer and CompuSource had a few additional questions (which we have answered below). Given that progress, we simply do not understand your demand to "meet and confer" and stated intent to renew Bessemer's request for injunctive relief. We also reiterate, once again, that there was no "replevin action settlement" and suggest that such continued legal posturing is both unnecessary and unhelpful.

With respect to the substance of your email:

1. On Friday afternoon, Fiserv Solutions provided CompuSource the approximately 900 PDF documents that were inadvertently omitted from deconversion via Fiserv Solutions' secure FTP site. Although you were copied on the file-transmission emails, I've attached courtesy copies of that correspondence for your convenience. This omission was clearly an oversight and was identified through a call between Fiserv Solutions and CompuSource, demonstrating precisely why a more cooperative approach between the parties and their technical professionals, rather than continued legal threats and demands, is the appropriate and productive one. The accusatory tone in your email is misplaced. Fiserv considers the issue resolved.

2. The purported Regulation E issue has also been fully resolved. Fiserv Solutions explained fully to CompuSource what "opt-in" data exists and where that data was provided in the original deconversion files. As explained during Friday's call, Fiserv Solutions is not withholding anything here – there simply is no other debt card opt-in data.

3. We evaluated Bessemer's request that Fiserv Solutions convert the eFichency text files it provided to Bessemer into individual PDF reports. We have verified that Fiserv Solutions' eFichency software only supports on-demand generation of <u>individual</u> PDF reports and does not support bulk (aka batch) conversion of multiple stored text files to PDF. Therefore, Fiserv Solutions cannot convert the voluminous eFichency archive on a large-scale, batch basis. Providing individual PDF reports for each of Bessemer's member's statements dating back to 2005 (or even for a shorter period) would require a separate, individual file request for each desired statement, a task that would require hundreds (if not thousands) of hours of labor. Bessemer is not, as your email suggests, entitled to the eFichency archive in PDF format. Rather, as the eFichency Services Schedule to the parties' Master Agreement makes clear, upon deconversion, Bessemer is entitled to the eFichency archive "in Fiserv's then current electronic media format." (eFichency Services Schedule § 4(c)(1).) Fiserv Solutions' current electronic media format for its eFichency archive is a text file – the identical file format

provided to Bessemer last week. Neither the Master Agreement, nor any applicable law, requires Fiserv Solutions to ensure Bessemer has access in perpetuity to the "usability one would have using the eFichency service," as your email demands. We are also unaware of what "legal compliance purposes" require Bessemer to maintain this information in PDF format (or any particular format), but if you are aware of a specific statute or regulation that does so, please identify it. Finally, we presume that CompuSource or another vendor can convert this data for Bessemer if Bessemer desires a different format. While such a claim would have no basis, if Bessemer believes that the Master Agreement requires Fiserv Solutions to provide this data in PDF form, its remedy is to convert the data itself and assert a monetary claim for its supposed damages; there is absolutely no basis for mandatory injunctive relief here.

4. Fiserv Solutions also reviewed its ability to take the eFichency archive offline without losing the information's functionality or the ability to restore the data online at a later time. Fiserv Solutions determined that this outcome is achievable through a process by which all access credentials are disabled. After this occurs, the information will be offline and static and will remain stored in an encrypted format. We await Bessemer's direction on this front, and Fiserv Solutions will keep this information online and available to Bessemer employees until September 2, 2019, unless Bessemer instructs Fiserv Solutions to take the information offline sooner. As you know, Bessemer told the Court it was imperative that eFichency data be taken down immediately after the password issue was resolved, but now suggests that it needs the data to remain available in an online format. Because Bessemer already has a complete copy of this information, nothing in this email should be construed as a commitment to restore access to the eFichency archive once it is taken offline. Fiserv Solutions will assess any such request to restore access at the time it is made.

Fiserv believes that all outstanding issues have been resolved. If Bessemer disagrees, we are available for a meet and confer call tomorrow any time after 4:00 p.m. ET. That said, Fiserv Solutions has acted promptly and cooperatively here and will certainly continue to oppose any request by Bessemer for "provisional" or "injunctive" relief.

Thank you,
Tim

Tim Patterson
**Foley & Lardner LLP**
O: 414.319.7177
C: 262.227.4572
tjpatterson@foley.com

**From:** Nerko, Charles J.
**Sent:** Friday, June 28, 2019 3:32 PM
**To:** Patterson, Tim
**Cc:** Wronski, Andy ; Richard J. Parks (RJP@Pietragallo.com) ; Byam-Katzman, Jesse L. ; Stone, Betsy ; Efrem Grail ; Brian C. Bevan
**Subject:** Re: Fiserv/Bessemer - follow-up from today's call

**\*\* EXTERNAL EMAIL MESSAGE \*\***

Tim,
Per Fiserv's admission on the call, approximately 900 PDF documents were not provided to

Bessemer as part of the deconversion. We request that Fiserv produce the missing PDF documents from eFichency to Bessemer by Monday.

Further, as we explained during the call, the remaining "documents" stored in Fiserv's eFichency archive were produced to Bessemer in a non-documentary, coded text form. As Fiserv's eFichency service allows its users to view these records as PDF images, we requested that Fiserv produce these records as PDF images that preserve all the metadata, images, and usability one would have using the eFichency service.

As to the Regulation E records, Bessemer's new vendor is working on that issue in light of the new information and clarifications provided on the call.

It is imperative to Bessemer that Fiserv effectuate the parties' separation called for the replevin action settlement agreement as promptly as possible, and that Bessemer have records needed for its legal compliance purposes.

**If the above records are not fully produced to Bessemer as requested by Monday, Bessemer will renew its motion for provisional relief.** Toward that end, and given the doubts expressed by Fiserv that it can produce Bessemer's records in the required PDF form, please advise of your availability on Tuesday morning to schedule a meet-and-confer.

As to the request to take Bessemer's member information offline, Fiserv claimed that doing so may cause loss of functionality and make the data unrestorable. We request you provide further details concerning the impact of this, and why the data can't be retained in an offline mode. We think it would be premature to make a determination on taking member information offline until we get clarity on what Fiserv claims it cannot restore and whether Fiserv will complete its production of Bessemer's records by Monday.

Charles

**Charles J. Nerko**, Attorney at Law

VedderPrice

T +1 212 407 6933
Assistant: +1 212 407 7602

web | email | offices | biography

**From:** "tjpatterson@foley.com" <TJPatterson@foley.com>
**Date:** Friday, June 28, 2019 at 4:12 PM
**To:** Charles Nerko <cnerko@vedderprice.com>
**Cc:** Andrew Wronski <AWronski@foley.com>, "Richard com>" <RJP@Pietragallo.com>, "JByam-Katzman@foley.com" <JByam-Katzman@foley.com>, "BStone@foley.com" <BStone@foley.com>, Efrem Grail <egrail@graillaw.com>, "Brian C. Bevan" <bbevan@graillaw.com>
**Subject:** Fiserv/Bessemer - follow-up from today's call

Charles,

Thanks for helping coordinate today's call between Fiserv Solutions and CompuSource. I think it was productive. As promised, attached for the CompuSource representatives please find the client bulletin regarding Regulation E and the AE field that was disseminated to Bessemer in June 2010.

Fiserv Solutions is presently investigating the availability of PDF files in place of the TXT files stored in eFichency that were provided to CompuSource earlier today. I will update you once I

know more.

Please also note that, now that Bessemer and CompuSource have access to the eFichency drive, Fiserv Solutions is prepared to take the Bessemer member information stored in eFichency offline **at 5:00 p.m. ET on Monday, July 1**. We believe this is consistent with Bessemer's request, and the Court's direction, at the June 26 hearing. Fiserv Solutions does not, however, wish to cause an interruption to Bessemer's access to the eFichency information in the event CompuSource does not have it operational by July 1. **Accordingly, please confirm in writing whether Bessemer wants this information to remain online past 5:00 p.m. ET on Monday, July 1**. If we do not hear from you by then, the information will no longer be available online at that time.

Thanks,

Tim

Tim Patterson

**Foley & Lardner LLP**

O: 414.319.7177

C: 262.227.4572

tjpatterson@foley.com

The preceding email message may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.

CONFIDENTIALITY NOTE: This e-mail is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this e-mail message is not the intended recipient, or the employee or agent responsible for delivery of the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is prohibited. If you have received this e-mail in error, please notify us immediately by telephone at (312) 609-5038 and also indicate the sender's name. Thank you.

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, with Vedder Price (CA), LLP which operates in California and with Vedder Price Pte. Ltd. which operates in Singapore.