# EXHIBIT 5



ATTORNEYS AT LAW

777 EAST WISCONSIN AVENUE
MILWAUKEE, WI  53202-5306
414.271.2400 TEL
414.297.4900 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
414.297.5518
awronski@foley.com

CLIENT/MATTER NUMBER
012474-0427

May 6, 2021

**Via E-Mail**

Charles Nerko
Alexander Mirkin
OFFIT KURMAN, P.A.
590 Madison Avenue, 6th Floor
New York, NY 10022
charles.nerko@offitkurman.com
amirkin@offitkurman.com

Richard Parks
PIETRAGALLO GORDON
ALFANO BOSICK & RASPANTI, LLP
7 West State Street, Suite 100
Sharon, PA 16146
rjp@pietragallo.com

Re:   Bessemer v. Fiserv, 2:19-cv-00624-RJC -
Bessemer's Responses to First Set of Discovery Requests

Dear Charles, Alexander and Richard:

We have reviewed Bessemer's Responses and Objections to Defendants' First Set of Discovery Requests.  Bessemer's objections and responses are seriously deficient in multiple respects.  This letter represents Defendants' effort to meet and confer in hopes of avoiding the need for future involvement by the Court.

As an initial matter, we were disappointed that Bessemer chose not to satisfy its discovery obligations after receiving several extensions to respond to Defendants' First Set of Discovery served November 9, 2020.  At the time of Bessemer's initial request for an extension, we asked whether Bessemer intended to provide meaningful, substantive responses.  In an email to Mr. Nerko dated December 3, 2020, my associate, Jesse Byam-Katzman stated that if Bessemer intended to assert wholesale objections, we would prefer to meet and confer sooner, rather than later, and expressed Defendants' expectation that Bessemer would "provide substantive responses, subject to its objections, and respond to [Defendants'] requests meaningfully and in good faith." Mr. Nerko responded, "[w]e assure you that our client will respond in good faith and in accordance with the rules to any discovery request in this case.  We, too, are very eager to get to the substance."  Based on that understanding, Defendants agreed to Bessemer's request and further extensions as the parties attempted to resolve this case.

Unfortunately, Bessemer's responses, served five months after Defendants made their requests and nearly three years after Bessemer filed this case, are cursory, incomplete and riddled with baseless objections.  There is little, if any, "substance" here.  For starters, Defendants served 21 interrogatories, a number of which seek information concerning certain specific allegations in Bessemer's Second Amended Complaint.  Bessemer asserted wholesale objections to all but four

AUSTIN
BOSTON
CHICAGO
DALLAS
DENVER

DETROIT
HOUSTON
JACKSONVILLE
LOS ANGELES
MADISON

MEXICO CITY
MIAMI
MILWAUKEE
NEW YORK
ORLANDO

SACRAMENTO
SAN DIEGO
SAN FRANCISCO
SILICON VALLEY
TALLAHASSEE

TAMPA
WASHINGTON, D.C.
BRUSSELS
TOKYO

4822-9242-7494



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 2

interrogatories and, even then, Bessemer merely provided vague references to documents it has not produced or answered in circular fashion by citing allegations in the SAC.  In addition, Bessemer has not produced any documents and when Defendants inquired on April 12 and 16, 2021, when Bessemer would begin producing documents, Bessemer refused to provide a date; three weeks later, Bessemer has not produced a single document.  Indeed, after repeatedly questioning the need for a protective order and stating that the Master Agreement's confidentiality provision should apply to the exchange of confidential documents and information, Bessemer objected to production on the grounds that a protective order has not yet been entered.

Bessemer is the plaintiff has had years to formalize its claims and prepare for discovery.  Defendants are entitled to full and complete responses, and to the prompt production of documents, so that they can commence depositions and prepare for summary judgment.  Defendants will not permit Bessemer to slow walk discovery any longer.  Bessemer has chosen to litigate, rather than resolve this case, and must now support its claims and fully satisfy its discovery obligations.

To that end, Defendants expect that Bessemer will promptly supplement its discovery responses and address the deficiencies discussed in this letter and requests a meet and confer. We are available for a meet confer on May 14, 17, and 18.  The parties should set aside at least two hours for the initial meet and confer, given the pervasive deficiencies in Bessemer's responses.

## I.   Bessemer's General Objections.

General Objection 1.  Bessemer objected to the discovery requests "as disproportionate, overbroad, and unduly burdensome because they purport to impose obligations beyond governing case law, orders of the Court, the Federal Rules of Civil Procedure, and the Court's Local Rules."  Please articulate the basis for Bessemer's objection and identify the ways in which Defendants' discovery requests impose obligations beyond the laws, rules, and orders that govern discovery in this case.  Additionally, please identify the specific responses for which Bessemer has withheld responsive information or documents on the basis of this objection.

General Objection 4.  Bessemer stated that it will "employ email threading, deduplication, and search terms to identify items which are potentially responsive or that should be excluded from production," and objected to "searching for information or materials not reasonably identified by proportional search methodologies, including voicemails and other items not in text-based form."  As an initial matter, the parties are negotiating a stipulation and protocol to facilitate the exchange of electronically stored information, which includes and contemplates proportional search methodologies to identify responsive documents.  Prompt resolution of that stipulation should be possible, and it will obviate these objections.  Given these objections, Defendants will need to



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 3

understand Bessemer's protocol for identifying responsive documents and expect that Bessemer will provide the search terms and parameters used to identify documents.

   General Objection 5.  Bessemer has repeatedly stated that it does not understand the need for a protective order in light of the Master Agreement's confidentiality provision.  As such, Bessemer's refusal to produce documents barring the entry of a protective order is perplexing.  Moreover, given that Bessemer's only stated concern with the proposed protective order is the provision governing the "attorney's eyes only" designation, there is no reason for *Bessemer* to delay production of responsive information and documents.

   General Objection 8.  Bessemer asserts that it "will not search for or produce information or materials that are already in Fiserv's possession, custody, or control."  Bessemer's position is inconsistent with the Federal Rules of Civil Procedure.  Bessemer is required to produce responsive information in its possession, custody, or control, irrespective of whether Defendants may possess the same information.  Absent productions from both parties, which has not occurred, we do not understand how Bessemer could possibly determine what information is in Defendants' possession, custody, or control.  We ask that Bessemer identify the documents and information that Bessemer is withholding on the basis of this objection and explain how it determined that Defendants' have possession, custody, or control over such documents and information.

   General Objection 11.  Bessemer objected to Defendants' requests "because they do not allow a reasonable time for Bessemer to search for or produce materials or information, particularly in light of public health and other limitations imposed by the ongoing COVID-19 pandemic and the need for counsel to meet and confer."  We understand that Bessemer and its employees and officers have been operating on-site from at least the date Defendants served the First Set of Discovery Requests on November 9, 2020, through the date Bessemer served its responses on April 9, 2021.  As such, we do not understand what "limitations imposed by the ongoing COVID-19 pandemic" have deprived Bessemer of a reasonable time to search for and produce materials and information.  Likewise, counsel are able to meet and confer via telephone and have done so in this case to date.  Please articulate the ways in which the "need for counsel to meet and confer" has deprived Bessemer of a reasonable time to search for and produce responsive materials and information.

## II.  **Bessemer's Responses to Requests for Admission**

   Requests to Admit Nos. 4–5.  These requests ask Bessemer to admit that, with respect to Exhibit 6 of the Second Amended Complaint ("SAC"), the analysis of Security Scorecard, Inc. did not identify any actual security breach with respect to Fiserv Solutions and did not identify any actual security breach with respect to any account of any member of Bessemer.  In response to both



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 4

requests, Bessemer objected that "actual security breach" is a "vague, undefined term" and failed to admit or deny the requests.  Neither the word "actual" nor the term "security breach" is vague; both have common and readily-understood meanings.  In fact, in paragraph 48 of the SAC, Bessemer alleges "Fiserv had a security breach" and also referred to the same incident as a "data breach" in Paragraph 49.  Exhibit 5 to the SAC, also uses the term "security breach."  In Paragraph 45 Bessemer alleges Fiserv is "more likely to suffer a consequential breach"—if not a security or data breach, what type of breach was Bessemer referencing in this Paragraph?  Given Bessemer's repeated use and reliance on the term "security breach" in the SAC, Bessemer's objection is unfounded and evasive.  Bessemer possesses the analysis of Security Scorecard, Inc., filed as Exhibit 6 to the SAC, and is required to admit or deny these requests.

   Request to Admit No. 6.  This request asks Bessemer to admit that with respect to Exhibit 6 of the Second Amended Complaint ("SAC"), the analysis of Security Scorecard, Inc. did not identify any deficient security measures with respect to any specific services that Fiserv Solutions provided to Bessemer.  In response, Bessemer objected that "deficient security measures with respect to any specific services that Fiserv Solutions provided to Bessemer" is a "vague, undefined term" and did not admit or deny the request.  Bessemer's objection is meritless.  Neither the word "deficient" nor the term "security measures" is vague.  In paragraph 47 of the SAC, Bessemer alleges "Fiserv has been repeatedly put on notice that its security measures were deficient."  Moreover, Bessemer is aware of the specific services Fiserv Solutions provided to Bessemer.  Indeed, Bessemer's claims and allegations are premised on such services.  Bessemer's objection and failure to admit or deny the request is unfounded and evasive.  Therefore, Defendants request that Bessemer withdraw the objection and promptly respond to this request.

   Request to Admit No. 7.  This request asks Bessemer to admit that no member of Bessemer was affected by the "security vulnerability" alleged in Paragraph 51 of the SAC.  Bessemer stated that it cannot admit or deny this request because it does not know whether its members were affected by the "security vulnerability" through accounts held at other financial institutions.  Defendants will stipulate that this request is limited to member accounts held with Bessemer and does not seek an answer concerning accounts held at other financial institutions.  Please supplement the response accordingly.

   Request to Admit No. 9.  This request asks Bessemer to admit that it created fictitious accounts for individuals who were not actually Bessemer members for the purposes of conducting the Security Review.  Bessemer objected that the term "fictitious accounts" is vague and undefined.  The word "fictitious" is not vague; it has a common and readily-understood meaning.  The same is true of the word "account."  Moreover, the objection ignores the context provided by the request.  For the avoidance of doubt, Defendants define the term "fictitious account" as an account that does



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 5

not belong to an actual person and which was created solely for the purpose of the Security Review. Please advise whether this additional clarification affects Bessemer's response to the request.

Request to Admit Nos. 13 and 14.  These requests ask Bessemer to admit that the Security review did not result in unauthorized access to the account of any individual who was actually a Bessemer member at the time of the Security Review and did not result in unauthorized access to any account that was not a fictitious account created by Bessemer for the purposes of the Security Review.  Bessemer responded by providing the extraneous statement that "the vulnerability identified in the review could have been used equally well against other Bessemer accounts."  These requests do not ask for Bessemer's conjecture, they ask for admissions of fact.  Bessemer's unsolicited, responses regarding matters not at all addressed by the requests are improper and non-responsive.  There is no good faith basis for the qualification to Bessemer's admission.  Therefore, Defendants request that Bessemer promptly amend its responses and provide unqualified admissions.

Request to Admit No. 22.  This request asks Bessemer to admit that Fiserv Solutions notified Bessemer of potentially fraudulent activity relating to the Security Review before "Bessemer promptly reported to Fiserv the security vulnerabilities of the online banking website," as Bessemer alleged in Paragraph 67 of the SAC.  Bessemer objected to the phrase "potentially fraudulent activity" as vague and undefined.  Bessemer also denied the request.  Bessemer's objection is improper and Bessemer lacks a good faith basis for this denial.

On September 27, 2018, Joy Peterson, Bessemer's CEO, received a letter from Nick Barnes, then-Fiserv Solutions Chief Information Officer, which states: "As you are aware, we have to attempted to reach you both yesterday and today by phone and email to alert you of potentially fraudulent activity we identified on Bessemer System Federal Credit Union's (Bessemer's) online banking site." (Ex. 1 to Defendants' First Set of Discovery Requests.)  The letter goes on to describe an unusually and extremely high number of attempts to enroll in Bessemer's online banking beginning September 24, 2018.  (*Id.*)  Bessemer admits that Fiserv Solutions sent this letter to Bessemer on September 27, 2018.  (Response to RFA No. 28.)  And Bessemer later confirmed that the potentially fraudulent activity described in the letter was Bessemer's "Security Review."  The earliest date that "Bessemer promptly reported to Fiserv the security vulnerabilities of the online banking website," according to Bessemer, was a letter from Charles Nerko to Andrew Wronski dated September 28, 2018.  (Response to RFA No. 30 (citing SAC Ex. 7).)  Accordingly, Bessemer's denial is contradicted by its own allegations and discovery responses.  Defendants request that Bessemer promptly amend its response to this request or explain its good faith basis for this denial.

Request to Admit No. 23 and 25.  These requests ask Bessemer to admit that Fiserv Solutions attempted to notify Bessemer of potentially fraudulent activity relating to the Security Review by making one or more telephone calls to Joy Peterson, and that Fiserv Solutions left one or



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 6

more voicemails for Joy Peterson or other Bessemer employees in an attempt to notify Bessemer of potentially fraudulent activity relating to the Security Review.  In response, Bessemer stated that it "cannot answer" because Bessemer "cannot know what Fiserv attempted or intended to do."  Bessemer also stated that it "denies that any telephonic communication by Fiserv could constitute notice to Bessemer under the Master Agreement, § 11(f)."

Bessemer's purported lack of knowledge as to the purpose of Fiserv Solutions calls and content of the voicemails is incredible and the evasive response flouts Bessemer's discovery obligations.  As an initial matter, the purpose for Fiserv Solutions' calls and voicemails are described in a letter sent to Joy Peterson on September 27, 2018: "As you are aware, we have to attempted to reach you both yesterday and today by phone and email to alert you of potentially fraudulent activity we identified on Bessemer System Federal Credit Union's (Bessemer's) online banking site." (Ex. 1 to Defendants' First Set of Discovery Requests.)  Moreover, the purpose of Fiserv Solutions' calls to Bessemer and the content of the voicemails Fiserv Solutions left for Bessemer are documented in recorded voicemails, which Bessemer possesses (or should possess).  Fiserv Solutions requested these documents and Bessemer has objected to producing them. (Response to Document Request No. 26.)  Bessemer cannot feign ignorance while simultaneously refusing to investigate these factual issues.  *See* Fed. R. Civ. P. 36(a)(4) ("The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.")

Finally, Bessemer's extraneous and unsolicited conclusions regarding whether Fiserv Solutions' calls and voicemails to Bessemer constitute notice under the Master Agreement is inappropriate and non-responsive.  These requests do no ask whether such communications constitute notice under the Master Agreement.  As such, Bessemer is required to conduct a reasonably inquiry, amend its responses, and respond to the factual requests actually asked of it.

Request to Admit No. 27.  This request asks Bessemer to admit that on or about September 26, 2018, Ms. Peterson sent an email to Fiserv Solutions directing that Fiserv Solutions communicate with her in connection with potentially fraudulent activity relating to the Security Review only by email.  Bessemer objected the phrase "potentially fraudulent activity" as vague and undefined.  Bessemer admitted that Ms. Peterson sent an email to Fiserv Solutions on or about September 26, 2018 concerning the Security Review but denied that the email concerned "potentially fraudulent activity" and stated that Ms. Peterson's email "speaks for itself."  Bessemer's objection and responses are improper for several reasons.  First, "potentially fraudulent activity" is not vague and has a readily-understood meaning, particularly in this context.  As Bessemer knows, on September 27, 2018, Ms. Peterson received a letter from Nick Barnes, then-Fiserv Solutions Chief Information Officer that states: "As you are aware, we have to attempted to reach you both



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 7

yesterday and today by phone and email to alert you of ***potentially fraudulent activity*** we identified on Bessemer System Federal Credit Union's (Bessemer's) online banking site." (Ex. 1 to Defendants' First Set of Discovery Requests) (emphasis added.)

Second, Bessemer lacks a good faith basis for its denial.  The September 26, 2018, email which Bessemer admits Ms. Peterson sent concerning the Security Review, was sent in response to an email from Robert Doucet that states: "I really need to speak with you as soon as possible regarding an issue we have detected on your Home Banking site.  Please call me on my cell."  Bessemer knows that the September 26 emails relate to the same potentially fraudulent activity referenced in the September 27 Security Notice.  Third, Bessemer's response, that the email "speaks for itself" is not an acceptable response.  *Guinan v. A.I. duPont Hosp. for Children*, 2008 WL 938874, at *5 (E.D. Pa. Apr. 7, 2008) ("It is not grounds for objection that the quoted or referenced statements are misquoted or taken out of context, or that 'the documents speak for themselves.'").  Defendants request that Bessemer withdraw its objection and promptly amend its response to this request.

Request to Admit No 29.  This request asks Bessemer to admit that neither Ms. Peterson nor any other Bessemer employee, officer, or executive responded to Fiserv Solutions with respect to the Security Notice.  Bessemer responded that "Bessemer admits that its outside counsel, who responded to the Security Notice, is not a Bessemer employee, officer, or executive."  Bessemer's response fails to "fairly respond to the substance of the matter" and is entirely non-responsive to the admission that Defendants actually requested. Fed. R. Civ. P 36(a)(4).  This request does not ask whether Bessemer's outside counsel is a Bessemer employee, officer or executive.  Bessemer's response is evasive and Bessemer has no good faith basis for attempting to re-write Defendants' requests.  *Benner v. V & O Press Co.*, 1986 WL 5175, at *2 (E.D. Pa. May 2, 1986) ("One cannot answer properly in the alternative, but must comply strictly and literally with the terms of the statute").  Therefore, Defendants request that Bessemer promptly amend its response and respond to the factual requests for admission actually asked of it.

Request to Admit No. 30.  This request asks Bessemer to admit that neither Ms. Peterson nor any other Bessemer employee, officer, or executive notified Fiserv Solutions that the potentially fraudulent activity relating to the Security Review was actually being conducted by Bessemer.  Bessemer objected that the term "potentially fraudulent activity" is a vague and undefined term, and responded that "Bessemer admits that its outside counsel, who responded to the Security Notice, is not a Bessemer employee, officer, or executive."  Bessemer's objection is improper and without merit for the reasons described above.  Bessemer's response fails to "fairly respond to the substance of the matter" and is entirely non-responsive to the admission that Defendants actually requested. Fed. R. Civ. P 36(a)(4).  This request does not ask whether Bessemer's outside counsel is a Bessemer employee, officer or executive.  Bessemer's response is



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 8

evasive and Bessemer has no good faith basis for attempting to re-write Defendants' requests. *Benner v. V & O Press Co.*, 1986 WL 5175, at *2 (E.D. Pa. May 2, 1986) ("One cannot answer properly in the alternative, but must comply strictly and literally with the terms of the statute"). Therefore, Defendants request that Bessemer promptly amend its response and respond to the factual requests for admission actually asked of it.

      <u>Request to Admit No. 33 and 34.</u>  These requests ask Bessemer to admit that Bessemer is not aware of, nor has any Bessemer member reported to Bessemer, any specific incident in which acts or omissions of Fiserv Solutions have resulted in identity thieves using "Bessemer's member information for embarrassment, blackmail, or harassment in person or online, or to commit other types of fraud, including obtain ID cards or driver's licenses, fraudulently obtaining tax returns and refunds, and obtaining government benefits," as Bessemer alleges in Paragraph 81 of the SAC. Bessemer denied that it alleges such incidents of identity theft, and qualified its admission with the statement, "Bessemer's member information is valuable to identity thieves regardless of whether Bessemer knows of specific incidents of identity theft using that information."

      Bessemer's answers are non-responsive, argumentative, and inject unsolicited conclusions.  These requests do not ask whether Bessemer's member information is valuable to identify thieves; they seek factual admissions concerning Bessemer's actual knowledge and the reports (or lack thereof) that Bessemer has received from its members.  Bessemer has no good faith basis for qualifying its admission.  Moreover, Bessemer's objection is improper.  In Paragraph 81 of the SAC Bessemer alleges that "[i]dentity thieves can also use Bessemer's member information" for the purposes quoted above.  The requests merely ask for admissions that Bessemer is not aware of any specific incident in which Fiserv Solutions' acts or omissions have resulted in such use. Therefore, Defendants request that Bessemer promptly amend its responses to these requests and remove the extraneous, non-responsive information from each.

      <u>Request to Admit No 76 and 77.</u>  These requests ask Bessemer to admit that Bessemer accepted and used processing services provided by Fiserv Solutions from April 11, 2018 through June 1, 2019, and that those processing services were the same categories of services Fiserv Solutions provided to Bessemer between July 1, 2014 and April 2018.  Bessemer denied both requests.  We know of no good faith basis for which these requests could be denied.  Please explain the basis for Bessemer's denials.

      <u>Request to Admit No. 80.</u>  This request asks Bessemer to admit that, on or about November 1, 2018, CompuSource notified Fiserv Solutions that it was targeting a deconversion date of May 31, 2019.  Bessemer responded that it "admits that, based on Fiserv's prior representations about the feasible timeline for deconversion, Bessemer set a target deconversion date of May 31, 2019."  Bessemer's response fails to "fairly respond to the substance of the matter" and is non-



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 9

responsive to the admission that Defendants actually requested.  Fed. R. Civ. P 36(a)(4).  Bessemer's attempt to inject arguments into its response is improper and evasive and Bessemer has no good faith basis for attempting to re-write Defendants' requests.  *Benner v. V & O Press Co.*, 1986 WL 5175, at *2 (E.D. Pa. May 2, 1986) ("One cannot answer properly in the alternative, but must comply strictly and literally with the terms of the statute").  Therefore, Defendants request that Bessemer promptly amend its response and respond to the factual requests for admission actually asked of it.

   Request to Admit No. 82.  This request asks Bessemer to admit that Fiserv Solutions agreed to CompuSource's proposed deconversion date of May 31, 2019.  Bessemer responded that it "admits that, based on Fiserv's prior representations about the feasible timeline for deconversion, Bessemer set a target deconversion date of May 31, 2019."  Bessemer's response fails to "fairly respond to the substance of the matter" and is non-responsive to the admission that Defendants actually requested.  Fed. R. Civ. P 36(a)(4).  The request seeks only an admission that Fiserv Solutions accepted the date of deconversion that CompuSource proposed.  There is no good faith basis to deny the request.  Bessemer's attempt to inject arguments into its response is improper and evasive and Bessemer has no good faith basis for attempting to re-write Defendants' requests. *Benner v. V & O Press Co.*, 1986 WL 5175, at *2 (E.D. Pa. May 2, 1986) ("One cannot answer properly in the alternative, but must comply strictly and literally with the terms of the statute"). Therefore, Defendants request that Bessemer promptly amend its response and respond to the factual requests for admission actually asked of it.

   Request to Admit No. 83.  This request asks Bessemer to admit that it ceased using Fiserv Solutions as its processing vendor on June 1, 2019.  Bessemer denied this request.  We do not understand the basis for Bessemer's denial.  Notably, Bessemer admitted that it began using CompuSource as its processing vendor on June 1, 2019 in response to Request to Admit No. 84.  Accordingly, we ask that Bessemer explain the basis for this denial and identify the date in which it contends it ceased using Fiserv Solutions as its processing vendor.

   Request to Admit No. 86.  This request asks Bessemer to admit that Fiserv Solutions never told Bessemer that deconversion before June 2019 was "impossible."  Bessemer stated "it cannot admit or deny this request because it has no recollection of whether the specific word 'impossible' was used by Fiserv."  Bessemer also provided unsolicited statements regarding its "understanding," based on unspecified representations, that it was unable to obtain records until June 2019.  It is curious that Bessemer has enough information about the purported representations on which it relied to represent its "understanding" but nonetheless claims it lacks the information to admit or deny the requests.  After making a reasonable inquiry, Bessemer should have the information required to admit or deny the request.  Defendants request that Bessemer amend its response accordingly and delete the extraneous, non-responsive information from its response.



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 10

       <u>Request to Admit No. 89.</u>  This request asks Bessemer to admit that on or about December 3, 2019, Fiserv Solutions provided to Bessemer a proposed form of Settlement Agreement that provided for the waiver of any and all early termination fees.  Bessemer stated: "Bessemer objects to the misleading term 'waiver of any and all early termination fees.'  Fiserv could not 'waive any and all early termination fees' because Bessemer has no obligation to pay any such fees based on Fiserv's material breach."  Bessemer also denied the request.  Bessemer's objection is non-responsive, argumentative, and injects unsolicited legal conclusions.  The request does not ask for Bessemer's conclusions as to its obligations.  This request seeks an admission of fact—specifically, the contents of a document provided to Bessemer on December 3, 2019.  Bessemer's response is evasive and Bessemer has no good faith basis for attempting to re-write Defendants' requests.  Bessemer possesses the proposed Settlement Agreement provided on December 3, 2019, and therefore, Defendants request that Bessemer amend its responses and respond to the factual requests actually asked of it.

### III.    Bessemer's Responses to Interrogatories

       Even though this case was filed some three years ago and Bessemer had five months to prepare its interrogatory responses, Bessemer chose to assert largely boilerplate objections to every interrogatory.  At bottom, Bessemer says that the interrogatories are premature and that the subject matter is better explored through depositions.  Given the time that has passed, none of this is premature.  Bessemer has twice amended its complaint.  It knows (or should know) the facts on which its claims are based and Defendants are entitled to this information now.  The fact discovery deadline is only six months away.  Moreover, the Second Amended Complaint is 90 pages long and has over 334 paragraphs.  The notion that Defendants could – much less must – explore all of Bessemer's allegations though depositions is specious.  Defendants' interrogatories are timely and targeted at specific claims.  Bessemer's obligation is to respond now and to respond fully.

       <u>Interrogatory No. 1.</u>  This interrogatory requests that Bessemer state the complete factual basis for each claim it asserts against Fiserv, Inc. and, to the extent Bessemer contends that Fiserv, Inc. is vicariously liable for any claim asserted against Fiserv Solution, to state the complete factual basis for such contention.  Bessemer did not respond to this interrogatory and only asserted the following objections: (i) the interrogatory is overly broad, unduly burdensome, premature, and not proportional to any legitimate need, (ii) Fiserv has not yet provided any discovery, (iii) the Court determined that Bessemer's 90-page complaint contains sufficient factual details, (iv) Fiserv has control over or access to much of the evidence of its alleged misconduct, (v) the interrogatory is calculated to prejudice Bessemer, and (vi) the interrogatory is a contention interrogatory that purports to require costly and burdensome supplementation.



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 11

Bessemer's objections are not well taken.  Bessemer is the plaintiff and initiated this action some three years ago.  Bessemer should not need any discovery from Defendants to explain the factual basis for its claims against Fiserv, Inc. and Bessemer has not served any discovery requests.  Bessemer was required to have evidentiary support for its claims, including its claims against Fiserv, Inc., when it filed the SAC.  Bessemer admits that Fiserv, Inc. is not a signatory to the Master Agreement.  (Response to RFA No. 3.)  Accordingly, the interrogatory merely seeks the basis for Bessemer's claims against a party with which it had no contractual relationship.  If requiring Bessemer to set forth the basis for its claims against a defendant is unduly burdensome or not proportional to the needs of the case, it stands to reason that no factual information sought in this case could be proportional to the needs of the case.  Of course, that is not the case.  If Bessemer finds it too burdensome to provide this basic information, it should dismiss all claims against Fiserv, Inc.

Bessemer's reference to the Court's ruling on Defendants' motion to dismiss is puzzling.  The Court has already called into question the sufficiency of Bessemer's claims against Fiserv, Inc.[1]  In any event, the Court previously ruled on the plausibility of Bessemer's allegations.  Defendants' discovery requests seek the factual and evidentiary basis for these allegations.  In light of Bessemer's 90-page complaint, this information should be readily available to Bessemer.

Finally, Bessemer's reliance on *United States v. Educ. Mgmt. LLC*, No. 2:07-CV-00461, 2013 WL 3854458, (W.D. Pa. May 14, 2013) is misplaced.  As stated in *Education Management*, the relevant inquiries are: "(1) whether compelling the interrogatories will increase the efficiency of the discovery process; and (2) whether resolving the interrogatories at this time will inappropriately lock Plaintiffs into certain legal positions."  Here, Bessemer's responses would increase the efficiency of the discovery process, "contribute meaningfully to clarifying the issues in the case, narrow the scope of the dispute," and "are likely to expose a substantial basis for a motion under Rule 11 or Rule 56."  Nor will Bessemer be inappropriately locked into legal positions.  Bessemer initiated this case three years ago and has twice amended its complaint.  Defendants merely seek the basis for the allegations against Fiserv, Inc. in the SAC.  Therefore, Defendants request that Bessemer withdraw its objections and promptly respond to this interrogatory.

Interrogatory No. 2.  This interrogatory asks whether Bessemer (or its counsel) have provided copies of any complaint, declaration, pleading or filing in this action to any third parties, and, if so, the date such documents were provided and to whom.  Bessemer did not respond to this

---

[1] (ECF No. 69 at 23-24) ("Bessemer has not set forth any basis or argument for this Court to conclude that Bessemer has an independent right to recovery as to Fiserv, Inc. that is not based upon the contractual relationship between Fiserv Solutions and Bessemer"), *id.* 33 n. 15 ("Bessemer has not set forth any basis or argument for this Court to conclude that Bessemer has an independent relationship with Fiserv, Inc. such that Fiserv, Inc. owes a separate duty to Bessemer that is not based upon the contractual relationship between Fiserv Solutions and Bessemer.")



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 12

interrogatory and only asserted the following objections: (i) the interrogatory is overly broad, unduly burdensome, premature, and not proportional to any legitimate need, and (ii) the interrogatory seeks information protected by the attorney-client privilege, work product doctrine, and financial institution examination privilege.  Bessemer also asserted that the identity of the people who received the filings in this case have nothing to do with the claims or defenses.

Bessemer's objections are improper and should be withdrawn.  Bessemer's (or its counsel's) dissemination of such documents is highly relevant to Fiserv Solutions claim for breach of the duty of good faith and fair dealing, which include allegations that Bessemer repeatedly threatened adverse consequences from negative publicity.  (Countercl. ¶¶ 1, 30-31.)  Defendants are entitled to know if Bessemer followed through on those threats and what damage ensued.  They are also entitled to know the identity of persons with discoverable information and knowledge of facts relating to this case.  If Bessemer shared information or documents with third parties, they may be witnesses and Defendants are entitled to have each identified.

Finally, Bessemer's privilege assertions are unfounded, as none of the cited privileges protect publicly filed documents or the identity of the people who received these documents from Bessemer and when.  Indeed, even if the underlying communications with such persons were protected (which is doubtful), information relating to identities and the dates of the communication are required to be listed on a privilege log.  Fed. R. Civ. P. 26(b)(5).  Therefore, Defendants request that Bessemer withdraw its objections and promptly respond to this interrogatory.

Interrogatory No. 3.  This interrogatory asks Bessemer to identify every "misrepresentation made by Fiserv to induce Bessemer to enter into the Master Agreement," as Bessemer alleges in Paragraph 28 of the SAC, including the person who made the misrepresentation, the recipient, the date, the content of the misrepresentation, and the basis for Bessemer's contention that each such statement was a misrepresentation.  Bessemer objected that (i) the interrogatory is overly broad, unduly burdensome, premature, and not proportional to any legitimate need, (ii) Fiserv has not yet provided any discovery, (iii) the Court determined that Bessemer's 90-page complaint contains sufficient factual details, (iv) Fiserv has control over or access to much of the evidence of its alleged misconduct, (v) the interrogatory is calculated to prejudice Bessemer, (vi) the interrogatory is a contention interrogatory that purports to require costly and burdensome supplementation, and (vii) the interrogatory prematurely seeks expert discovery.

Bessemer's objections are improper.  Bessemer is the plaintiff and initiated this action some three years ago.  Bessemer should not need any discovery from Defendants to identify the misrepresentations that Bessemer's claims induced it to enter into the Master Agreement.  The fraudulent inducement claim is ripe for summary judgment and Defendants are entitled to know the facts surrounding the alleged misrepresentations (or that Bessemer has no such facts).  Identifying



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 13

the representations on which it bases its claim of fraudulent inducement is not overly broad or
unduly burdensome, and is unquestionably proportional to the needs of the case.  Bessemer
ostensibly reviewed and relied upon such statements in preparing the SAC and should have them
readily available.  Bessemer's reference to the Court's ruling on the motion to dismiss is misplaced
for the reasons discussed above.  As to Bessemer's objections that the interrogatory is a contention
interrogatory, the case cited in Bessemer's objections refutes this position.  *United States v. Educ.
Mgmt. LLC*, No. 2:07-CV-00461, 2013 WL 3854458, at *22 (W.D. Pa. May 14, 2013) (holding that
interrogatories seeking identities, including speakers and recipients, terms of guaranty, and details
about alleged directions to deviate from plan, "are not contention interrogatories, and Plaintiffs
should be compelled to respond to them at this time").  Nor does this interrogatory, which seeks
specific factual information, call for expert opinions or discovery.

 Bessemer responded with a reference to Exhibit 3 of the SAC and stated it would
"produce business records containing the other misrepresentations Fiserv made to Bessemer."
Bessemer's response to this interrogatory is deficient and does not satisfy Federal Rule of Civil
Procedure 33(d), which requires Bessemer to specify business records "in sufficient detail to enable
[Defendants] to locate and identify them as readily as [Bessemer] could."  Bessemer's general
reference to other misrepresentations, does not satisfy Rule 33(d) and does not explain, which
specific statements, if any, induced Bessemer to the Master Agreement.  In any event, Bessemer has
not produced a single document.  Bessemer either has documents evidencing the representations it
relied upon in entering the Master Agreement, in which case they should be produced promptly, or it
does not, in which case Bessemer must respond fully to this interrogatory.  Defendants request that
Bessemer withdraw its objections, amend its response, and produce documents responsive to this
interrogatory.

 <u>Interrogatory No. 4.</u>  This interrogatory asks Bessemer whether it contends that
Virtual Branch did not comply with FFIEC authentication requirements on February, 2012, and July
1, 2014, and if so, to state the complete factual basis for such contention.  Bessemer did not respond
to this interrogatory and only asserted the same objections it raised in response to Interrogatory No.
3.  Those objections lack merit for the same reasons described above.  Bessemer's failure to respond
to this interrogatory is improper, evasive and inconsistent with its discovery obligations.

 Bessemer is the plaintiff and first initiated this case some three years ago.  Bessemer
was required to have evidentiary support for its claims and allegations, including its allegation that
Virtual Branch did not comply with FFIEC requirements.  Bessemer cannot simply make that
assertion without any evidentiary or factual basis and deny Defendants this information in discovery.
Bessemer should not need any discovery from Defendants to state whether it contends Virtual
Branch did not comply with FFIEC requirements on certain, specific dates.  If Bessemer has
knowledge of facts responsive to this interrogatory, it is required to disclose such facts.  If, on the



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 14

other hand, Bessemer does not have knowledge of facts responsive to this interrogatory request and intends to obtain such information from Defendants, Bessemer is likewise required to disclose as much.  Bessemer has done neither and continues to hide the ball on what should be readily available information.  Defendants request that Bessemer withdraw its objections and respond to this interrogatory.

      **Interrogatory No. 5.**  This interrogatory asks Bessemer to identify, with respect to Paragraph 43 of the SAC, (a) every express provision of the Master Agreement that Bessemer claims Fiserv Solutions has breached and the specific acts or omissions constituting such breach; and (b) every implied provision of the Master Agreement that Bessemer claims Fiserv Solutions has breached, the source of such" implied" provision, and the specific acts or omissions constituting such breach.  Bessemer did not respond to this interrogatory and only asserted the same objections it raised in response to Interrogatory Nos. 3 and 4.  Those objections lack merit for the same reasons described above.  Bessemer also objected that this interrogatory purports to require Bessemer to answer a "pure question of law" in seeking the source of the implied provisions for which Bessemer claims Fiserv Solutions breached.  This objection is wholly improper.  Bessemer alleged "Fiserv has not performed in accordance with the Master Agreement, has breached the express and implied terms of the Master Agreement." (SAC ¶ 44.)  Defendants are entitled to know the basis for this allegation, including what provisions of the Master Agreement Bessemer contends were breached and what "implied terms of the Master Agreement" Bessemer contends exist and were breached. Defendants are entitled to know what acts and omission constituted a breach and why.  That the interrogatory asks for Bessemer's "application of law to fact" does not make the interrogatory objectionable and does not excuse Bessemer from responding.  Fed. R. Civ. P. 33(a)(2).  Therefore, Defendants request that Bessemer withdraw its objections and promptly respond to this interrogatory.

      **Interrogatory No. 7.**  This interrogatory asks Bessemer to identify and itemize all damages incurred by Bessemer as a result of the "security breach[es]" alleged in Paragraphs 48 and 49 of the SAC.  Bessemer asserted the same objections it raised in response to Interrogatory Nos. 3 and 4.  Those objections lack merit for the same reasons described above.  Bessemer failed to respond to this interrogatory.  Bessemer did not list a single category of damages, any amount of damages, or describe in any way how Fiserv Solutions' purported security breaches have caused such damages.  Bessemer is required to amend its response to provide an adequate description and detail of its damages; indeed, Bessemer was required to itemize its damages over five months ago when it submitted its initial disclosures.  This dispute is over three years old and all damages allegedly incurred by Bessemer should have been calculated (or at least identified by category) by now.  Bessemer either has information on its alleged damages or it does not.  Either way it is required to respond to this interrogatory.  Therefore, Defendants request that Bessemer withdraw its objections and promptly respond to this interrogatory.



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 15

      <u>Interrogatory Nos. 9 and 10.</u>  These interrogatories ask Bessemer to identify every person (including counsel) involved in the Security Review, to describe the specific role played by each person in conducting the Security Review, to describe how the individual steps of the Security Review were performed, and what reports, analyses, or data were produced as a result of or in conjunction with the Security Review.  Bessemer objected that the requests are overly broad, unduly burdensome, not relevant to the claims or defenses, and not proportional.  Bessemer also objected that the interrogatories seek information protected by the attorney-client privilege, work product doctrine and financial institution examination privilege.  Bessemer further objected to Interrogatory No. 10 on the grounds that the burden of deriving an answer will be substantially the same to Fiserv, because the Security Review occurred on a Fiserv-hosted system.

      Bessemer's objections are baseless and evasive.  First, as to Bessemer's relevance and proportionality objections, Bessemer alleges that its Security Review revealed certain "security vulnerabilities" and "critical flaws."  (SAC ¶ 5, 59.)  And Fiserv Solutions' breach of contract and breach of the duty of good faith and fair dealing claims are premised, in large part, on Bessemer's Security Review.  The information sought regarding the identities and details of the Security Review is undoubtedly relevant and proportional to the claims and defenses.

      Second, the interrogatories do not seek any information or communications that could reasonably be subject to any privilege asserted by Bessemer.  The underlying facts and documents concerning Bessemer's Security Review and identities of those involved are not privileged.  "A litigant cannot shield from discovery the knowledge it possessed by claiming it has been communicated to a lawyer; nor can a litigant refuse to disclose facts simply because that information came from a lawyer."  *Rhone-Poulenc Rorer v. Home Indem. Co.*, 32 F.3d 851, 864 (3d Cir. 1994).  Notably, Bessemer has not identified any attorneys in its responses to these interrogatories.  If an attorney was involved, they must be identified.  Defendants are entitled to know who, when and what role was played by such attorney in order to test the assertion of privilege.  And Bessemer's reliance on the financial institution examination privilege is equally unavailing.  "The bank examination privilege is a qualified privilege, protecting from disclosure agency opinions and recommendations."  *Se. Pennsylvania Transportation Auth. v. Orrstown Fin. Servs., Inc*., 367 F. Supp. 3d 267, 277 (M.D. Pa. 2019). "[P]urely factual material falls outside the privilege and, if relevant, must be produced.  *Id.*  Pennsylvania law is the same.  *Commonwealth v. Vartan*, 733 A.2d 1258, 1265 (Pa. 1999) ("[T]he Court recognizes the existence of a deliberative process privilege that protects confidential deliberations of law, or policymaking that reflect opinions, recommendations or advice.").  At any rate, Bessemer has put these facts at issue and cannot use a purported privilege "as both a 'shield' and a 'sword.'" *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 222 (3d Cir. 2006)

      Third, Bessemer's objection that Defendants may also possess information concerning the Security Review (because it was conducted on Fiserv's systems) is meritless.



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 16

Bessemer conducted or commissioned the Security Review.  Only Bessemer knows what specific methods and tasks were employed to plan, prepare for and conduct the Security Review, and what witnesses were involved.  Defendants are entitled to all of this information and all responsive documents in Bessemer's possession, custody or control.  That Defendants may possess certain information relating to the same subject matter does not alleviate Bessemer's discovery obligation.  Defendants request that Bessemer withdraw its objections and respond to these interrogatories.

Interrogatory No. 12.  This interrogatory asks Bessemer to identify, with respect to Paragraph 76 of the SAC, each Bessemer member that has placed a fraud alert or credit freeze on a Bessemer account in response to Fiserv Solutions' "data breach," the specific breach that resulted in such alert or freeze, and the "increased costs" incurred by Bessemer as a result of each such alert or freeze.  Bessemer objected that the request is overly broad, unduly burdensome, premature, and not proportional to the needs of the case.  Bessemer also objected that the interrogatory "puts the cart before the horse" and Defendants should identify which of Bessemer's 4,000-plus members were victimized as a result of Fiserv Solutions "data breaches."  Bessemer also objected that the interrogatory seeks expert discovery.  Bessemer did not provide any substantive response to this interrogatory.

Bessemer's objections are improper.  Bessemer is the plaintiff and initiated this action some three years ago.  Bessemer should not need any discovery from Defendants to identify the information supporting its own allegation that members "have placed fraud alerts or credit freezes in response to Fiserv's data breaches" and Bessemer has "faced increased costs."  (SAC ¶ 76.)  If Bessemer knows of such members, they must be identified.  If not, Bessemer must say it is aware of none.  The time for vacuous and salacious allegations and hiding the ball is over.  This information sought is not overly broad or unduly burdensome, and is unquestionably proportional to the needs of the case.  Bessemer ostensibly reviewed and relied upon certain information in preparing the SAC and should have that readily available.  In terms of the horse and cart, it is Bessemer that has things backwards.  Bessemer should have conducted an investigation and identified a factual basis for its claims *before* asserting them.  Bessemer's boilerplate assertion that it needs discovery from Fiserv Solutions to formulate and support its claims is meritless.  If Bessemer is not aware of any "members who have placed fraud alerts or credit freezes in response to Fiserv's data breaches," then its response should state as much.  The interrogatory does not ask Bessemer to pull information on each and every Bessemer member, it merely seeks information concerning the member or members referenced in Paragraph 76 of the SAC.  Nor does this interrogatory, which seeks specific factual information, call for expert opinions or discovery.  Defendants request that Bessemer withdraw its objections and answer the interrogatory.

Interrogatory No. 13.  This interrogatory asks Bessemer to identify each incident in which Bessemer contends that acts or omissions of Fiserv Solutions have resulted in identity thieves



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 17

using "Bessemer member information for embarrassment, blackmail, or harassment in person or online, or to commit other types of fraud, including obtain ID cards or driver's licenses, fraudulently obtaining tax returns and refunds, and obtaining government benefits," as Bessemer alleges in Paragraph 81 of the SAC. Bessemer incorporated its objections asserted in response to Interrogatory No. 12, and those objections are improper and without merit for the reasons described above. Bessemer also objected that the interrogatory falsely characterizes what Bessemer alleges in Paragraph 81 of the SAC.

We do not understand Bessemer's objection. Bessemer alleges that identity thieves can use Bessemer member information for various purposes. Read in context, the allegations imply that identity thieves can use Bessemer member information as a result of Fiserv Solutions' acts and omissions. (*See* ¶¶ SAC 74-81). The interrogatory asks Bessemer to identify the incidents in which identity thieves have used Bessemer's member information as a result of Fiserv's Solutions acts or omission. If Bessemer, is not aware of any such instances, it should just say so and stop giving Defendants the run-around. Defendants request that Bessemer withdraw its objections and answer this interrogatory.

Interrogatory No. 16. This interrogatory asks Bessemer to identify each and every representation that Bessemer contends Fiserv Solutions made with respect to its data security protocols and systems as alleged in Paragraphs 117, 118, 119, and 120 of the SAC, including the person who made the misrepresentation, the recipient, the date, the content of the misrepresentation, and the basis for Bessemer's contention that each such statement was a misrepresentation. Bessemer objected that (i) the interrogatory is overly broad, unduly burdensome, premature, and not proportional to any legitimate need, (ii) Fiserv has not yet provided any discovery, (iii) the Court determined that Bessemer's 90-page complaint contains sufficient factual details, (iv) Fiserv has control over or access to much of the evidence of its alleged misconduct, (v) the interrogatory is calculated to prejudice Bessemer, (vi) the interrogatory is a contention interrogatory that purports to require costly and burdensome supplementation, and (vii) the interrogatory prematurely seeks expert discovery.

Bessemer's boilerplate objections are improper here, too. Bessemer is the plaintiff and initiated this action some three years ago. Bessemer should not need any discovery from Defendants to identify the misrepresentations that Bessemer alleges in the SAC. Identifying such representations is not overly broad or unduly burdensome, and is unquestionably proportional to the needs of the case. Bessemer ostensibly reviewed and relied upon such statements in preparing the SAC and should have them readily available. Bessemer's reference to the Court's ruling on the motion to dismiss is misplaced for the reasons discussed above. As to Bessemer's objections that the interrogatory is a contention interrogatory, the case cited in Bessemer's objections refutes this position. *United States v. Educ. Mgmt. LLC*, No. 2:07-CV-00461, 2013 WL 3854458, at *22 (W.D.



**FOLEY**

FOLEY & LARDNER LLP

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 18

Pa. May 14, 2013) (holding that interrogatories seeking identities, including speakers and recipients, terms of guaranty, and details about alleged directions to deviate from plan, "are not contention interrogatories, and Plaintiffs should be compelled to respond to them at this time"). Nor does this interrogatory, which seeks specific factual information, call for expert opinions or discovery.

Bessemer responded with a reference to Exhibit 3 of the SAC and stated it would "produce business records containing the other misrepresentations Fiserv made to Bessemer." Bessemer's response to this interrogatory is deficient and does not satisfy Federal Rule of Civil Procedure 33(d), which requires Bessemer to specify business records "in sufficient detail to enable [Defendants] to locate and identify them as readily as [Bessemer] could." Bessemer's general reference to other misrepresentations, does not satisfy Rule 33(d) and Bessemer has not produced a single document. Bessemer either has documents evidencing the representations it purportedly relied upon, in which case they should be produced promptly, or it does not, in which case Bessemer must respond fully to this interrogatory. Defendants request that Bessemer withdraw its objections, amend its response, and produce documents responsive to this interrogatory.

Interrogatory No. 19. This interrogatory asks Bessemer to identify every category of record or data that Bessemer contends remains in the possession, custody, or control of Fiserv Solution and that was not provided to Bessemer in connection with its deconversion along with the provision(s) of the Master Agreement that require Fiserv Solutions to provide each such category of records or data. Bessemer did not provide any substantive response to this interrogatory and only asserted the same objections it raised in response to Interrogatory Nos. 3, 4, 12, and 16. Bessemer also objected that the phrases "category of type or record or data" and "in connection with its deconversion" are somehow vague and ambiguous. Bessemer's objections and failure to respond to this interrogatory are improper and inconsistent with its discovery obligations.

Bessemer is the plaintiff and first initiated this case some three years ago. Bessemer was required to have evidentiary support for its claims and allegations, including its allegations that Fiserv Solutions failed to return certain records and data on which Bessemer premises its claims for breach of contract, bailment, and declaratory relief. Bessemer should not need any discovery from Defendants to identify the category of records and data that Bessemer contends it did not receive and the contractual provisions that require Fiserv Solutions to provide such records and data. Defendants are entitled to know what documents and records it is supposedly withholding. It is inconceivable that Bessemer could make this allegation in good faith without knowing what those categories of records supposedly are. If Bessemer has knowledge of facts responsive to this interrogatory, it is required to disclose such facts. If, on the other hand, Bessemer does not have knowledge of facts responsive to this interrogatory, Bessemer is likewise required to disclose as much. Bessemer has done neither and continues to hide the ball on what should be readily available information. Indeed, in light of counsel's repeated accusations that, to this day deconversion has not been completed,



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 19

Bessemer should have information on the data and records that Bessemer contends Fiserv Solutions is required to provide in order to complete deconversion.  Defendants request that Bessemer withdraw its objections and respond to this interrogatory.

Interrogatory No. 20.  This interrogatory asks Bessemer to identify with particularity every "trade secret" that Bessemer alleges that Fiserv Solutions has misappropriated and the specific acts and omissions by Fiserv Solutions that Bessemer contends constitute such misappropriation as to each secret.  Bessemer asserted the same objections it asserted in response to Interrogatory Nos. Nos. 3, 4, 12, 16, and 19.  Those objections lack merit for the same reasons described above.

Bessemer responded with a reference to Paragraphs 302-312 of the SAC.  Bessemer's response is circular.  These paragraphs of the SAC do not explain the specific information that Bessemer contends are trade secrets, and instead merely refer to member information, accounts, accounts records and information, credit information, methods and codes used to access online banking accounts, and information regarding linked accounts that permit Bessemer and its members to transfer or withdraw funds.  The categories of information listed in the SAC as purported trade secrets are broad enough to encompass every category of information Bessemer receives or provides in the ordinary course of its business operations.  These allegations do not sufficiently identify the specific information that Bessemer contends constitute trade secrets.  Further, Bessemer's citations to unspecified misrepresentations that induced Bessemer to enter the Master Agreement and conclusory allegations of Fiserv Solutions purported use of Bessemer's "trade secrets" without Bessemer's consent is likewise deficient.  Bessemer did not respond to the interrogatories that seek information on the specific representations on which Bessemer claims to have relied upon.  (*See, e.g.,* Responses to Interrogatories Nos. 3, 4, 6.)  Further, in response to Defendants' motion to dismiss, Bessemer argued that "whether information rises to the level of a trade secret under the PUTSA is a question of fact."  (ECF No. 54 at 28.)  The interrogatory seeks information to resolve this question.  Bessemer's refusal to provide a meaningful response is troubling and inconsistent with its discovery obligations.  Defendants request that Bessemer withdraw its objections and supplement its response to the interrogatory.

## IV.    Bessemer's Responses to Requests for Production

Documents for Immediate Production.  In light of Bessemer's denials to Request to Admit Nos. 31, 32, 37, 38, 53, 94, 95, 96, and 97, it is evident that Bessemer relied upon specific documents responsive to (at a minimum) Requests for Production Nos. 29, 31, 30, 32, 33, 47, 98, 100, 101, and 102.  We presume these documents are readily available to Bessemer and expect that Bessemer can and will produce these documents immediately.  We requested that Bessemer provide a date on which it will begin producing documents on April 12 and 16, 2021.  Bessemer has declined



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 20

to provide such a date and has not commenced its production.  There is no justifiable basis for further delay.

        <u>Request Nos. 4, 5, 6 and 8.</u>  These requests seek documents relating to the negotiation of the Master Agreement, documents relating to any statement, representation or communication by Fiserv Solutions that Bessemer contends induced Bessemer to enter into the Master Agreement, and documents relating to communications between Bessemer and Fiserv Solutions relating to the capabilities, specifications, security features, including FFIEC compliance, of Fiserv Solutions' Virtual Branch and Charlotte core processing systems.  The time period for these requests includes all periods before July 1, 2014, the date the parties entered the Master Agreement.  In response to these requests Bessemer objected that the requests contain on overbroad time period and stated it would produce responsive documents that cover a time period that is proportional to the needs of the case.

        This objection is not well taken.  Defendants' document requests are targeted at specific, relevant issues in this litigation—information concerning Bessemer's allegations in the SAC in support of its claim for fraudulent inducement, including the specific statements and representations Bessemer claims it relied upon in entering the Master Agreement. The requests and the timeframe provided therein are proportional to the needs of the case.  In light of Bessemer's allegations and citation to communications from 2012, these requests are neither overbroad nor unduly burdensome.  If Bessemer has documents responsive to these requests, it is required to produce such documents.  If, on the other hand, Bessemer does not have documents or information responsive to these requests, it needs to withdraw its fraudulent inducement claim.  Please confirm whether Bessemer has withheld responsive documents, or declined to conduct an appropriate search for responsive documents, based on this objection.  If so, please confirm that Bessemer will promptly produce all responsive documents and conduct appropriate searches notwithstanding this objection.

        <u>Request No. 10-11.</u>  Request No. 10 seeks all documents supporting, refuting, or relating to the allegations of Paragraphs 29 and 30 of the SAC, including documents reflecting or relating to any follow-up communication between Fiserv Solutions and Bessemer about the FFIEC compliance of the Virtual Branch online banking product.  The time period for this request is all periods before July 1, 2014.  Request No. 11 seeks all documents reflecting or relating to communications in which Bessemer inquired of Fiserv Solutions with respect to the subject of FFIEC compliance of the Virtual Branch online banking product and any response from Fiserv Solutions.  The time period for this request is all periods before June 1, 2019.  In response to these requests Bessemer objected that the requests contain on overbroad time period and stated it would produce responsive documents that cover a time period that is proportional to the needs of the case.



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 21

This objection is not well taken.  Defendants' document requests are targeted at specific, relevant issues in this litigation—information concerning Bessemer's allegations in the SAC that "Fiserv's representations concerning the adequacy of its authentication process for its Virtual Branch online banking website were false" and "Fiserv employed a deficient authentication process that was not compliant with FFIEC requirements" (SAC ¶¶ 29-31), and information concerning Bessemer's inquiries into these issues. The requests and the time period provided therein are proportional to the needs of the case.  In light of Bessemer's allegations and citation to communications from 2012, these requests are neither overbroad nor unduly burdensome.  If Bessemer has documents responsive to these requests, it is required to produce such documents.  If, on the other hand, Bessemer does not have documents or information responsive to these requests, it should state as much and withdraw its fraudulent inducement claim.  Please confirm whether Bessemer has withheld responsive documents, or declined to conduct an appropriate search for responsive documents, based on this objection.  We would also like to understand what time period Bessemer believes is proportional to the needs of the case.

Requests No. 12 and 14.  These requests seek all documents relating to any audit conducted by or for Bessemer with respect to the subject of FFIEC compliance of Virtual Branch and all documents relating to any audit conducted by or for Bessemer with respect to the subject of the Charlotte core processing system.  The time period of these requests is all periods before June 1, 2019.  Bessemer objected that the request seeks information protected by the financial institution examination privilege, attorney-client privilege and work product doctrine.  Bessemer further objected to the requests as over broad, unduly burdensome, not proportional to the needs of the case. Bessemer objected that the requests seek documents already in Fiserv Solutions' possession. Bessemer stated it will be withholding responsive materials.

Bessemer's objections lack merit.  The requests do not seek documents relating to Fiserv Solutions' audit of Virtual Branch or Charlotte, they seek documents relating to Bessemer's audit of such products and systems, to the extent any exist.  Each request seeks documents that are (or should be) in Bessemer possession, custody, or control.  Bessemer, not Defendants, is the most logical convenient source of such documents.  Given Bessemer's assertions that Virtual Branch "was not complaint with FFIEC requirements" and numerous allegations that Fiserv Solutions products and services were "deficient" (*see, e.g.*, SAC ¶¶ 31, 48), the requests are not overly broad or burdensome, and are undoubtedly proportional to the needs of the case.  As to Bessemer's privilege objections, the underlying facts and documents concerning Bessemer's audit of Virtual Branch or Charlotte are not privileged by virtue of later being shared with an attorney or examiner.  *See Rhone-Poulenc Rorer v. Home Indem. Co*., 32 F.3d 851, 864 (3d Cir. 1994) ("A litigant cannot shield from discovery the knowledge it possessed by claiming it has been communicated to a lawyer; nor can a litigant refuse to disclose facts simply because that information came from a lawyer.");  *Se. Pennsylvania Transportation Auth. v. Orrstown Fin. Servs., Inc*., 367 F. Supp. 3d 267, 277 (M.D. Pa.



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 22

2019) (" [P]urely factual material falls outside the privilege and, if relevant, must be produced.");
*Commonwealth v. Vartan*, 733 A.2d 1258, 1265 (Pa. 1999)). To the extent Bessemer has withheld
documents pursuant to its privilege objections, please provide a privilege log promptly. If Bessemer
does not have any documents responsive to this request, it should state as much.

      <u>Request Nos. 15 and 16</u>. These requests seek all documents reflecting or relating to
communications between Bessemer and any other person relating to the subject of FFIEC
compliance of Virtual Branch and Charlotte. The time period for these requests includes all periods
before June 1, 2019. Bessemer asserted the same privilege objections it raised in response to Request
Nos. 12 and 14, and those objections lack merit for the same reasons described above. Bessemer
must also provide a privilege log for documents it has withheld on the basis of these privilege
objections. Bessemer further objected to this requests as "overly broad, unduly burdensome,
vexatious, harassing, oppressive, and as seeking information not relevant to the claims and defenses
and not proportional to the needs of the case." Bessemer stated it will produce responsive copies of
communications with Fiserv or Bessemer members that cover a time period proportional to the needs
of the case.

      Bessemer's objections and response to this request are specious. Bessemer alleges
that the products and services Fiserv Solutions provided to Bessemer under the Master Agreement
were not FFIEC compliant. Defendants are entitled to all communications between Bessemer and
any other person relating to these subjects and are entitled to explore whether Bessemer's allegations
are consistent with its communications. Nothing about these requests is overly broad, unduly
burdensome, vexatious, harassing or irrelevant. Please confirm whether Bessemer has withheld
responsive documents, or declined to conduct an appropriate search for responsive documents, based
on this objection. If so, please identify the specific documents Bessemer has withheld on the basis
of these objections, including those relating to communications with persons who are not Bessemer
members or Fiserv. Finally, we would like to understand what time period Bessemer believes is
proportional to the needs of the case.

      <u>Request No. 17.</u> This requests seeks all documents supporting, refuting, or relating to
Bessemer's allegation in Paragraph 33 of the SAC that the "Virtual Branch system did not comply
with FFIEC authentication requirements." The time period for this request includes all periods
before June 1, 2019. Bessemer objected that this request contains an overbroad time period that is
disproportionate to the needs of the case and stated it would be withholding responsive documents
on the basis of this objection and will produce documents that cover a time period that is
proportional to the needs of the case. As stated above, this objection is not well taken. This
document request is targeted at a specific issue in this litigation; seeks relevant information; and the
request and the time period provided therein are proportional to the needs of the case. If Bessemer
has documents responsive to these requests, it is required to produce such documents. If, on the



FOLEY & LARDNER LLP

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 23

other hand, Bessemer does not have documents or information responsive to these requests, it should state as much.  Please identify any documents Bessemer has withheld on the basis of this objection.  We would also like to understand what time period Bessemer believes is proportional to the needs of the case.

Request No. 21.  This request seeks all documents relating to communications between Bessemer (or its counsel) and any representative of *Krebs on Security* relating to Fiserv Solutions.  Bessemer objected that the request seeks information protected by the financial institution examination privilege, the attorney-client privilege, the work product doctrine, and privileges for media source materials.  Bessemer also objected that the requests are unduly burdensome, overly broad, oppressive, not relevant to the claims and defenses and not proportional to the needs of the case. Bessemer's objections are improper.  Bessemer's (or its counsel's) communications with *Krebs on Security* are relevant and proportional to Fiserv Solutions' claim for breach of the duty of good faith and fair dealing, which includes Bessemer's repeated threats of adverse consequences resulting from negative publicity.  Given the narrow scope of this request (communications with a single entity), we cannot imagine how it could be burdensome.  Defendants are entitled to discovery on these issues.

Moreover, Bessemer's privilege assertions are unfounded, as none of the cited privileges even plausibly protect requests to Bessemer for communications between Bessemer (or its counsel) to a third party that is not an attorney or a financial examiner.  Nor can Bessemer or its counsel, who are not "legitimate members of the press," rely upon or assert the journalist/reporter privilege.  *See In re Madden*, 151 F.3d 125, 129, 131 (3d Cir. 1998) ("individuals claiming the protections of the journalist's privilege must demonstrate the concurrence of three elements: that they: 1) are engaged in investigative reporting; 2) are gathering news; and 3) possess the intent at the inception of the newsgathering process to disseminate this news to the public.").  Indeed, courts recognize that parties are required to seek information from alternative means—*i.e.* Bessemer and its counsel—before subpoenaing information from members of the press.  *E.g.*, *Kitzmiller v. Dover Area Sch. Dist.*, 379 F. Supp. 2d 680, 685 (M.D. Pa. 2005).  Defendants request that Bessemer withdraw its objections and identify and produce any documents it has withheld on the basis of this objection.

Request No. 23.  This request seeks all documents connecting the "security review" that Bessemer alleges in Paragraph 58 of the SAC to the *Krebs on Security* article alleged in Paragraph 51 of the SAC.  Bessemer objected that the request seeks information protected by the financial institution examination privilege, attorney-client privilege and work product doctrine.  Bessemer further objected that the request is vague and ambiguous and stated it would be withholding documents on the basis of these objections.  As initial matter, none of the privileges Bessemer relies upon protect from disclosure the documents and information sought in this request.



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 24

*See Rhone-Poulenc Rorer v. Home Indem. Co*., 32 F.3d 851, 864 (3d Cir. 1994); *Se. Pennsylvania Transportation Auth. v. Orrstown Fin. Servs., Inc*., 367 F. Supp. 3d 267, 277 (M.D. Pa. 2019). Bessemer alleges that its Security Review was conducted "[o]n the heels of the *Krebs on Security* online article." Given this specific allegation, this request seeks documents that explain the nexus between the article and Bessemer's Security Review. Bessemer has put these facts at issue and cannot use a purported privilege "as both a 'shield' and a 'sword.'" *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 222 (3d Cir. 2006). For the same reasons, the word "connecting" as used in this request is no way vague or ambiguous. If Bessemer has documents responsive to these requests, it is required to produce such documents. Defendants request that Bessemer withdraw its objections and produce all documents responsive to this request.

Requests Nos. 24 and 25. These requests seek all documents relating to the Security Review, and all documents, data reports, or analysis generated by Bessemer or its agents in connection with the Security Review. Bessemer objected that the requests seek information protected by the attorney-client privilege, work product doctrine and financial institution examination privilege. Bessemer also objected that the requests are overly broad, unduly burdensome, not relevant to the claims or defenses, and not proportional to the needs of the case. Bessemer stated it will be withholding responsive materials on the basis of these objections.

Bessemer's objections are without merit and evasive. The documents and information sought regarding the details of the Security Review are undoubtedly relevant and proportional to the claims and defenses. Bessemer alleges that its Security Review revealed certain "security vulnerabilities" and "critical flaws." (SAC ¶ 5, 59.) And Fiserv Solutions' breach of contract and breach of the duty of good faith and fair dealing claims are premised, in large part, on Bessemer's Security Review. Further, the requests do not seek any information or communications that could reasonably be subject to any privilege asserted by Bessemer. The underlying facts and documents concerning Bessemer's Security Review are not privileged. "A litigant cannot shield from discovery the knowledge it possessed by claiming it has been communicated to a lawyer; nor can a litigant refuse to disclose facts simply because that information came from a lawyer." *Rhone-Poulenc Rorer v. Home Indem. Co*., 32 F.3d 851, 864 (3d Cir. 1994.) Bessemer's reliance on the financial institution examination privilege is equally unavailing. *Se. Pennsylvania Transportation Auth. v. Orrstown Fin. Servs., Inc*., 367 F. Supp. 3d 267, 277 (M.D. Pa. 2019) ("[P]urely factual material falls outside the privilege and, if relevant, must be produced."). At any rate, Bessemer has put these facts at issue and cannot use a purported privilege "as both a 'shield' and a 'sword.'" *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 222 (3d Cir. 2006). Bessemer is required to produce documents responsive to these requests. To the extent Bessemer has withheld documents pursuant to its privilege objections, please provide a privilege log promptly. If an attorney was involved, they must be identified. Defendants are entitled to know who, when and what role was played by such attorney in order to test the assertion of privilege.



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 25

     <u>Request No. 26 and 79.</u>  These requests seek all voicemails that Fiserv Solutions personnel left for Bessemer personnel with respect to the Security Review and deconversion. Bessemer objected that the request is overly broad, unduly burdensome, oppressive, and seeks information that is not relevant and not proportional to the needs of the case.  Bessemer further objected that Fiserv Solutions is aware of the contents of the voicemail and is in possession of this information.  Bessemer further objected that the counterclaims concern Bessemer's "alleged" refusal to answer Fiserv Solutions calls, not the content of the voicemails left for Bessemer.  Bessemer stated it will be withholding responsive materials on the basis of these objections.

     Bessemer's objections are improper and evasive.  In response to Request to Admit Nos. 23 and 25, which ask Bessemer to admit that Fiserv Solutions attempted to notify Bessemer via phone calls of potentially fraudulent activity relating to the Security Review, and that Fiserv Solutions left one or more voicemails for Joy Peterson or other Bessemer employees in an attempt to notify Bessemer of potentially fraudulent activity relating to the Security Review, Bessemer stated that it "cannot answer" because Bessemer "cannot know what Fiserv attempted or intended to do." Given Bessemer's response (or lack thereof) to these Requests, it cannot now withhold responsive documents.  The contents of such voicemails have obvious relevance to Bessemer's intent with respect to the Security Review.  Likewise, contents of the voicemails concerning deconversion are relevant to Bessemer's allegations that Fiserv Solutions attempted to delay deconversion. Bessemer's objections as to the burdens and breadth of the requests are also without merit.  As Bessemer knows, the requests cover a narrow and targeted period of time and Fiserv Solutions does not possess the voicemails it left for Bessemer.  Bessemer cannot cherry-pick and exclude from discovery what it deems unfavorable evidence.  If Bessemer will not admit to the content of the voicemails, it must produce them.

     <u>Request No. 28.</u>  This request seeks documents reflecting or relating to any communications between Bessemer and any third party relating to the Security Review.  Bessemer asserted the same objections it raised in response to Requests Nos. 24 and 25.  Those objections lack merit for the same reasons described above.  Bessemer stated it will be withholding responsive materials on the basis of these objections but will produce responsive communications with Fiserv relating to the Security Review.  Bessemer's objections and response to this request are improper. This request seeks Bessemer's communications with any third parties concerning the Security Review — not communications with Fiserv Solutions already requested by Request No. 27. Bessemer is required to produce documents responsive to these requests.  To the extent Bessemer has withheld documents pursuant to its privilege objections, please provide a privilege log promptly.

     <u>Request Nos. 38 and 39.</u>  These requests seek (i) all documents reflecting or relating to communications between Bessemer and any other person with respect to any issues, problems, deficiencies, bugs, defects, or complaints that Bessemer identified to or raised with Fiserv Solutions



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 26

during the term of the Master Agreement, and (ii) all documents relating to communications between Bessemer and any third party relating to any claim or notice of an alleged breach of the Master Agreement that Bessemer made during the term of the Master Agreement. Bessemer objected that the requests seek information protected by the attorney-client privilege, work product doctrine and financial institution examination privilege. Bessemer also objected that the requests are overly broad, vexatious, harassing, unduly burdensome, not relevant to the claims or defenses, and not proportional to the needs of the case. Bessemer stated it will be withholding responsive materials on the basis of these objections and will produce communications with Fiserv or Bessemer member responsive to these requests

Bessemer's objections and responses are improper. Defendants are entitled to Bessemer's communications with third parties concerning its claims and allegations, and entitled to know the identity of persons with discoverable information and knowledge of facts relating to this case. Bessemer is required to produce documents responsive to these requests. To the extent Bessemer has withheld documents pursuant to its privilege objections, please provide a privilege log promptly.

Request No. 77. This request seeks all minutes, agendas, presentations, updates, or other documents provided to or created by or for Bessemer's board of directors, or prepared in conjunction with a meeting of Bessemer's board of directors that mention or relate to Fiserv Solutions, the Master Agreement, the decision not to renew the Master Agreement, the decision to terminate the Master Agreement, the decision to conduct the Security Review, the Security Review, the solicitation of new processing vendors, the retention of CompuSource, the timing and date of the deconversion, the deconversion, initiation of the Replevin Action, dismissal of the Replevin Action, or the initiation of this litigation. Bessemer objected that the request is overly broad, vexatious, harassing, unduly burdensome, not relevant to the claims or defenses, not proportional to the needs of the case, and seeks information protected by the work product doctrine. Bessemer also objected that its Board of Directors serve on a volunteer basis, the state of mind or understanding of any board member is not relevant to the case, and Bessemer does not possess, control or have custody of documents created by its board members. Bessemer stated it will be withholding responsive materials on the basis of these objections.

Bessemer's objections are improper and ignore the request. The request does not seek documents or information in the possession, custody or control of individual Bessemer board members. The documents sought in this request—minutes, agendas, presentations, updates and other similar documents—are all materials that Bessemer should readily possess. If Bessemer has documents responsive to this request, it is required to produce such documents. Please confirm that Bessemer is not withholding documents on the basis of these objections.



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 27

      <u>Requests Nos. 84 and 85.</u>  These requests seek all documents reflecting or relating to communications between Richard Parks and Charles Nerko, on the one hand, and CompuSource, on the other, with respect to Bessemer's deconversion.  Bessemer objected that the requests seek information protected by the common interest privilege and work product doctrine.  Bessemer also objected that the requests are overly broad, vexatious, harassing, unduly burdensome, not relevant to the claims or defenses, and not proportional to the needs of the case because Defendants already served a subpoena on CompuSource.  Bessemer stated it will be withholding responsive materials on the basis of these objections.

      Bessemer's objections and responses are improper and evasive.  No common interest or work product protections exist for communications between Bessemer's counsel and CompuSource.  Nor can Bessemer, a party to this action, claim that the requested documents are immune from discovery on grounds of relevance, proportionality, breadth, or cumulativeness.  Bessemer asserts contract and tort claims relating to deconversion and Defendants are entitled to communications between Bessemer's counsel and CompuSource relating to this topic.  Defendants request that Bessemer withdraw its objections and produce documents responsive to this request.

      <u>Request No. 89.</u>  This request seeks all documents reflecting or relating to communications in which Fiserv Solutions stated that deconversion before June 2019 was "impossible."  In response, Bessemer objected that the request misconstrues the allegation in Paragraph 162 of the SAC.  Bessemer stated it will produce documents "reflecting or relating to its understanding of the statements of fact made by Fiserv's outside counsel in its October 19, 2018 letter as to the 'lead time required' by Fiserv Solutions to effectuate Bessemer's deconversion."  Bessemer has provided a non-responsive answer to this request.  The request seeks documents in which Fiserv Solutions stated that deconversion before June 2019 was "impossible."  If Bessemer has documents responsive to this request, it is required to produce such documents.  If, on the other hand, Bessemer does not have documents or information responsive to this request, it needs to state that.

      <u>Request Nos. 95 and 96.</u>  These requests seek all documents reflecting or relating to communications between Bessemer and the National Credit Union [Administration] or any other state or federal regulator that mention or relate to Fiserv Solutions, the Master Agreement, the decision not to renew the Master Agreement, the decision to terminate the Master Agreement, the decision to conduct the Security Review, the Security Review, Bessemer's solicitation of new processing vendors, the retention of CompuSource, the timing and date of the deconversion, the deconversion, initiation of the Replevin Action, dismissal of the Replevin Action, or the initiation of this litigation.  Bessemer objected that the requests seek information protected by the financial institution examination privilege, the attorney-client privilege, the common interest doctrine, and the work product doctrine.  Bessemer further objected to the requests as overly broad, unduly



**FOLEY & LARDNER LLP**

Charles Nerko
Alexander Mirkin
Richard Parks
May 6, 2021
Page 28

burdensome, vexatious, harassing, oppressive, and as seeking information not relevant to the claims and defenses and not proportional to the needs of the case.  Bessemer stated it would be withholding responsive documents on the basis of these objections.

Bessemer's objections lack merit.  Bessemer has suggested there is a regulatory interest in this case and argues the Security Review was required by federal policy, including that of the National Credit Union Administration.  These requests seek relevant documents and are proportional to the needs of the case.  Bessemer is required to produce documents responsive to these requests.  To the extent Bessemer has withheld documents pursuant to its privilege objections, please provide a privilege log promptly.  In addition, please explain the basis for Bessemer's assertion of the common interest privilege.

\*       \*       \*

Given the time that has passed, these issues need to be resolved promptly.  Please provide your availability for a meet and confer at which you will be prepared to discuss these issues.  We also ask that you promptly identify when Bessemer's rolling production will begin.

Very truly yours,

*/s/ Andrew J. Wronski*

Andrew J. Wronski