# EXHIBIT 9

| | |
|---|---|
| **From:** | Byam-Katzman, Jesse L. |
| **To:** | Nerko, Charles J.; Wronski, Andy; bwilkinson@barclaydamon.com |
| **Cc:** | rjp@pietragallo.com; jk@pietragallo.com; Stone, Betsy; bbevan@graillaw.com; egrail@graillaw.com |
| **Subject:** | RE: Bessemer System Federal Credit Union v. Fiserv [IWOV-Active.FID3046284] |
| **Date:** | Monday, December 6, 2021 11:02:21 AM |

Charles:

We have reviewed Bessemer's proposed revisions to the motion and proposed order appointing an EDSM. As a threshold matter, Defendants do not agree with Bessemer's global changes to the scope of the special master's duty and authority. Each order signed by the Court has contemplated an E-Discovery Special Master to resolve ESI disputes: "the Court is inclined to appoint an E-Discovery Special Master ("EDSM") or E-Mediator should an ESI Discovery issue arise." (*See* ECF Nos. 81, 109, 127.) In the parties' Rule 26(f) Report Bessemer proposed a special master limited to ESI issues: "Plaintiff believes that an EDSM and E-Mediator would help resolve ESI discovery issues in the case given the complexity of the ESI issues in this case and past difficulties receiving ESI from Defendants." (ECF No. 73.) Further, to date, all correspondence from you and your present or former colleagues have contemplated an EDSM, rather than a general discovery master. As we explained on Thursday, Defendants believe that legal issues should be decided by the Court. If a future dispute raises mixed issues of law and technical ESI matters, the Court should determine whether it will refer the dispute to the EDSM.

Second, Defendants cannot agree with Bessemer's changes to paragraphs 6 and 11 or any other paragraphs of the proposed order purporting to restrict Defendants' ability to have their chosen counsel handle certain issues on their behalf. The original proposed order sets forth primary contacts for communications with the EDSM. If Bessemer would like to revise the names of its counsel, it is free to do so.

Third, Defendants will not agree to Bessemer's proposed fee-shifting language and will not stipulate that the special masters' fees are taxable costs. We note that Bessemer's initial draft order contained no such language.

We are available to meet and confer to identify ways in which we might be able to narrow the scope of the parties' dispute concerning the order appointing an EDSM.

With respect to Bessemer's second request for production, Defendants do not understand exactly what Bessemer seeks to compel. But as a follow-up to our discussion, Defendants confirm their position that they will log privileged communications through June 30, 2019, which is after the date Bessemer filed and served its complaint, after the hearing on Bessemer's motion for TRO, and after the date Bessemer received all of its data in connection with its deconversion.

Please provide times in the next few days to contact the Court's chambers for a conference on the issues we discussed on Thursday.

Thank you,
Jesse

Jesse L. Byam-Katzman

Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
P 414.319.7057

---

**From:** Nerko, Charles J. <cnerko@barclaydamon.com>
**Sent:** Thursday, December 2, 2021 3:44 PM
**To:** Wronski, Andy <AWronski@foley.com>; Byam-Katzman, Jesse L. <JByam-Katzman@foley.com>; bwilkinson@barclaydamon.com
**Cc:** rjp@pietragallo.com; jk@pietragallo.com; Stone, Betsy <BStone@foley.com>; bbevan@graillaw.com; egrail@graillaw.com
**Subject:** RE: Bessemer System Federal Credit Union v. Fiserv [IWOV-Active.FID3046284]

**\*\* EXTERNAL EMAIL MESSAGE \*\***

Andy,

Thank you for your time today. Please allow this email to serve as a brief recap of this afternoon's meet and confer.

On the call, lead counsel discussed the disputes regarding discovery related to the security review and Bessemer's second request for production, as well as the contents of the protective order. It appears we remain at an impasse with respect to those topics.

We also briefly discussed Fiserv potentially revisiting its position to refuse to log post-complaint communications.

As discussed, please provide your comments with respect to Bessemer's revisions to the Order appointing the Special Master and, upon receipt of same, we will get back to you with our availability for a call with the Clerk. Thank you.

---

**From:** Nerko, Charles J.
**Sent:** Thursday, December 2, 2021 12:50 PM
**To:** Wronski, Andy <awronski@foley.com>; jbyam-katzman@foley.com; Wilkinson, Benjamin M. <BWilkinson@barclaydamon.com>
**Cc:** rjp@pietragallo.com; jk@pietragallo.com; bstone@foley.com; bbevan@graillaw.com; egrail@graillaw.com
**Subject:** RE: Bessemer System Federal Credit Union v. Fiserv [IWOV-Active.FID3046284]

Andy,

Attached are our redline revisions to the proposed joint motion and order. Given the frequency and variety of discovery issues that the parties