UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

**BESSEMER SYSTEM FEDERAL CREDIT UNION, on behalf of itself and its members**,

                    Plaintiff,

vs.

**FISERV SOLUTIONS, LLC, f/k/a FISERV SOLUTIONS, INC., and FISERV, INC.,**

                    Defendants.

Case No. 2:19-cv-00624-RJC

---

## BESSEMER'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO COMPEL FISERV TO LOG COMMUNICATIONS AFTER JUNE 30, 2019

Charles J. Nerko (NY 4764338)
Benjamin M. Wilkinson (NY 4927661)
Sarah A. O'Brien (*pro hac vice* to be filed)
BARCLAY DAMON LLP
80 State Street
Albany, NY 10020
(518) 429-4200
cnerko@barclaydamon.com
bwilkinson@barclaydamon.com
sobrien@barclaydamon.com

Richard J. Parks (PA 40477)
PIETRAGALLO, GORDON, ALFANO, BOSICK & RASPANTI, LLP
7 West State Street, Suite 100
Sharon, PA 16146
(724) 981-1397
rjp@pietragallo.com

*Counsel for Plaintiff*
*Bessemer System Federal Credit Union*

Plaintiff Bessemer System Federal Credit Union, a federally chartered not-for-profit credit union ("Bessemer"), submits this reply memorandum of law in further support of its motion pursuant to Federal Rule of Civil Procedure 37(a)(3), for an order compelling Defendants Fiserv Solutions, LLC f/k/a Fiserv Solutions, Inc. and Fiserv, Inc. (together, "Fiserv") to produce a privilege log of communications post-dating June 30, 2019.

*First*, Bessemer's motion is not premature because Rule 26(f)(3)(D) requires the parties to address "any issues about claims of privilege" at the outset of discovery, and Fiserv has repeatedly stated—and its opposition confirms—that it will not log communications beyond June 30, 2019 (Dkt. 156, ¶ 2; Dkt. 173, p. 18).  Bessemer is not required to wait until Fiserv provides a privilege log with this cutoff date before moving to compel on this issue.  Fiserv has made its position clear and Bessemer is entitled to petition the Court for relief where it believes that Fiserv's position is contrary to the law.

*Second*, Fiserv's explanation that it "only retains copies of Bessemer's member information because of this litigation" rings hollow. (Dkt. 173, p. 20).  In Fiserv's Answer, ***Fiserv denied the allegation in Bessemer's declaratory judgment claim that Bessemer's "member information…is the Credit Union's property*,"** and Fiserv instead asserts that it owns these records (Dkt. 48 ¶ 334; 88 ¶ 334).[1]  On June 14, 2019, Fiserv's specifically stated that "data, reports, documents and information that Fiserv Solutions generated with respect to Bessemer are not 'Bessemer's data.'" (Dkt. 48-30, p. 3).  Fiserv issued this statement without any reference to

---

[1] Fiserv's suggestion that the records return issue is resolved because Judge Horan denied Bessemer a TRO mandating Fiserv return Bessemer's records is puzzling. (Dkt. 173, p. 19).  In Fiserv's TRO opposition, Fiserv falsely represented to the Court that it had already returned the records Bessemer sought.  (Dkt. 24, p. 2).  Based on this falsehood and Fiserv's misleading suggestion to Judge Horan that Bessemer had a technical problem accessing its documents, Judge Horan provided direction for Fiserv to meet and confer with Bessemer to provide technical assistance. (Dkts. 25-26).  Contrary to Fiserv's assertion, this is not a finding that the issue was resolved.  The TRO would have very likely been decided differently had Fiserv been honest with the Court.  Bessemer was unquestionably damaged in having to go to such great lengths to recover records that rightfully belonged to it.

any pending litigation, but rather with reference to Fiserv's ostensible contractual rights to assert ownership over its former customers' data, which did not depend on the existence of any litigation. It is clear that Fiserv decided to inappropriately retain, and continues to retain, Bessemer's data long before the acceleration of this litigation. It strains credulity to believe that after taking the position set forth in Fiserv's June 14, 2019 letter (*see* Dkt. 48-30), and denying the allegations in Bessemer's declaratory judgment claim that Bessemer's records belong to Bessemer, that this litigation now serves as the sole reason that Fiserv has not purged Bessemer's data. If that is the case, and Fiserv now wishes to concede Bessemer's declaratory judgment claim that Fiserv has not acquired ownership of Bessemer's member information, Fiserv should stipulate to having judgment entered.

***Third***, with respect to Bessemer's basis for this request, Fiserv initially incorrectly refers to Bessemer's reason for logging communications beyond June 30, 2019 as "this litigation." (Dkt. 173, pp. 19-20). However, as stated in Bessemer's moving papers, Bessemer's request is justified by the fact that Fiserv asserted ownership over Bessemer's data and has failed to return that data. (Dkt. 173, p. 20). Fiserv's opposition confirms that it currently possesses Bessemer's data and has not yet purged Bessemer's member data (Dkt. 173, p. 20), which is the crux of Bessemer's bailment and declaratory judgment claim against Fiserv—that Fiserv has no right to continue to possess Bessemer's member data and Fiserv has not disposed itself of Bessemer's data.

Bessemer's motion explained how the misconduct in this data-security and data-ownership case is ongoing because Fiserv, as a terminated vendor, still possesses Bessemer's records and claims it legally acquired an ownership interest in them. These are very important claims for regulatory compliance purposes. Federal law requires federal credit unions to keep their records, not dispose their property for non-operational purposes, and supervise their vendors who maintain

member information. (Dkt. 48 ¶ 336). There is no legitimate reason for Fiserv, as a terminated vendor, to continue to retain sensitive banking information and transactional activity of over 4,000 of Bessemer's members.

Fiserv has already disclosed Bessemer's information to at least one unauthorized party, and Fiserv's SEC filings concede that it cannot assure ongoing security against evolving data breach threats. Should Fiserv refuse to disclose a data breach affecting Bessemer's records simply because this case is in litigation and Fiserv can copy its counsel on an email?

This case is no different from other cases where a privilege log cutoff date is based on when the misconduct at issue terminated. Here, the misconduct is ongoing. Thus, a log of communications beyond June 30, 2019 is both relevant and necessary in light of Fiserv's ongoing misconduct as it relates to its continued wrongful possession of Bessemer's records and the risk to their confidentiality by Fiserv's ongoing possession of them. Accordingly, Bessemer respectfully requests that the Court enter Bessemer's proposed order compelling Fiserv to produce a privilege log of communications post-dating June 30, 2019 and awarding Bessemer reasonable attorneys' fees and costs for this motion pursuant to FRCP 37(a)(5)(A).

| | |
|---|---|
| Dated: March 11, 2022 | Respectfully submitted, |
| | |
| Charles J. Nerko (NY 4764338) | */s/ Charles J. Nerko* |
| Benjamin M. Wilkinson (NY 4927661) | Richard J. Parks (PA 40477) |
| Sarah A. O'Brien (*pro hac vice* to be filed) | PIETRAGALLO, GORDON, ALFANO, |
| BARCLAY DAMON LLP | BOSICK & RASPANTI, LLP |
| 80 State Street | 7 West State Street, Suite 100 |
| Albany, NY 10020 | Sharon, PA 16146 |
| (518) 429-4200 | (724) 981-1397 |
| cnerko@barclaydamon.com | rjp@pietragallo.com |
| bwilkinson@barclaydamon.com | |
| sobrien@barclaydamon.com | *Counsel for Plaintiff* |
| | *Bessemer System Federal Credit Union* |