# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

**BESSEMER SYSTEM FEDERAL CREDIT**
**UNION, on behalf of itself and its members**,

                                Plaintiff,

        vs.

                                      Case No. 2:19-cv-00624-RJC

**FISERV SOLUTIONS, LLC, f/k/a FISERV**
**SOLUTIONS, INC., and FISERV, INC.,**

                             Defendants.

_____

## BESSEMER'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO COMPEL FISERV'S SECURITY AUDIT DOCUMENTS

Charles J. Nerko (NY 4764338)
Benjamin M. Wilkinson (NY 4927661)
Sarah A. O'Brien (*pro hac vice* to be filed)
BARCLAY DAMON LLP
80 State Street
Albany, NY 10020
(518) 429-4200
cnerko@barclaydamon.com
bwilkinson@barclaydamon.com
sobrien@barclaydamon.com

Richard J. Parks (PA 40477)
PIETRAGALLO, GORDON, ALFANO,
BOSICK & RASPANTI, LLP
7 West State Street, Suite 100
Sharon, PA 16146
(724) 981-1397
rjp@pietragallo.com

*Counsel for Plaintiff*
*Bessemer System Federal Credit Union*

Plaintiff Bessemer System Federal Credit Union, a federally chartered not-for-profit credit union ("Bessemer"), submits this reply memorandum of law in further support of its motion pursuant to Federal Rule of Civil Procedure 37(a)(3) for an order compelling Defendants Fiserv Solutions, LLC f/k/a Fiserv Solutions, Inc. and Fiserv, Inc. (together, "Fiserv") to produce certain security audit documents.

At the outset, Fiserv's opposition to Bessemer's motion to compel security audit documents repeatedly refers to the total number of requests for production issued by Bessemer (Dkt. 173, p. 6; fn. 5; p. 11) and the requests as a whole for purposes of opposition to this motion.  (Dkt. 173, p. 11).  Fiserv references the number of requests in support of its continued narrative regarding limiting the "scope of discovery" as it has at multiple points throughout this litigation.  In reality, the breadth of Bessemer's request for production are not at issue in this motion and Bessemer's motion identified the specific requests for security audit documents that at issue in this motion. (*See* Dkt.. 163-1, Nos., 11, 45, 139, 140, 144, 149, 183, 184, 186).  Fiserv's gripes regarding Bessemer's other requests for production are irrelevant for purposes of this motion and should be disregarded.

Contrary to what is asserted by Fiserv, Bessemer has sufficiently attempted to confer with Fiserv regarding its request for security audit documents.  Counsel for the parties conferred regarding Bessemer's demand for security audit documents, as well as a number of other discovery issues, and Fiserv refused to provide the requested documents.  (Nerko Dec., ¶ 2).  In an email memorializing Fiserv's position on the security audit documents in April 2021, Fiserv's counsel confirmed that the parties had discussed their respective positions regarding Bessemer's request for security audit documents and that Fiserv was not willing to alter its position on the subject.

(Nerko Dec., Ex. A).   Given this position, further meet and confer conversations would be futile, and Bessemer was forced to make this motion.

In addition, the Court's Order authorized the parties to submit discovery motions (Dkt. 134) regarding all topics set forth in the parties' joint discovery status report filed on December 13, 2021.  (Dkt. 133).  In Bessemer's section of the joint discovery status report, it clearly listed this issue regarding the production of Fiserv's security audit documents as an ongoing dispute. (Dkt. 133, pp. 3-4).  Thus, Bessemer satisfied all prerequisites prior to filing this motion and this motion was expressly authorized by the Court.

As stated in Bessemer's moving papers, Bessemer is entitled to discovery regarding Fiserv's security audits because they are both relevant to Bessemer's claims and Fiserv is obligated to provide the documents under the terms of the Master Agreement and applicable federal regulations.   Fiserv's argument that Bessemer has not articulated the relevant basis for the disclosure of these documents is baseless.  At the core of several of Bessemer's claims against Fiserv, including breach of contract and its claim for punitive damages, is that Fiserv failed to adequately protect Bessemer's data.  Fiserv's opposition even references two of Fiserv's major security incidents that impacted Bessemer in 2016 and 2017.  (Dkt. 173, p. 12).  Fiserv's audits of these admitted security breaches, as well as other similar incidents, and Fiserv's response to these breaches, are vital to proving Fiserv's understanding of existing security vulnerabilities that serve as the basis for Bessemer's claims and could hardly be classified as a "fishing expedition." Accordingly, Fiserv's awareness of security flaws garnered through review of its own systems is highly relevant to Bessemer's claims.

Fiserv's argument that Bessemer's motion to compel is premature because Fiserv has yet to issue a document production is similarly unavailing.  (Dkt. 173, p. 10).  Fiserv has taken a firm

position that it will not produce any security audit documents that, in Fiserv's view, did not impact Bessemer directly.  Specifically, Fiserv stated that "[d]efendants will produce non-privileged documents identified through reasonable search and diligence regarding any data incidents that are known by Defendants to have actually affected Bessemer that are the basis of Bessemer's claims." (Dkt. 173, p. 9).  In doing so, Fiserv seeks to impermissibly narrow Bessemer's request.  Bessemer is entitled to take discovery on the security audit documents in connection with its punitive damages allegations, which allege that Fiserv's misconduct and repeated security failures are part of a pattern that harmed Bessemer, other financial institutions, and consumers (Dkt. 48, ¶¶ 204-205), and that Fiserv failed to implement proper security controls for Bessemer despite having knowledge of prior similar data breaches that affected other Fiserv customers (*id.* ¶¶ 51-52, 202, 207).  Discovery on Fiserv's security practices generally, and its response to other data breaches, is appropriate because they show Fiserv was on notice of security problems and had knowledge of the extent of public harm—regardless of whether or not the security audit was focused on Bessemer.

Fiserv made a similar "enterprise discovery" argument in its failed motion to strike Bessemer's punitive damages claim. (Dkts. 50-51).  Specifically, Fiserv argued that Bessemer's punitive damages claim should be dismissed because it would otherwise permit Bessemer to engage in discovery regarding Fiserv's relationships and conduct with its other customers.  (Dkt. 51, p. 14).  This Court denied Fiserv's motion to strike and Bessemer's claim for punitive damages was once again permitted to proceed.  (Dkt. 69, pp. 54-55).  Fiserv's opposition to this motion merely seeks to revive the same argument that was already rejected by this Court.

Bessemer is also entitled to discovery on the security documents pursuant to both the Master Agreement and federal regulations, which require Fiserv to provide the audit records to

3

Bessemer.  Fiserv's opposition wholly fails to address the fact that 12 CFR Part 748, App'x A at (D) sets forth that credit unions are expressly required to monitor their service providers to confirm that they are implementing appropriate measures designed to safeguard member information, including protecting the security, confidentiality and integrity of credit union member information, and that the Master Agreement empowers Bessemer to inspect Fiserv's audit documents in accordance with this regulation.[1]  Despite the fact that Fiserv's obligation is stated in black and white, Fiserv looks to entirely sidestep this obligation to further frustrate the discovery process.

As expected, Fiserv also argues that it cannot disclose responsive security audit documentation because there is not yet protective order in place.[2]  (Dkt. 173, pp. 10-11).  However, as set forth above, Fiserv had a pre-existing obligation under the Master Agreement to provide the audit documents to Bessemer.  Fiserv appears to argue that simply because the parties are now in litigation, it can ignore the terms of the Master Agreement and the associated regulations.  Simply because this matter is the subject of litigation and a protective order is not yet in place, does not relieve Fiserv of its obligations to provide the security audit documents and Fiserv does not provide any support for this assertion.  Fiserv has an existing duty to provide these records, and it should do so without further delay.

Fiserv has failed to provide a basis to deny Bessemer's motion to compel Fiserv's security audit documents.  Accordingly, Bessemer respectfully requests that the Court enter Bessemer's proposed order compelling Fiserv to produce responsive documents regarding Fiserv's security

---

[1] Fiserv's caged position on security audit documentation is puzzling, as federal regulations cited in Bessemer's motion papers require credit unions to obtain security audits of their vendors.  Thus, for example, when a credit union engages a new vendor, an audit would extend to the vendor's enterprise-wide security practices so that potential impact on the credit union can be assessed.  The audit is not limited to how the vendor manages the credit union's own data; if this were the case, there would be no audit records to provide at the outset of a vendor relationship.

[2] As the Court is aware, the parties have each moved for protective orders. (*See* Dkts. 135-137; 146-147; 152-153).  Once those motions are decided, this objection will certainly be moot.

audit documents and award Bessemer reasonable attorneys' fees and costs for this motion pursuant to FRCP 37(a)(5)(A).

Dated: March 11, 2022

Respectfully submitted,

*/s/ Charles J. Nerko*

Charles J. Nerko (NY 4764338)
Benjamin M. Wilkinson (NY 4927661)
Sarah A. O'Brien (*pro hac vice* to be filed)
BARCLAY DAMON LLP
80 State Street
Albany, NY 10020
(518) 429-4200
cnerko@barclaydamon.com
bwilkinson@barclaydamon.com
sobrien@barclaydamon.com

Richard J. Parks (PA 40477)
PIETRAGALLO, GORDON, ALFANO,
BOSICK & RASPANTI, LLP
7 West State Street, Suite 100
Sharon, PA 16146
(724) 981-1397
rjp@pietragallo.com

*Counsel for Plaintiff*
*Bessemer System Federal Credit Union*