# EXHIBIT "A"

| | |
|---|---|
| **Subject:** | Bessemer - Fiserv - ESI Stipulation and Protective Order |
| **Date:** | Friday, April 30, 2021 at 1:40:41 PM Eastern Daylight Time |
| **From:** | Byam-Katzman, Jesse L. <JByam-Katzman@foley.com> |
| **To:** | Nerko, Charles <Charles.Nerko@offitkurman.com>, Mirkin, Alex <amirkin@offitkurman.com>, Richard J. Parks <RJP@Pietragallo.com> |
| **CC:** | Wronski, Andy <AWronski@foley.com>, Stone, Betsy <BStone@foley.com>, Efrem Grail <egrail@graillaw.com> |
| **Attachments:** | image001.jpg, Bessemer v. Fiserv - ESI and Document Production Stipulation_F&L Comments to_AM Comments.docx |

Charles and Alex:

Attached please find our minor revisions and comments to the ESI Stipulation. As you will see, we accepted the vast majority of Bessemer's proposed edits. It appears that Alex provided comments on the last draft and I am happy to schedule a call with him or Charles to discuss any outstanding issues. I am hopeful that we can finalize this stipulation in the coming days.

It's clear there are a few issues that the parties are not able to agree on, but that should not further delay the entry of the ESI Stipulation or Protective Order. With respect to voicemails and social media accounts, at this juncture we do not think these constitute ESI or preservation disputes. Bessemer provided a Notice of Breach in January 2018. Bessemer initiated this action in April 2018. Bessemer filed the Complaint in April 2019. At this point, either the parties have preserved certain categories of documents and information or they have not. Ultimately, the parties' differing positions go to the scope of discoverable information and can be better addressed in the course fact discovery in the context of discovery requests and document productions.

With regard to the Protective Order, given the nature of the allegations, we expect there may be requests for highly confidential information and believe an Attorney Eyes Only designation is required for the exchange of such information. As noted in my August 17 email, in preparing the protective order, we took Bessemer's concerns into account. Paragraph 12 requires a meet and confer process before a party seeks to designate documents as "Attorneys' Eyes Only." If the parties are unable to reach an agreement, the designating party may seek court intervention. This process allows the receiving party's counsel to access documents designated as "Attorneys' Eyes Only" while a motion is pending with the Court. We intend to move the Court for an entry to facilitate the exchange of documents and information. If Bessemer will not agree to the proposed Protective Order, we are amenable to a joint motion whereby each party submits their proposed order along with a brief explanation of their position.

==Finally, with respect to audit documents, we have stated Defendants position multiple times and have nothing more to add.==

Thank you,
Jesse

**Jesse L. Byam-Katzman**

Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
P 414.319.7057

View My Bio
Visit Foley.com



The information contained in this message, including but not limited to any attachments, may be confidential or protected by the attorney-client or work-product privileges. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message and any attachments or copies. Any disclosure, copying, distribution or reliance on the contents of this message or its attachments is strictly prohibited, and may be unlawful. Unintended transmission does not constitute waiver of the attorney-client privilege or any other privilege. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is it intended to reflect an intention to make an agreement by electronic means.