UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

**BESSEMER SYSTEM FEDERAL CREDIT UNION, on behalf of itself and its members**,

                        Plaintiff,

    vs.

**FISERV SOLUTIONS, LLC, f/k/a FISERV SOLUTIONS, INC., and FISERV, INC.,**

                        Defendants.

Case No. 2:19-cv-00624-RJC

---

## BESSEMER'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER REGARDING SECURITY REVIEW <u>DISCOVERY</u>

Charles J. Nerko (NY 4764338)
Benjamin M. Wilkinson (NY 4927661)
Sarah A. O'Brien (*pro hac vice* to be filed)
BARCLAY DAMON LLP
80 State Street
Albany, NY 10020
(518) 429-4200
cnerko@barclaydamon.com
bwilkinson@barclaydamon.com
sobrien@barclaydamon.com

Richard J. Parks (PA 40477)
PIETRAGALLO, GORDON, ALFANO, BOSICK & RASPANTI, LLP
7 West State Street, Suite 100
Sharon, PA 16146
(724) 981-1397
rjp@pietragallo.com

*Counsel for Plaintiff*
*Bessemer System Federal Credit Union*

Plaintiff Bessemer System Federal Credit Union, a federally chartered not-for-profit credit union ("Bessemer"), submits this reply memorandum of law in further support of its motion for a protective order as it relates to the protection of information and documents related to Bessemer's security review.

Fiserv's opposition initially focuses on the fact that Bessemer submitted this motion for a protective order for similar reasons stated in Bessemer's opposition to Fiserv's motion to compel security review discovery from Bessemer, filed on December 15, 2021 and incorrectly labels the motion "redundant" and a "sur-reply" on Fiserv's motion to compel. (Dkt. 173, p. 21). On the contrary, pursuant to the Court's Order dated December 14, 2021 (Dkt. 134) Bessemer was entitled to make all of its discovery motions on or before January 31, 2022. The fact that Fiserv moved on December 15th to compel certain security review discovery (Dkt. Nos. 138-140), which Bessemer opposed (Dkt. Nos. 148-149), did not require Bessemer to simultaneously cross-move for a protective order, nor did it waive Bessemer's right to seek a protective order on the same subject as applied to other discovery requests (such as questions at a deposition). In short, Bessemer adhered to the motion schedule approved by the Court and its motion for a protective order was procedurally appropriate.

Fiserv's opposition fails to address any of Bessemer's arguments that Bessemer is entitled to a protective order because the security review is protected by the attorney work product, the consulting expert privilege, and attorney-client privilege. Fiserv provides no meaningful response to these arguments, and as a result, Bessemer's motion should be granted. Instead, Fiserv's opposition denies the fact that its efforts to seek disclosure regarding the security expert constitutes harassment. (Dkt. 173, p. 21). In doing so, Fiserv glosses over the undisputed fact that it previously threatened criminal prosecution against the security reviewer. (*See* Dkt. 48-8, p. 3).

Considering the fact that Fiserv can obtain all the discovery that it requires from Bessemer's representatives regarding the purpose and intent related to the security review (and Fiserv knows what happened during the security review from its own server logs), it stands to reason that Fiserv only seeks the identity of the reviewer in order to make good on its threat of criminal prosecution and related harassment.  The Court should not countenance that.

Fiserv has failed to provide a basis to deny Bessemer's motion for a protective order related to Bessemer's security review.  Accordingly, Bessemer respectfully requests that the Court enter Bessemer's proposed protective order as it relates to the protection of information and documents related to the security review and limiting the scope of discovery on this topic moving forward; and grant Bessemer's request, pursuant to FRCP 37(a)(5)(A), for attorneys' fees and expenses incurred in making the within motion.

| | |
|---|---|
| Dated: March 11, 2022 | Respectfully submitted, |
| | */s/ Charles J. Nerko*_____ |
| Charles J. Nerko (NY 4764338) | Richard J. Parks (PA 40477) |
| Benjamin M. Wilkinson (NY 4927661) | PIETRAGALLO, GORDON, ALFANO, |
| Sarah A. O'Brien (*pro hac vice* to be filed) | BOSICK & RASPANTI, LLP |
| BARCLAY DAMON LLP | 7 West State Street, Suite 100 |
| 80 State Street | Sharon, PA 16146 |
| Albany, NY 10020 | (724) 981-1397 |
| (518) 429-4200 | rjp@pietragallo.com |
| cnerko@barclaydamon.com | |
| bwilkinson@barclaydamon.com | *Counsel for Plaintiff* |
| sobrien@barclaydamon.com | *Bessemer System Federal Credit Union* |