

# National Credit Union Administration

Office of General Counsel

May 4, 2022

Andrew J. Wronski
Foley & Lardner LLP
777 E. Wisconsin Avenue
Milwaukee, WI 53202
Via Email: awronski@foley.com

Dear Mr. Wronski:

>Re: Bessemer System Federal Credit Union v. Fiserve Solutions, LLC, and Fiserve, Inc., No. 2: 19 Civ. 00624, U.S. District Court, Western District of Pennsylvania, (Pittsburgh).

We were notified by Mr. Charles Nerko, counsel for Bessemer System Federal Credit Union (Bessemer) that certain of your discovery requests in the above-referenced litigation (the litigation) encompass records subject to provisions of NCUA regulations. Based on your limited availability to discuss these issues and the impending litigation deadlines, we are writing to inform you of NCUA's concerns regarding the non-public documents that are being sought in discovery and the terms of any protective order.

For your reference, the National Credit Union Administration (NCUA) is an independent federal agency that regulates insured credit unions and protects credit union member accounts up to the statutory amount in the event a credit union becomes insolvent. As part of its mission, NCUA seeks to prevent losses to the National Credit Union Share Insurance Fund (NCUSIF), which is backed by the full faith and credit of the United States. NCUA examiners review credit unions' books and records to evaluate their financial condition and to identify safety and soundness concerns. They also assign highly confidential ratings of various risk factors including capital adequacy, asset quality, management, earnings, liquidity and interest rate risk. Examiners also prepare confidential, nonpublic reports of examination, which are shared with the credit union to facilitate improvements to policies and practices, and to reduce the risk of loss to the credit union and ultimately to the NCUSIF. NCUA also uses the reports of examination to identify trends in the industry that pose risks to the NCUSIF and to develop supervisory and regulatory plans to promote greater stability of the U.S. financial system.

*Discovery of NCUA Reports of Examination or Related Information and Communications*

We understand that, in connection with your representation of the defendants in the litigation, you have issued discovery demands to Bessemer that may include NCUA reports of examination

and related communications. This is to inform you that such records, whether contained in Bessemer files, or in NCUA files, remain the property of NCUA and are not permitted to be disclosed without the authorization of an NCUA official. *See* 12 C.F.R. §§792.30, 792.40.

Nonpublic NCUA records are "confidential, privileged and exempt from disclosure," and are defined to include, among others, records which are:

> Contained in or related to examination, operating or condition reports prepared by, or on behalf of, or for the use of NCUA or any agency responsible for the regulation or supervision of financial institutions. This includes all information, whether in formal or informal report form, the disclosure of which would harm the financial security of credit unions or would interfere with the relationship between NCUA and credit unions.

12 C.F.R. § 792.11(a)(8).

When the United States is not a party to litigation, as here, information may be obtained from a federal agency under its *Touhy* regulations. *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). The NCUA has promulgated *Touhy* regulations that require litigants to make administrative requests for its information for use in litigation to which the agency is not a party. *See* 12 C.F.R. § 792.40-792.41; *see also* 5 U.S.C. § 301 (providing the authorization for agencies to prescribe *Touhy* regulations). Entities, like Bessemer Services FCU, that have custody of nonpublic records and are served with a demand to produce them are required to notify both NCUA and the court about NCUA's *Touhy* regulations. 12 C.F.R. § 792.40(b)(1). The regulation instructs the custodian to respond to the subpoena by appearing at the time and place stated and declining to produce any records. 12 C.F.R. § 792.40(b)(2). If the issuing court orders the disclosure of records, the custodian should continue to decline to produce them and should advise NCUA's Office of General Counsel.

In this case, to the extent your discovery requests encompass nonpublic records of NCUA, rather than seeking them in civil discovery you must submit a request for the documents to NCUA that conforms to the requirements of NCUA's *Touhy* regulation so that NCUA can make a centralized decision under its regulations. *See In re Boeh,* 25 F.3d 761, 763-64, 766-67 (9th Cir. 1994), *cert. denied*, 513 U.S. 1109 (1995); *Boron Oil Co. v. Downie*, 873 F.2d at 69-70; *Davis v. Braswell Motor Freight Lines, Inc.*, 363 F.2d 600, 603 (5th Cir. 1966).

NCUA's Touhy regulation requires that your written *Touhy* request address multiple factors, including, among others,

> (c) A list of categories of records sought, a detailed description of how the information sought is relevant to the issues in the legal proceeding, and a specific description of the substance of the testimony or records sought.

>   (d) A statement as to how the need for the information outweighs the need to maintain the confidentiality of the information and outweighs the burden on the NCUA to produce the records or provide testimony.
>   (e) A statement indicating that the information sought is not available from another source, such as a credit union's own books and records, other persons or entities, or the testimony of someone other than an NCUA employee, for example, retained experts.
>   (f) A description of all prior decisions, orders, or pending motions in the case that bear upon the relevance of the records or testimony you want.

12 C.F.R. §§792.43(c),(d),(e) and (f).

*Proposed Protective Order*

We are also concerned that any protective order issued in this case must not interfere with the NCUA examination process.  Free and open communication between a credit union and its examiner is essential to the examination process and facilitates NCUA's evaluation of the safety and soundness of the credit union and the protection of the financial system in the United States.  By federal statute, an insured credit union is subject to NCUA examination and must provide NCUA unrestricted access to its books and records. 12 U.S.C. §1756.  In fact, the failure of an insured credit union to produce books, papers, and records or disclose the affairs of the credit union to NCUA, under federal law, provides grounds for the NCUA Board to issue an ex parte order placing the credit union into conservatorship.  12 U.S.C. §1786(h)(1)(E).  A protective order in litigation must not interfere with the requirement that Bessemer provide NCUA with full and unfettered access to its books and records in connection with the examination process.  There must be no requirement for Bessemer to obtain the authorization of a third party before it can provide NCUA with access to its books and records.  Please note, as discussed above, any information contained in, or related to the examination is nonpublic and protected from public disclosure under NCUA regulations.  12 C.F.R. §792.11(a)(8).  Please advise us how you propose to address this issue in your proposed protective order in this case.

If you would like to discuss these matters, please feel free to contact Senior Trial Attorney Dianne Salva at dsalva@ncua.gov or myself at jzick@ncua.gov.  We look forward to your response.

                        Sincerely,

                        Jeffrey A. Zick
                        Associate General Counsel

cc: Charles Nerko