# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BESSEMER SYSTEM FEDERAL CREDIT UNION, ) ) Plaintiff, ) ) vs. ) ) FISERV SOLUTIONS, LLC, f/k/a FISERV ) SOLUTIONS, INC., and FISERV, INC., ) ) Defendants. ) | Case No. 2:19-cv-00624-RJC |

## DEFENDANTS' RESPONSE TO BESSEMER'S NOTICE OF THE FEDERAL GOVERNMENT'S INTERESTS

Bessemer's "Notice of the Federal Government's Interest Pursuant to 12 C.F.R. § 792.40" (Dkt. 184) wrongly claims that Defendants seek to discover federal regulatory examinations protected by law from disclosure; they have not. Bessemer's filing misstates the record in a transparent attempt to embarrass Defendants and create issues where none exist.

On May 4, 2022, Defendants' counsel received a letter from the National Credit Union Administration ("NCUA") advising that the NCUA had been contacted by counsel for Bessemer concerning certain (unidentified) discovery requests served upon Bessemer and the terms of a proposed protective order ("NCUA Letter"). (Dkt. 184-1.) Hours after the NCUA Letter was transmitted, and before Defendants had any opportunity to discuss the letter with the NCUA or to respond, Bessemer filed its Notice of Federal Government's Interest, which attached the NCUA Letter and then mischaracterizes it.[1] (Dkt. 184.)

---

[1] On April 28, 2022, Mr. Nerko sent an email to Defendants' counsel stating: "Dianne Salva and Jeffrey Zick of the National Credit Union Administration have requested a teleconference with the parties' counsel so that we can consider the NCUA's views with respect to the pending discovery disputes. May you please advise on your availability for such a call." The email contained no further detail or information about the NCUA's views. On May 2, 2022, Defendants' counsel advised that Mr. Wronski would be in an arbitration hearing that week and would respond late in the week or the following Monday. Counsel for Bessemer did not respond. Rather, Defendants'

Bessemer's notice vaguely claims that certain discovery sought by Defendants belongs to the NCUA and is exempt from disclosure. Neither Bessemer's notice nor the NCUA Letter identify any discovery requests that purport to seek exempt NCUA records, and Defendants are not aware of any. Indeed, the NCUA Letter takes no position as to whether any requests seek NCUA reports of examination, noting only that it is the NCUA's understanding (the source of which is unclear) that Defendants "have issued discovery demands to Bessemer that *may* include NCUA reports of examination and related communications," and "to the extent" they do, parties seeking such records must follow the procedures set forth in the applicable regulations.[2] (Dkt. No. 184-1 (emphasis added).) Defendants have not requested any NCUA report of examination, and their pending motion to compel does not involve such records.[3] Rather, Defendants' motion seeks to compel the underlying facts relating to Bessemer's brute-force attack on Defendants' online banking platform and the identity of those involved. (Dkt. 138.) Thus, Bessemer's notice has no relation to or bearing on this motion.

Bessemer also asserts that Defendants' proposed protective order interferes with the NCUA's authority to conduct supervisory exams and Bessemer's obligation to provide the NCUA with unrestricted access to *its* books and records. But the NCUA Letter does not make this claim, and neither the NCUA Letter nor the notice identify any language in the proposed order that

---

counsel received the NCUA Letter on May 4, and Bessemer filed its notice that same day. Defendants intend to respond separately to the NCUA Letter.

[2] To the extent Bessemer believes that such reports may somehow be responsive to certain of Defendants' requests, Bessemer will presumably decline to produce such documents pursuant to the applicable regulations.

[3] Ironically, Bessemer served multiple discovery requests demanding that Defendants produce reports and other investigative analyses of the NCUA and other regulatory agencies. (Dkt. 175-7, RFP Nos. 24, 43, 185, 217; *see, e.g.*, RFP No. 217 (seeking "Documents concerning **any investigation or investigations of Fiserv by any government agency, including the National Credit Union Administration**, the Board of Governors of the Federal Reserve System, the Federal Deposit Insurance Corporation, the Office of the Comptroller of the Currency, the Consumer Financial Protection Bureau, the FFIEC, the Federal Trade Commission, the Federal Deposit Insurance Corporation, any law enforcement agency, state attorneys general, or advisory council.") (emphasis added).)

would interfere with the NCUA's authority or Bessemer's regulatory obligations. Defendants' proposed protective order, like virtually every other protective order entered in commercial disputes (including those involving regulated financial institutions), would restrict the parties' right to disclose the other parties' confidential documents produced in discovery without notice. It does not place any limitations on Bessemer's ability to use or disclose its own confidential information. In fact, Defendants' proposed order expressly states: "nothing herein shall be construed as requiring any Party to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency or legislative body." (Dkt. 135-1 ¶ 20.) The notice has no bearing on this motion either.

Given these facts and the Court's expressed intent to appoint a special discovery master, the impetus for Bessemer's notice (and the decision to file it while Defendants' counsel was in an arbitration hearing) are unclear. Defendants, therefore, have endeavored to be concise in this response and reserve their rights to address these issues in more detail should that become necessary at a later stage of these proceedings.

Dated: May 10, 2022.

Respectfully submitted,

*/s/ Jesse L. Byam-Katzman*
Efrem M. Grail (PA ID No. 81570)
Brian C. Bevan (PA ID No. 307488)
**THE GRAIL LAW FIRM**
428 Boulevard of the Allies, Suite 500
Pittsburgh, PA 15219
egrail@graillaw.com
bbevan@graillaw.com
(412) 332-9101
Fax: (856) 210-7354

4871-0489-3470

        Andrew J. Wronski (*admitted pro hac vice*)
        Jesse L. Byam-Katzman (*admitted pro hac vice*)
        **FOLEY & LARDNER LLP**
        777 East Wisconsin Avenue
        Milwaukee, WI 53202
        awronski@foley.com
        jbyam-katzman@foley.com
        (414) 271-2400

        *Counsel for Fiserv Solutions, LLC*
        *and Fiserv, Inc.*

4871-0489-3470