UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BESSEMER SYSTEM FEDERAL CREDIT UNION**,<br><br>    Plaintiff,<br><br>vs.<br><br>**FISERV SOLUTIONS, LLC, f/k/a FISERV SOLUTIONS, INC., and FISERV, INC.**,<br><br>    Defendants. | Case No. 2:19-cv-00624-RJC |

## **[PROPOSED] ORDER APPOINTING DISCOVERY SPECIAL MASTER**

In light of the discovery disputes in this case, the Court has determined that an individual serving as Special Master is necessary to oversee discovery in this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 53, the Court enters the following Order:

1. Pursuant to Rule 53(a) and (b), the Court hereby appoints _____ as Special Master in the above-captioned case for the limited purposes as set forth herein. The duties of the Special Master shall be to oversee all outstanding discovery disputes between the parties, as well as any future disputes that arise during the course of continued discovery in this matter, including those involving ESI discovery. If the parties are unable to agree on the resolution of any dispute between them or with third-parties concerning discovery, the Special Master shall prepare and file a Report and Recommendation with respect to that dispute. The Special Master shall forthwith file a declaration confirming that he or she is aware of no grounds for disqualification pursuant to 28 U.S.C. § 455.

2. Pursuant to Rule 53(b)(2), the Court hereby directs the Special Master to proceed with all reasonable diligence to perform the duties set forth herein, as well as any additional duties that the Court in its discretion may impose from time to time as necessary by further orders. To this end, the Special Master shall determine the priority of the discovery issues outlined by the parties.

3. The Special Master shall have the authority to take all appropriate measures to perform the assigned duties fairly and efficiently. To the extent the Special Master issues any order, report or recommendation on any dispute referred to him or her by the Court or the parties, the Special Master shall comply with all the requirements of Rule 53(d), if applicable, respecting entry of any such order.

4. The Special Master shall hold status conference(s) to provide a forum for the parties to discuss the progress of discovery, anticipated discovery, and any foreseeable issues arising in the discovery process between parties or with third parties, and to discuss such other matters as scheduled by the Special Master.  The Special Master may schedule as many or as few status conferences as he or she sees fit.  The status conferences shall not be on the record.

5. The parties shall meet and confer prior to each scheduled conference to draft a joint proposed agenda for the status conference.  Each proposed agenda item must include the following:

   a. A brief description of the issue;

   b. The efforts to resolve the issue;

   c. The potential relief (if any) that may be sought in the future by a party listing the agenda item.

The parties shall serve the agenda on the Special Master no later than five (5) days prior to the status conference.  Should the Special Master have any issues for the agenda, he or she shall forward the issue(s) to the parties at least two days prior to the status conference.  Absent a showing of good cause, the Special Master shall not permit discussion of matters not placed on the proposed agenda pursuant to these procedures.

6. The Special Master may hold other meetings or hearings as he or she deems appropriate.  All adjudicative hearings in front of the Special Master shall be recorded by a court reporter as if the hearing were being held before the Court.

7. The Special Master may correspond with counsel for the parties jointly through conference calls and written correspondence, including, but not limited to, emails and letters, and may, at any time, request additional information or documents from the parties relating to the duties described herein, including, without limitation:

   a. Briefs, letters, or position statements clarifying or providing additional information about the respective positions; and

   b. Documents that are not provided in camera, such as documents referenced in documents provided in camera or documents necessary to provide context to documents necessary to provide context to documents provided in camera.

8. The Special Master may, at any time, communicate *ex parte* with the Court for any purpose relating to the duties described herein.  In particular, if the Special Master identifies any matters that pose particular or unique problems, the Court shall be consulted.

9. Pursuant to Rule 53(b)(2)(C), the Special Master shall maintain orderly files consisting of all documents submitted to him or her by the parties and any written orders, findings, and/or recommendations.  The Special Master shall report to the Court as directed.  The Special Master shall file any written orders, findings, and/or recommendations with the Court via the Court's Electronic Case Filing ("ECF") system.  Such filing shall fulfill the Special Master's duty to serve his or her order(s) on the parties pursuant to Rule 53(e).

10. The following persons are designated as the primary contacts for the Special Master:

    a. For Plaintiff:
       Charles J. Nerko
       Benjamin J. Wilkinson
       Barclay Damon LLP
       80 State Street
       Albany, NY 10020
       518-429-4200
       Email: cnerko@barclaydamon.com
              bwilkinson@barclaydamon.com

    b. For Defendants:
       Andrew J. Wronski
       Jesse L. Byam-Katzman
       Foley & Lardner LLP
       777 East Wisconsin Avenue
       Milwaukee, WI 53202
       414-271-2400
       Fax:  414-297-4900
       Email: awronski@foley.com
              jbyam-katzman@foley.com

Except for approved *ex parte* communications, all parties shall be copied on any party's communications with or submission to the Special Master.

11. Within fifteen (15) days of this Order, the Special Master shall hold a conference call with counsel for the parties to discuss the terms of this Order and the process for overseeing discovery.

12. The Special Master shall proceed with all reasonable diligence to oversee discovery. Any discovery dispute brought to the Special Master, and within the authority of the Special Master under this Order and Rule 53, shall be resolved by the Special Master after such investigation, presentation of evidence and argument as the Special Master may deem appropriate, upon such schedule as the Special Master shall set, and consistent with the rulings of this Court. Within seven (7) days of any such resolution, the Special Master shall prepare and file on the docket a written Report and Recommendation ("R&R") concerning the nature and disposition of such dispute in accordance with Rule 53. Any party may file with the Court, within ten (10) days of the filing of an R&R, an objection to the R&R, setting forth the basis for such objection. Any party opposing such objection shall file a response thereto within ten (10) days of the filing of the objection. The failure to file a timely objection shall constitute a waiver of any objection.

13. The party filing the objection pursuant to paragraph 12 shall submit with such objection any record necessary for the Court to review the Special Master's R&R including, if necessary, any transcript of proceedings before the Special Master and any documents submitted by the parties in connection with the proceedings.

14. If the parties wish to raise a discovery dispute outside of a Status Conference, that party shall submit a letter motion not to exceed five (5) single-spaced pages to the Special Master, setting forth the nature of the dispute, supporting arguments, and the requested relief. The party opposing the motion shall have ten (10) days within which to respond to the motion. Responses shall be in the form of a letter response not to exceed five (5) single-spaced pages and shall be submitted to the Special Master. All submissions shall be served on the relevant parties via email.

15. At the sole discretion of the Special Master, any discovery dispute noticed in accordance with the procedures set forth herein may be:

    a. Ruled upon without oral argument,

    b. Heard by telephone conference, or

    c. Heard at a specially scheduled in-person conference

16. The Special Master's findings of fact and conclusions of law, procedural rulings or recommendations will be reviewed *de novo*. The Court will set aside a ruling on a procedural matter only where it is clearly erroneous or contrary to law.

17. The Special Master may have access to trade secrets, proprietary information and other confidential information in this action including, but not limited to, information which may be subject to any Protective Order entered into between the parties and approved by the Court. The Special Master is bound by the terms of any such Protective Order. The disclosure of privileged or protected information connected with the litigation to the Special Master shall not be a waiver of privilege or a right of protection in this case and is also not a waiver in any other Federal or State proceeding. Accordingly, a claim of privilege or protection may not be raised as a basis to resist such disclosure.

18. The Special Master shall be compensated at his or her usual and customary rate agreed to by the parties, including time spent in transit or otherwise in connection with this appointment provided however that travel time will be paid at one-half (50%) of the usual and customary rate unless substantive work, research or discussions in support of the engagement are performed while traveling, in which case such activities will be paid at the usual and customary rate.

19. The Special Master shall submit to the parties on a monthly basis an itemized statement of all fees and costs incurred in connection with this Order. Each monthly invoice shall detail the work performed, the hours spent and the costs incurred during the corresponding one-month period. Any non-routine expenses, including expenses associated with outside consultants proposed to be engaged or engaged by the Special Master must be approved in advance by the parties.

20. The parties shall be responsible for paying to the Special Master an equal portion of each monthly invoice (50% by Plaintiff and 50% by Defendants) within thirty (30) days of receipt of such invoice. The costs associated with the services of the Special Master *shall not* be considered taxable under 28 U.S.C. § 1920. Depending on the result of litigation, the Court will entertain cost shifting motions.

5

    Dated this _____ day of _____, 2022.

                                                BY THE COURT:

                                                _____
                                                Robert J. Colville
                                                United States District Judge

cc:    Counsel of Record
        *(via CM-ECF electronic notice)*