UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

**BESSEMER SYSTEM FEDERAL CREDIT UNION, on behalf of itself and its members**,

                              Plaintiff,

      vs.

**FISERV SOLUTIONS, LLC, f/k/a FISERV SOLUTIONS, INC., and FISERV, INC.,**

                              Defendants.

Case No. 2:19-cv-00624-RJC

_____

## ORDER APPOINTING DISCOVERY SPECIAL MASTER

In light of the numerous discovery disputes raised by the parties in this matter, the Court has determined that an individual serving as Discovery Special Master is necessary to oversee discovery in this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 53, the Court enters the following Order:

      1. Pursuant to Rule 53(a) and (b), the Court hereby appoints **Mark Shepard, Esquire** as Discovery Special Master in the above-captioned case for the limited purposes as set forth herein. The duties of the Discovery Special Master shall be to oversee discovery of Electronically Stored Information ("ESI") between the parties and all discovery-related disputes, including those set forth the parties' currently pending discovery motions. ESI shall include email, electronic documents, electronic databases, computer-based and other digital systems, and metadata. If the parties are unable to agree on the resolution of any dispute between them or with third-parties concerning discovery, the Discovery Special Master shall prepare and file a Report and Recommendation with respect to that dispute. The Discovery Special Master shall forthwith file a declaration confirming that he is aware of no grounds for disqualification pursuant to 28 U.S.C. § 455.

      2. Pursuant to Rule 53(b)(2), the Court hereby directs the Discovery Special Master to proceed with all reasonable diligence to perform the duties set forth herein, as well as any additional duties that the Court in its discretion may impose from time to time as necessary by further orders. To this end, the Discovery Special Master shall determine the priority of the discovery issues outlined by the parties.

3. The Discovery Special Master shall have the authority to take all appropriate measures to perform the assigned duties fairly and efficiently. To the extent the Discovery Special Master issues any order, report or recommendation on any dispute referred to him by the Court or the parties, the Discovery Special Master shall comply with all the requirements of Rule 53(d), if applicable, respecting entry of any such order.

4. The Discovery Special Master shall hold status conference(s) to provide a forum for the parties to discuss the progress of discovery, anticipated discovery, and any foreseeable issues arising in the discovery process between parties or with third parties, and to discuss such other matters as scheduled by the Discovery Special Master. The Discovery Special Master may schedule as many or as few status conferences as he sees fit. The status conferences shall not be on the record.

5. The Discovery Special Master shall have the authority to resolve issues concerning discovery of ESI, including search methods, terms and protocols, preservation, production and redaction, formatting, and other technical matters. The Discovery Special Master shall also have the authority to resolve discovery issues unrelated to ESI, such as those related to the production of materials that are withheld as privileged or immune from discovery, as well as the terms and designation of documents under the applicable protective order.

6. The Special Master shall specifically address with the parties the following:

   a. Create an ESI plan in accordance with local rules of this court;

   b. Address any assertions of privileged documents and/or Rule 30(b)(6) deposition topics by Defendant; and

   c. Conduct an in-camera review of any documents claimed to be privileged.

7. Lead counsel for the parties shall meet and confer prior to each scheduled conference to draft a joint proposed agenda for the status conference. Each proposed agenda item must include the following:

   a. A brief description of the issue;

   b. The efforts to resolve the issue;

   c. The potential relief (if any) that may be sought in the future by a party listing the agenda item.

The parties shall serve the agenda on the Discovery Special no later than five (5) days prior to the status conference. Should the Discovery Special Master have any issues for the agenda, he shall forward the issue(s) to the parties at least two days prior to the status conference. Absent a showing of good cause, the Discovery Special Master shall not permit discussion of matters not placed on the proposed agenda pursuant to these procedures.

8. The Discovery Special Master may hold other meetings or hearings as he deems appropriate. All adjudicative hearings in front of the Discovery Special Master shall be recorded by a court reporter as if the hearing were being held before the Court.

9. The Special Master may correspond with counsel for the parties jointly through conference calls and written correspondence, including, but not limited to, emails and letters, and may, at any time, request additional information or documents from the parties relating to the duties described herein, including, without limitation:

   a. Briefs, letters, or position statements clarifying or providing additional information about the respective positions; and
   b. Documents that are not provided in camera, such as documents referenced in documents provided in camera or documents necessary to provide context to documents necessary to provide context to documents provided in camera.

10. The Discovery Special Master may, at any time, communicate *ex parte* with the Court for any purpose relating to the duties described herein. In particular, if the Discovery Special Master identifies any matters that pose particular or unique problems, the Court shall be consulted.

11. Pursuant to Rule 53(b)(2)(C), the Discovery Special Master shall maintain orderly files consisting of all documents submitted to him by the parties and any written orders, findings, and/or recommendations. The Discovery Special Master shall report to the Court as directed. The Discovery Special Master shall file any written orders, findings, and/or recommendations with the Court via the Court's Electronic Case Filing ("ECF") system. Such filing shall fulfill the Discovery Special Master's duty to serve his order(s) on the parties pursuant to Rule 53(e).

12. Each party shall identify the individual(s) who will serve as primary contacts for the Discovery Special Master. Except for approved *ex parte* communications, all parties shall be copied on any party's communications with or submission to the Discovery Special Master.

13. Within five (5) days of this Order, the parties shall provide the Discovery Special Master dates and times they are available to review the status of discovery and discovery disputes and shall furnish the Special Master with copies of all filings, briefs, discovery materials, and all documents requested by the Special Master.

14. Within fifteen (15) days of this Order, the Discovery Special Master shall hold a conference call with counsel for the parties to discuss the terms of this Order and the process for overseeing discovery.

15. The Discovery Special Master shall proceed with all reasonable diligence to oversee discovery. Any discovery dispute brought to the Special Master, and within the authority of the Special Master under this Order and Rule 53, shall be resolved by the Discovery Special Master after such investigation, presentation of evidence, and argument as the Discovery Special Master may deem appropriate, upon such schedule as the Discovery Special Master shall set, and consistent with the rulings of this Court. Within seven (7) days of any such resolution, the Discovery Special Master shall prepare and file on the docket a written Report and Recommendation ("R&R") concerning the nature and disposition of such dispute in accordance

with Rule 53. Any party may file with the Court, within ten (10) days of the filing of an R&R, an objection to the R&R, setting forth the basis for such objection. Any party opposing such objection shall file a response thereto within ten (10) days of the filing of the objection. The failure to file a timely objection shall constitute a waiver of any objection.

16. The party filing the objection pursuant to paragraph 16 shall submit with such objection any record necessary for the Court to review the Discovery Special Master's R&R including, if necessary, any transcript of proceedings before the Discovery Special Master and any documents submitted by the parties in connection with the proceedings.

17. If any party wishes to raise a discovery dispute outside of a Status Conference, that party shall submit a letter motion not to exceed five (5) single-spaced pages to the Discovery Special Master, setting forth the nature of the dispute, supporting arguments, and the requested relief. The party opposing the motion shall have ten (10) days within which to respond to the motion. Responses shall be in the form of a letter response not to exceed five (5) single-spaced pages and shall be submitted to the Discovery Special Master. All submissions shall be served on the relevant parties via email.

18. At the sole discretion of the Discovery Special Master, any discovery dispute noticed in accordance with the procedures set forth herein may be:

    a. Ruled upon without oral argument,

    b. Heard by telephone or video conference, or

    c. Heard at a specially scheduled in-person conference

19. The Discovery Special Master's findings of fact and conclusions of law, procedural rulings, or recommendations will be reviewed *de novo*. The Court will set aside a ruling on a procedural matter only where it is clearly erroneous or contrary to law.

20. The Discovery Special Master may have access to trade secrets, proprietary information and other confidential information in this action including, but not limited to, information which may be subject to any Protective Order entered into between the parties and approved by the Court. The Discovery Special Master is bound by the terms of any such Protective Order. The disclosure of privileged or protected information connected with the litigation to the Discovery Special Master shall not be a waiver of privilege or a right of protection in this case and is also not a waiver in any other Federal or State proceeding. Accordingly, a claim of privilege or protection may not be raised as a basis to resist such disclosure.

21. The Discovery Special Master shall be compensated at his usual and customary rate agreed to by the parties, including time spent in transit or otherwise in connection with this appointment, provided however that travel time will be paid at one-half (50%) of the usual and customary rate unless substantive work, research or discussions in support of the engagement are performed while traveling, in which case such activities will be paid at the usual and customary rate.

22.     The Discovery Special Master shall submit to the parties on a monthly basis an itemized statement of all fees and costs incurred in connection with this Order.  Each monthly invoice shall detail the work performed, the hours spent, and the costs incurred during the corresponding one-month period.  Any non-routine expenses, including expenses associated with outside consultants proposed to be engaged or engaged by the Discovery Special Master, must be approved in advance by the parties.

23.     The parties shall be responsible for paying to the Discovery Special Master an equal portion of each monthly invoice (50% by Plaintiff and 50% by Defendants) within thirty (30) days of receipt of such invoice.  The costs associated with the services of the Discovery Special Master *shall not* be considered taxable under 28 U.S.C. § 1920(4).  Depending on the result of litigation, the Court may entertain cost-shifting motions.  Motions addressing cost-shifting will be addressed at a later date, if and when appropriate.

24.     The parties are reminded of the requirement that they meet and confer in good faith in an effort to resolve disputes that arise in discovery in this matter.

25.     This Order may be revisited at a later date, if and when appropriate.

BY THE COURT:

*s/Robert J. Colville*
Robert J. Colville
United States District Judge

Dated: June 7, 2022

cc: All counsel of record

Mark Shepard, Esquire