UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BESSEMER SYSTEM FEDERAL CREDIT UNION, on behalf of itself and its members, <br><br> Plaintiff, <br><br> v. <br><br> FISERV SOLUTIONS, LLC, f/k/a FISERV SOLUTIONS, INC., and FISERV, INC., <br><br> Defendants. | Case No.: 2:19-cv-00624-RJC |

**SPECIAL DISCOVERY MASTER'S REPORT AND RECOMMENDATION
RE: ENTRY OF PROTECTIVE ORDER**

## I.  INTRODUCTION

By Order dated June 8, 2022, the undersigned was appointed Special Discovery Master in this case. Upon review of the pending discovery disputes, it became apparent that the first step in addressing the parties' disputes was the entry of a Protective Order to allow the production of documents responsive to the parties' respective requests for production. Although counsel for the parties had negotiated for many months in an effort to reach agreement on a Protective Order, those efforts were unsuccessful.

After consultation with counsel, the undersigned requested that the parties provide me with their respective position regarding the contested provisions in the Proposed Protective Order. After reviewing those positions, the undersigned scheduled an argument and mediated meet & confer with counsel on August 26, 2022. Following that mediated meet & confer and

argument, I advised counsel that I would prepare a Proposed Protective Order to recommend to the Court.

## II. ANALYSIS AND DECISION

Although all relevant material is discoverable unless an applicable evidentiary privilege is asserted, Federal Rule of Civil Procedure 26(c) establishes that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" *UGI Sunbury LLC v. A Permanent Easement for 0.0933 Acres*, No. 3:16-CV-00790, 2016 U.S. Dist. LEXIS 168964, at *2-3 (M.D. Pa. Dec. 7, 2016). "Good cause" for a protective order is established when it is specifically demonstrated that the disclosure will cause a clearly defined and serious injury. *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995). The Third Circuit has recognized several factors, which are neither mandatory nor exhaustive, that may be considered in evaluating whether good cause exists:

> (1) whether disclosure will violate any privacy interests;
>
> (2) whether the information is being sought for a legitimate purpose or for an improper purpose;
>
> (3) whether disclosure of the information will cause a party embarrassment;
>
> (4) whether confidentiality is being sought over information important to public health and safety;
>
> (5) whether the sharing of information among litigants will promote fairness and efficiency;
>
> (6) whether a party benefitting from the order of confidentiality is a public entity or official; and
>
> (7) whether the case involves issues important to the public.

*Id.* (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787-91 (3d Cir. 1994).

Applying these principles to the Protective Order requested by Fiserv in this case, I have determined that some level of protection is appropriate. Moreover, I have determined that a

narrow "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation is appropriate although I expect that designation to be used sparingly in this case.

In arguing against Entry of a Protective Order and, in particular the ability to designate a document "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY", Plaintiff Bessemer argues that the Master Agreement ("Agreement") between Fiserv and Bessemer essentially contains a waiver by Fiserv of any right to confidentiality for information provided to Bessemer. Based on my detailed review of the Agreement, I find that no such waiver exists under the terms of that Agreement. To the contrary, Section 3 of the Agreement clearly obligates Bessemer to treat as confidential the same types of information that may be designed confidential under the terms of the Proposed Protective Order. That section also, by its terms, survives any termination or expiration of the Agreement. Although Bessemer points to Section 11(k) of the Agreement entitled "Publicity", I do not read that provision as supplanting or limiting the confidentiality obligations set forth in Section 3 of the Agreement.

Nevertheless, upon my evaluation of the language proposed by Fiserv in the Protective Order, I found a number of the "catch-all" provisions describing information that can be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to be too broad. I also modified the Protective Order to ensure that designated information is produced while any disputes regarding the designation are heard and resolved so that the parties can move forward with the scheduling of depositions and follow-up discovery.

Attached as Exhibits "A" and "B" to this Report and Recommendation are a redline version of the Proposed Protective Order showing the changes that I made to the Proposed Protective Order submitted by Fiserv and a clean version of the Proposed Protective Order that I recommend this Court enter in this case.

### III. CONCLUSION

      Based on the above analysis, I hereby recommend that this Court enter the Proposed Protective Order attached as Exhibit "B" to this Report and Recommendation.

Date:  September 1, 2022　　　　　　　　　　Respectfully submitted by:

　　　　　　　　　　　　　　　　　　　　　*/s/ Mark D. Shepard*
　　　　　　　　　　　　　　　　　　　　　Mark D. Shepard (PA Id. No. 36902)
　　　　　　　　　　　　　　　　　　　　　Special Discovery Master

　　　　　　　　　　　　　　　　　　　　　Babst, Calland, Clements and Zomnir, P.C.
　　　　　　　　　　　　　　　　　　　　　Two Gateway Center, 6th Floor
　　　　　　　　　　　　　　　　　　　　　Pittsburgh, PA  15222
　　　　　　　　　　　　　　　　　　　　　(412) 394-5400
　　　　　　　　　　　　　　　　　　　　　mshepard@babstcalland.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that on 1st day of September, 2022, I electronically filed the foregoing **Special Discovery Master's Report and Recommendation Re: Entry of Protective Order** using the CM/ECF system which will send notification of such filing to the below counsel of record:

| | |
|---|---|
| Richard J. Parks, Esquire<br>rjp@pietragallo.com<br>Pietragallo, Gordon, Alfano,<br>  Bosick & Raspanti, LLP<br>7 West State Street, Ste. 100<br>Sharon, PA  16146<br><br>Charles J. Nerko, Esquire *(PHV)*<br>cnerko@barclaydamon.com<br>Benjamin M. Wilkinson, Esquire *(PHV)*<br>bwilkinson@barclaydamon.com<br>Sarah A. O'Brien, Esquire *(PHV pending)*<br>sobrien@barclaydamon.com<br>Barclay Damon LLP<br>80 State Street<br>Albany, NY  10020<br><br>*Counsel for Plaintiff, Bessemer System Federal Credit Union* | Efrem M. Grail, Esquire<br>egrail@graillaw.com<br>Brian C. Bevan, Esquire<br>bbevan@graillaw.com<br>The Grail Law Firm<br>428 Boulevard of the Allies, Ste. 500<br>Pittsburgh, PA  15219<br><br>Andrew J. Wronski, Esquire *(PHV)*<br>awronski@foley.com<br>Jesse L. Byam-Katzman, Esquire *(PHV)*<br>jbyam-katzman@foley.com<br>Foley & Lardner LLP<br>777 East Wisconsin Avenue<br>Milwaukee, WI  53202<br><br>*Counsel for Defendants, Fiserv Solutions, LLC and Fiserv, Inc.* |

                                                */s/ Mark D. Shepard*
                                                Mark D. Shepard
                                                Special Discovery Master