UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BESSEMER SYSTEM FEDERAL CREDIT UNION, <br><br> Plaintiff, <br><br> vs. <br><br> FISERV SOLUTIONS, LLC, f/k/a FISERV SOLUTIONS, INC., and FISERV, INC., <br><br> Defendants. | Case No. 2:19-CV-00624-RJC |

## APPENDIX A TO DEFENDANTS' RESPONSE TO BESSEMER'S OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATION

| Citation | Bessemer's Stated Reasons for Conducting the Security Review |
|---|---|
| *REGULATORY COMPLIANCE* ||
| Dkt. 48-7 at 1. | "As you are aware, Bessemer is subject to several regulations requiring Bessemer to implement and maintain a reasonable and adequate information security program to safeguard Bessemer's member information. The security review of Fiserv is authorized by federal law, which imposes a duty on a federally regulated credit union such as Bessemer to conduct security reviews of service providers. *See* 12 C.F.R. Part 748, Appx. A, § III.D.3" |
| Dkt. 48-9 at 1. | "Federal law expressly authorizes the security review that was conducted. As Fiserv should be aware, federal law not just empowers, but also obligates, Bessemer to conduct security reviews of service providers. *See* C.F.R. Part 748, Appx. A, § III.D.3…. The security review was limited in scope and consisted of the monitoring and confirmation required by federal law. Bessemer's authority and obligation to conduct such a security review has been affirmed in a plethora of guidance issued by the National Credit Union Administration." |
| Dkt. 95 at 12-13. | "Bessemer's security review was driven by the strong national policy in favor of maintaining the safety and soundness of federal credit unions, as reflected in 12 C.F.R. Part 748 App'x A § III.D.3, which requires credit unions to 'monitor [their] service providers' to ensure credit union member information is being appropriately safeguarded and requires Bessemer to 'review audits, summaries of test results, or other equivalent evaluations of its service providers.'" |

| Dkt. 95 at 15. | "Bessemer has responsibility to actively and independently monitor the security practices of a vendor such as Fiserv; anything less would be an unsafe and unsound practice threatening the stability of a credit union." |
|---|---|
| Dkt. 110 at 5. | All along, federal law obligated Bessemer to 'monitor' Fiserv and 'review audits, summaries of test results, or other equivalent evaluations' of Fiserv…. This obligation falls on credit union 'management to assess the security and performance of web sites whose performance is beyond their control and verify that the third-party web site complies with applicable laws including Privacy." |
| *PURPOSES OF LITIGATION* | |
| Dkt. 148 at 2. | "Bessemer's litigation counsel engaged a security expert to evaluate the claims Bessemer was prosecuting in the state court action against Fiserv…. The expert's scope of work was limited to litigation activities." |
| Dkt. 218 at Ex. E. | "[T]he security reviewer was retained by Bessemer's trial counsel solely to provide legal advice regarding Bessemer's claims against Fiserv." |

4886-6172-0945