IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BESSEMER SYSTEM FEDERAL CREDIT UNION, on behalf of itself and members, <br><br> Plaintiff, <br><br> vs. <br><br> FISERV SOLUTIONS, LLC and FISERV, INC., <br><br> Defendants. | 2:19-cv-00624-RJC |

**MEMORANDUM ORDER OF COURT**

Robert J. Colville, United States District Judge

Before the Court are the Reports and Recommendations issued by Special Master Mark D. Shepard in this matter at ECF Nos. 206 and 209. Plaintiff Bessemer System Federal Credit Union ("Bessemer") has filed timely Objections (ECF No. 216) to Special Master Shepard's R & R at ECF No. 209, and Defendants Fiserv Solutions, LLC and Fiserv, Inc. ("Fiserv") have filed a Response (ECF No. 219) to those Objections. The issues addressed in the R & Rs have been fully briefed, and are ripe for disposition.

**I.     Background**

The Court has issued two lengthy opinions (ECF Nos. 69 and 120) setting forth the relevant factual background in this matter. Special Master Shepard's R & R at ECF No. 209 further describes the factual background and claims at issue in this case. The Court hereby incorporates those descriptions herein. Given the same, and because the Court writes primarily for the benefit

1

of the parties, who are exceptionally familiar with the facts at issue, the Court forgoes setting forth the factual background of this case in this Memorandum Order.

With respect to the procedural history underlying the R & Rs at issue, on December 9, 2021, the Court scheduled a telephonic discovery status conference for December 14, 2021, at the request of counsel, to address disputes that had arisen during discovery in this case. *See* ECF No. 131. On that same date, December 9, 2021, Bessemer filed a Motion to Appoint a Discovery Special Master to resolve discovery disputes that were outstanding at that time, as well as any that arose during the course of discovery. *See* ECF No. 132 ("A Special Master should be appointed to resolve all of the discovery disputes in this matter in the interests of judicial economy, efficiency, and consistency."). The Court held the December 14, 2021 discovery status conference, and thereafter granted both parties leave to file motions addressing the then outstanding discovery disputes. *See* ECF No. 134.

The parties subsequently filed a total of seven discovery motions and related briefing. Once the discovery motions were fully briefed, the Court granted Bessemer's Motion to Appoint a Discovery Special Master on April 27, 2022. *See* ECF No. 183 ("Following review of Plaintiff's Motion to Appoint a Discovery Special Master [132], as well as the numerous discovery motions filed in this matter (including 40 relevant docket entries), the Court will enter an order appointing a special master in this matter to handle all outstanding discovery disputes, as well as those that arise during the course of continued discovery in this matter."). Following two subsequent status conferences and several filings by the parties addressing the issue of the identification of an appropriate special master, the Court eventually appointed Special Master Shepard, who had familiarity with this matter, having served as a mediator in this case pursuant to the Western District's ADR Program. *See* ECF No. 195. The Court recalls that, while perhaps neither party's

first choice, both parties were satisfied with the Court's decision to appoint Special Master Shepard. The Court certainly found Special Master Shepard more than qualified for the task.

The Court subsequently entered an Order providing: "The duties of the Discovery Special Master shall be to oversee discovery of Electronically Stored Information ("ESI") between the parties and all discovery-related disputes, including those set forth the parties' currently pending discovery motions." ECF No. 195 at 1. The Order required the special master to prepare and file written reports and recommendations following resolution of discovery disputes, and further provided that either party could lodge objections to any such report and recommendation. *Id.* at 3-4. The Order further provided that "[t]he Discovery Special Master's findings of fact and conclusions of law, procedural rulings, or recommendations will be reviewed de novo. The Court will set aside a ruling on a procedural matter only where it is clearly erroneous or contrary to law." *Id.* at 4.

On September 9, 2022, Special Master Shepard filed his first R & R (ECF No. 199), which addressed the parties competing positions as to an appropriate protective order. Neither party objected to that R & R, and the Court entered the following Order:

> Upon review of the Special Discovery Master's Report and Recommendation Re: Entry of Protective Order [199], and with no objections being filed by either party, the Court hereby adopts and affirms Special Discovery Master Mark D. Shepard's Report and Recommendation, and will enter the protective order attached as Exhibit B to his Report and Recommendation.

ECF No. 202. On June 5, 2023, Special Master Shepard issued the R & R at ECF No. 206. The Court notes that no party objected to the R & R at ECF No. 206, and the R & R at ECF No. 206 is hereby adopted as the opinion of the Court as to the issues discussed therein. Accordingly, this Memorandum Order will include the language proposed by Special Master Shepard in the proposed order at ECF No. 206-2.

As detailed in the R & R at ECF No. 209, as well as the Objections and Response thereto, Special Master Shepard ably guided the parties through many discovery issues over more than twelve months before eventually issuing the R & R addressing those discovery disputes that remained outstanding on June 13, 2023. *See* ECF No. 209 at 1 ("Over the twelve months that I have served as Special Discovery Master in this case, I have held numerous mediated meet and confer and status conferences to address disagreements between the parties regarding specific discovery topics, the search for and production of electronically stored information ("ESI") and disagreements over the permissible scope of discovery in this case through the lens of proportionality that now overlays the discovery process under the federal rules of civil procedure. The results of those interactions have advanced the discovery process through most of the ESI search and production process, the production of substantial numbers and pages of documents and the near completion of the written discovery process. Despite the progress made, there remain a number of disputes between the parties, most of which are grounded in their differing views as to the appropriate scope of discovery in this case."). After moving for an extension of time, Bessemer filed timely Objections, along with relevant exhibits (ECF No. 218), to the June 13, 2023 R & R on June 30, 2023. Fiserv filed its Response on July 17, 2023.

II. **Legal Standard**

Federal Rule of Civil Procedure 26 provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
>> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>>
>> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>>
>> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

After a party "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," that party may, "on notice to other parties and all affected persons," move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). If a motion to compel is granted, subject to certain exceptions, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). If the motion is denied, the court may "issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). "If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

Pursuant to Federal Rule of Civil Procedure 53, a court may appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an

available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C).  Rule 53 further provides:

> (3) Reviewing Factual Findings.  The court must decide de novo all objections to findings of fact made or recommended by a master, unless the parties, with the court's approval, stipulate that:
>
>> (A) the findings will be reviewed for clear error; or
>>
>> (B) the findings of a master appointed under Rule 53(a)(1)(A) or (C) will be final.
>
> (4) Reviewing Legal Conclusions.  The court must decide de novo all objections to conclusions of law made or recommended by a master.
>
> (5) Reviewing Procedural Matters.  Unless the appointing order establishes a different standard of review, the court may set aside a master's ruling on a procedural matter only for an abuse of discretion.

Fed. R. Civ. P. 53(f)(3)-(5).

### III. Discussion

Consistent with the Court's Order at ECF No. 195 and Rule 53, the Court has reviewed the relevant docket entries and has conducted a de novo review of the objected to findings of fact and conclusions of law, procedural rulings, and recommendations set forth in the R & R at ECF No. 209.  In his R & R, Special Master Shepard provides as follows:

> The purpose of this Report and Recommendation is to comprehensively address those remaining disputes and issues so that the parties can efficiently schedule and complete the depositions necessary to bring the fact discovery process to a close. Because the starting point for any analysis of the scope of discovery is the claims and defenses asserted in the case, I summarize below the status and extent of those claims and defenses as the foundation for my recommended decisions regarding specific discovery issues that follow.

ECF No. 209 at 2.

Special Master Shepard's R & R is thorough and well-reasoned, and will be adopted in full by the Court.  The Court finds no merit to the Objections set forth by Bessemer, and those

6

Objections will be overruled. The Court thanks Special Master Shepard for his hard work and commitment in carefully and thoroughly addressing the issues referred to him by the Court.

IV.     **Conclusion and Order**

As discussed above, and following the Court's de novo review of all relevant docket entries, the Court hereby adopts the thorough and well-reasoned Report and Recommendation issued by Special Master Shepard at ECF No. 209 as to the issues discussed therein. The pending discovery motions at ECF Nos. 138, 154, 157, 161, 164, and 167 are granted in part and denied in part consistent with the discussion set forth in Special Master Shepard's R & R. More specifically, it is hereby ordered as follows:

1) Bessemer's motion to compel Fiserv to provide a privilege log for communications after July 30, 2019 is denied.

2) Bessemer's motion to compel Fiserv to provide responses to Bessemer's requests for production seeking production of communications between Fiserv's outside counsel and Fiserv's employees relating to the replevin action filed by Bessemer in the Court of Common Pleas of Mercer County, Pennsylvania is denied without prejudice.

3) Fiserv's motion to compel production of documents and information relating to security deficiencies or complaints relating to Fiserv product provided to Bessemer is granted in part and denied in part. Fiserv must produce copies of the SOC audits on its Charlotte System for calendar year 2011, internal meeting minutes for its teams in charge of Charlotte and Fiserv's Virtual Branch system for calendar year 2011 and copies of any security incident reports received by Fiserv related to either of those systems and products for calendar year 2011. In all other respects, Bessemer's Motion to Compel is denied.

4) Bessemer's motion to compel Fiserv to produce a comprehensive organizational chart is denied.

5) Bessemer's motion to compel Fiserv to produce documents related to other Fiserv clients, and Fiserv's systems and services outside of Charlotte and Virtual Branch is denied.

6) Bessemer's motion for protective order to implement the Court's default rule on voicemail preservation and Fiserv's motion to compel production of voicemails by Bessemer are granted in part and denied in part.  Bessemer must provide a supplemental response to Fiserv with information regarding whether any voicemails left by Fiserv for Bessemer personnel during the "security review" have been preserved and are available for production.  To the extent such voicemails have been preserved and are available, Bessemer must produce all such voicemails regarding the "security review." In all other respects, Bessemer's Motion for Protective Order is granted and Fiserv's Motion to Compel is denied, such that Bessemer need not produce any additional voicemails.

7) Bessemer's motion to compel production of FFIEC examination reports for Fiserv's Virtual Branch product is denied.  Bessemer must obtain copies of any such report via subpoena or FOIA request to FFIEC.

8) Fiserv's motion to compel additional responses from Bessemer to interrogatories no. 8, 12, and 13 is denied.

9) Fiserv's motion to compel supplemental responses by Bessemer to interrogatory no. 3 is granted in part and denied in part.  To the extent Bessemer is relying on written misrepresentations by Fiserv to Bessemer, other than Exhibit 3 to its Second Amended Complaint, in support of its Fraud in the Inducement Claim, it must identify those written misrepresentations in a supplemental response.

10) Fiserv's motion to compel supplemental responses by Bessemer to interrogatory no. 5 is granted in part and denied in part. To the extent Bessemer is claiming that Fiserv is breaching any section of the Master Agreement not referenced in the Second Amended Complaint, Bessemer must provide a supplemental response that identifies each additional section of the Master Agreement it alleges Fiserv has breached and identifies the conduct, actions or failures of Fiserv that constitute that alleged breach.

11) Fiserv's motion to compel supplemental responses by Bessemer to interrogatory no. 7 is granted in part and denied in part. To the extent that Bessemer is seeking recovery of any damages as a result of security breaches it ascribes to Fiserv that are not disclosed in its Rule 26 Disclosures, it must serve amended disclosures identifying all such damages so as to give Fiserv an opportunity to conduct discovery relating to those alleged damages.

12) Fiserv's motion to compel supplemental responses by Bessemer to interrogatory no. 16 is granted in part and denied in part. To the extent that Fiserv is relying on alleged misrepresentations that Fiserv employees made to Bessemer's former CEO, Mr. Gregory, Bessemer must identify the person who allegedly made the misrepresentation, the content of the misrepresentation, whether the misrepresentation was oral or in writing and the approximate date of the alleged misrepresentation.

13) Fiserv's motion to compel production of documents and information relating to Bessemer's "Security Review" is granted in part and denied in part. Bessemer must provide a supplemental interrogatory answer identifying the person or persons who conducted the Security Review and any company or other entity for which that person is employed. Additionally, Bessemer must produce copies of any communications between any Bessemer employees and the security reviewer. Additionally, Bessemer must provide a privilege log setting forth any and

all written communications between Bessemer's counsel and the security reviewer and any draft or final written reports provided by the security reviewer to counsel.

Additionally, Fiserv shall be permitted to depose the individual who conducted the "security review" regarding the manner in which those individuals developed the security review methodology, their actions in implementing the review, the information and/or documents they received or created that allowed them to conduct the review, whether they have conducted similar security reviews in the past and whether they prepared written reports regarding the results of the review or the manner in which it was performed. To the extent that Bessemer seeks protective order to preclude such a deposition, that motion is DENIED.

All supplemental interrogatory answers and production of documents required by this Order shall be served within 15 days from the effective date of this Order.

With respect to the R & R at ECF No. 206, it is further ordered that Bessemer's Motion for Protective Order to preclude Fiserv's examination of a designated witness from CompuSource Systems, Inc. on Topic 21 in the subpoena that Fiserv issued to CompuSource is denied. It is further ordered, however, that Fiserv's examination of the CompuSource designated witness on this topic shall be limited to the following areas only:

1) Any communications or actions between CompuSource and Mr. Nerko related to Bessemer's decision to terminate the Master Services Agreement with Fiserv;

2) Any communications, cooperation or assistance between Mr. Nerko, his law film and CompuSource regarding CompuSource's selection as the successor to Fiserv in providing services to Bessemer; and

3) Any communications or conversations between Mr. Nerko and CompuSource regarding this Lawsuit.

To the extent that any holding herein necessitates an extension of the existing discovery deadlines, the parties shall meet and confer and may file a motion requesting such an extension.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: August 8, 2023

cc: All counsel of record