**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

_____

**BESSEMER SYSTEM FEDERAL CREDIT**
**UNION, on behalf of itself and its members**,

                       Plaintiff,

     vs.

                                Case No. 2:19-cv-00624-RJC

**FISERV SOLUTIONS, LLC, f/k/a FISERV**
**SOLUTIONS, INC., and FISERV, INC.,**

                       Defendants.

_____

### PLAINTIFF'S MOTION TO AMEND CASE MANAGEMENT ORDER

Plaintiff Bessemer System Federal Credit Union ("Bessemer") hereby moves for an Amended Case Management Order. In support of this Motion, Bessemer states as follows:

1.     This action was removed to this Court on May 28, 2019. (ECF No. 1).

2.     Bessemer filed its Second Amended Complaint on October 30, 2019. (ECF No. 48).

3.     Fiserv moved to dismiss Bessemer's Second Amended Complaint on November 13, 2019. (ECF No. 52).

4.     On July 14, 2020, the Court granted in part and denied in part Fiserv's Motion to Dismiss. (ECF No. 70).

5.     Following the Rule 16 scheduling conference on August 20, 2020, the Court stayed discovery in this matter pending court-ordered mediation. (ECF No. 81).

6.     Mediation took place on October 27, 2020, and the parties were unable to resolve this dispute.

7.     On November 9, 2020, Fiserv served their First Set of Discovery Requests.

8.      On November 10, 2020, Bessemer filed its Motion to Dismiss Fiserv's Counterclaims, to which Fiserv filed its opposition on December 8, 2020. (ECF Nos. 92 and 99).

9.      From December 23, 2020 through March 17, 2021, this litigation was stayed again pending mediation with neutral Mark Shepard. (ECF Nos. 101, 103, 105, and 107).

10.      On March 26, 2021, the Court entered an Amended Case Management Order, which, among other things, set a fact discovery deadline of November 30, 2021. (ECF No. 109).

11.      Bessemer served its responses to Fiserv's November 9, 2020 discovery requests on April 9, 2021.

12.      On April 29, 2021, Fiserv filed a motion for judgment on the pleadings for dismissal of Bessemer's fraud claim and for Rule 11 sanctions. The Court *sua sponte* denied Fiserv's motion the following day without prejudice to refile such motions after the pleadings closed. (ECF No. 117).

13.      Bessemer served its First and Second Requests for Production and its First Set of Interrogatories to Defendants on May 14, May 21, and May 28, 2021.

14.      Bessemer served its first supplemental responses to Fiserv's November 9, 2020 discovery requests on June 25, 2021.

15.      Fiserv served their responses to Bessemer's discovery requests on August 20, 2021.

16.      On September 15, 2021, the Court granted in part and denied in part Bessemer's Motion to Dismiss Counterclaims. (ECF No. 121).

17.      On October 18, 2021, Bessemer filed its answer to Fiserv's Amended Counterclaims. (ECF No. 126).

18.     On December 1, 2021, the Court entered a second Amended  Case Management Order, which, among other things, set a fact discovery deadline of August 22, 2022. (ECF No. 128).

19.     Thereafter, the parties encountered several significant discovery disputes regarding the nature and scope of discovery in this case. While the parties have endeavored to meet and confer to address these issues, the parties have been unable to resolve the disputes, which delayed commencement of document discovery and depositions in this case.

20.     On December 9, 2021, Bessemer moved to appoint a Discovery Special Master to resolve all discovery disputes between the parties. (ECF No. 132).

21.     On December 14, 2021, Fiserv moved for a protective order (ECF Nos. 135-137) and on December 15, 2021, moved to compel Bessemer to produce discovery related to Bessemer's security review. (ECF Nos. 138-140).  Bessemer opposed Fiserv's motions on January 21, 2022. (ECF No. 147-149;151).

22.     On January 31, 2022, Bessemer filed motions requesting the following discovery-related relief: to compel Fiserv to produce responses to Bessemer's Second Request for Production; to compel Fiserv to produce a privilege log of communications after June 30, 2019; to compel Fiserv to produce documents related to security audits; for a protective order regarding preservation of Bessemer's voicemails; and for a protective order regarding Fiserv's request for security review discovery.  (ECF Nos. 154-169).  Fiserv opposed Bessemer's discovery related motions on February 21, 2022. (ECF Nos. 173-175).

23.     On February 22, 2022, the Court granted Bessemer's motion for a Special Master to handle all outstanding discovery disputes (ECF No. 176) and on June 7, 2022, the Court entered

an Order appointing Mark Shepard to serve as Special Master (ECF No. 195).   The parties provided the Special Master with copies of all pending discovery motions.

24.     On June 29, 2022, the Special Master held an initial conference with the parties, during which the Special Master indicated that he would first address the issue of the competing protective orders before proceeding with addressing the discovery motions.

25.     On August 25, 2022, the Special Master held a meet and confer regarding the parties respective proposed protective orders and the parties' protective orders and under consideration.

26.     On August 30, 2022, the parties moved jointly for an Amended Case Management Order, which set forth a discovery completion deadline of June 12, 2023.  (ECF No. 197).

27.     On August 31, 2022, the Court granted the parties' motion and entered an Amended Case Management Order extending the discovery deadline to June 12, 2023.  (ECF No. 198).

28.     On September 13, 2022, the Court entered a Protective Order governing discovery. (ECF No. 203).

29.     Thereafter, the parties exchanged proposed search terms and custodian lists in connection with document production.

30.     On December 13, 2022, the Special Master held a conference to discuss the status of discovery, during which the parties reported that they were nearing a point to begin exchanging documents.

31.     In late 2022 and into early 2023, the parties engaged in multiple meet and confer sessions regarding the parties' search term protocols and beginning in February of 2023, the parties commenced biweekly rolling productions.  To date, both parties have each exchanged over 25,000 pages worth of documents respectively.

4

32.     On March 7, 2023, the Special Master held a conference with the parties regarding the status of discovery and directed the parties to submit supplemental briefing regarding the pending motions to the extent necessary.

33.     On March 22, 2023, the parties submitted updated briefing regarding the pending motions and additional related discovery disputes.

34.     On May 16, 2023, the Special Master held oral argument on said motions and provided an overview of his potential rulings to be included in a forthcoming Report & Recommendation.

35.     On June 13, 2023, the Special Master issued his Report & Recommendation and Proposed Order concerning the scope of discovery and the parties' outstanding discovery motions. (ECF No. 209).  The Report & Recommendation noted that it should be used as a guide for future anticipated disputes regarding discovery.  (*Id.*)

36.     On June 15, 2023, the parties moved jointly for an Amended Case Management Order, which set forth a discovery completion deadline of September 25, 2023.  (ECF No. 210).

37.     On June 18, 2023, the Court granted the parties' motion and entered an Amended Case Management Order extending the discovery deadline to September 25, 2023.  (ECF No. 211).

38.     On June 21, 2023, the parties jointly moved to modify the schedule to file objections and responses to the Special Master's Report & Recommendation. (ECF No. 214).

39.     On June 21, 2023, the Court granted the parties motion setting the deadline for the parties to file objections to the Special Master's Report & Recommendation on or before June 30, 2023, and responses to objections on or before July 16, 2023. (ECF No. 215).

40.     On July 25, 2023, Bessemer wrote to Fiserv outlining a number of deficiencies with Fiserv's responses to Bessemer's initial set of interrogatories.

41.     On August 4, 2023, Fiserv responded to Bessemer's letter refusing to provide revised responses.  Bessemer intends to further confer with Fiserv regarding the sufficiency of their interrogatory responses.

42.     On August 8, 2023, the Court issued a Memorandum Order adopting the Report & Recommendation of the Special Master, granting in part and denying in part the pending discovery motions at ECF Nos. 138, 154, 157, 161, 164 and 167.  Of note, the Court directed Bessemer to disclose the identity of the security reviewer and produce unprivileged communications with the reviewer, among other supplemental interrogatory responses detailed in the Order, within 15 days from the effective date of the Order. (ECF No. 220).

43.     The Court's Memorandum Order also noted that "to the extent that any holding herein necessitates an extension of the existing discovery deadlines, the parties shall meet and confer and may file a motion requesting such an extension." (ECF No. 220).

44.     On August 21, 2023, Bessemer filed an unopposed motion to modify the deadline for Bessemer to serve amended responses to Fiserv's discovery requests, as required by the Court's Order. (ECF No. 221). The Court granted the motion on August 22, 2023 and extended the deadline to August 30, 2023. (ECF No. 222).

45.     On August 30, 2023, pursuant to the Court's Order, Bessemer served its Fourth Amendment to its Responses to Fiserv's discovery requests, Amended Initial Disclosures and supplemental document production.

46.     On August 31, 2023, Bessemer served its Third Request for Production to Fiserv, which sought, among other things, information related to Fiserv's own communications with the security reviewer and documents regarding Fiserv's damages related to its counterclaim.  A copy of Bessemer's Third Request for Production to Fiserv is annexed as Exhibit "A."

27027229.2

47.     In response, Fiserv alleged that Bessemer's Third Request for Production was untimely and refused to provide responses or objections, despite the fact that Bessemer's requests were served prior to the current September 25, 2023 discovery deadline.

48.     On September 5 and September 8, 2023, respectively, Fiserv wrote to Bessemer outlining various objections and follow-up questions with respect to Bessemer's discovery responses and Bessemer's compliance with the Court's Order.

49.     To further address outstanding discovery issues, the parties duly held multiple meet and confers, most recently on September 11 and 21, 2023. The parties continue to work collaboratively to address and at least narrow the outstanding issues.

50.     To the extent that the parties are unable to resolve the issues raised in Fiserv's September 5th and September 8th correspondence, Bessemer intends to provide a written response to Fiserv on any remaining discovery disputes. Bessemer also intends to follow-up with Fiserv on the issues raised by Bessemer regarding Fiserv's responses to Bessemer's discovery requests.

51.     Based on the foregoing, the parties require additional time in which to complete written discovery and depositions.  Chiefly, the parties need time in which to continue to work together to address their respective objections to existing discovery responses, exchange privilege logs, serve any necessary non-party subpoenas, respond to Bessemer's Third Request for Production, and conduct the majority of the remaining depositions.  However, while the parties agree that an extension is necessary and agree upon the general time frame (approximately 90 days from September 25th), the parties have been unable to agree regarding the scope of discovery to be completed.   Despite Bessemer's good faith attempt to resolve this issue, the parties reached an impasse, which necessitated Bessemer's filing of the instant motion.

52.     During both of the aforementioned meet and confers and via email on September 25th, Fiserv indicated that an extension to complete discovery was appropriate, but that they would not be willing to join in any motion requesting an extension of the discovery deadline to further conduct *written discovery*.  Specifically, Fiserv stated in a September 25th email that it would only consent to a request for extension of written discovery to permit "good faith follow-up concerning valid requests already served and for information identified in depositions, so long as there is good cause."  Thus, Fiserv's position is that Bessemer should be prohibited from propounding any "new" written requests for production and Fiserv continues to object to answering Bessemer's Third Request for Production served on August 31st.  Despite the fact that the parties have been in regular communication regarding discovery and the potential need for an extension, at no point prior to September 11th did Fiserv indicate that it would require Bessemer to waive its right to conduct additional written discovery in order in order to jointly request an extension of the discovery deadline.

53.     Fiserv's attempt to condition an extension of the discovery deadline on such artificial limitations is designed to hamstring Bessemer from continuing to take discovery of its claims and defenses.  Fiserv's position runs counter to the Court's Order, which addressed the scope of discovery and noted that the Order may result in the need for an extension of the existing discovery deadlines.  Bessemer would no more agree to Fiserv's artificial limitation on the scope of discovery, than it would expect Fiserv to agree to one.

54.     Moreover, Bessemer's Third Request for Production requests highly relevant and proportional discovery as it seeks documents related to Fiserv's counterclaims and the related damages.  *See* Exhibit "A."  It also seeks information that has only recently become at issue following the Court's Order.  As the Court is aware, Bessemer objected to disclosure of the security

8

reviewer's identity and Fiserv moved to compel this information, which was granted by the Court. (ECF No. 220).  In turn, Bessemer has reason to believe that Jeffrey Yabuki of Fiserv also engaged in communications with the same security reviewer regarding a past security review of Fiserv. Fiserv's communications with the security reviewer, including Mr. Yabuki's response to the prior security review of Fiserv, is directly relevant to Bessemer's affirmative defense that Fiserv expressly or impliedly consented to the security review, as well as to Fiserv's counterclaim alleging the security review was improper or unauthorized.

55.    Bessemer also requires time to serve non-party subpoenas, including those directed at government agencies, as noted in the Court's Order.  (ECF. No. 220, p. 8).

56.    With respect to depositions, there is no dispute that the parties need additional time for their completion.  The parties conducted one non-party deposition on June 21, 2023, and two more non-party depositions on August 16, 2023.  As to the remaining depositions, the parties have discussed approximately nine additional individuals that need to be deposed, with the possibility of a handful more.  Should the Court grant an extension of the discovery deadline, Bessemer will make all reasonable good faith efforts to complete depositions prior to the ensuing deadline.

WHEREFORE, Plaintiff respectfully requests that the Court enter the proposed Amended Case Management Order submitted with this Motion.

Dated: September 25, 2023                    Respectfully submitted,

Charles J. Nerko (NY 4764338)              /s/ Charles J. Nerko
Kevin D. Szczepanski (NY 2720118)          Richard J. Parks (PA 40477)
Benjamin M. Wilkinson (NY 4927661)         PIETRAGALLO, GORDON,
BARCLAY DAMON LLP                          ALFANO, BOSICK & RASPANTI, LLP
80 State Street                            7 West State Street, Suite 100
Albany, NY 10020                           Sharon, PA 16146
(518) 429-4200                             (724) 981-1397
cnerko@barclaydamon.com                    rjp@pietragallo.com
kszczepanski@barclaydamon.com
bwilkinson@barclaydamon.com                *Counsel for Plaintiff Bessemer System F.C.U.*

9

27027229.2