UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

BESSEMER SYSTEM FEDERAL CREDIT UNION, on behalf of itself and its members,

                Plaintiff,

vs.

FISERV SOLUTIONS, LLC, f/k/a FISERV SOLUTIONS, INC., and FISERV, INC.,

                Defendants.

Case No. 2:19-cv-00624-RJC

---

## BESSEMER'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO FISERV

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of the Court, plaintiff Bessemer System Federal Credit Union, by its undersigned counsel, hereby requests that defendants Fiserv Solutions, LLC, formerly known as Fiserv Solutions, Inc., and Fiserv, Inc. produce for inspection and copying the following requested items at the offices of plaintiff's undersigned counsel within the time and in the manner prescribed by the Federal Rules of Civil Procedure and the Local Rules of the Court.

### Instructions and Definitions

1.    The definitions and instructions from Bessemer's First and Second Requests for Production of Documents and Things to Fiserv are incorporated by reference herein.

2.    The term "Mr. Hermansen" means Kristian Erik Hermansen and anyone acting on his behalf.

26861112.1

**Requests for Production**

1. Communications concerning Mr. Hermansen, including communications between Jeffrey Yabuki of Fiserv and Mr. Hermansen.

2. Documents concerning Mr. Hermansen's past security reviews of Fiserv, including, the methods, results, and responses to those security reviews.

3. Documents concerning the security Fiserv or its subcontractors provided for Bank of America, Wells Fargo, and the other financial institutions referenced in Richard Reynods' email to Linda Gregory dated December 31, 2020. (*The date range for this request is all relevant periods for the services provided for these institutions as of December 31, 2020.*)

4. All documents concerning the MOVEit Transfer Product Vulnerability Fiserv reported to Bessemer in communications dated June 5 and 7, 2023 and June 5, 2023. (*The date range for this request is all relevant periods concerning the MOVEit Transfer Product Vulnerability and its remediation.*)

5. All documents concerning the value of the types of Bessemer information that have been possessed by Fiserv and the damages flowing from a breach of the confidentiality of such types of information, including, without limitation, the direct costs and "indirect and non-monetary consequences [that are] equally or even more damaging," as described in https://merchants.fiserv.com/en-us/resources/the-impact-a-data-breach-could-have-on-your-business/ and the genesis, support, and interim drafts of that article and other communicatiosn on this subject prepared by Fiserv.

6. Documents concerning Fiserv's allegations that it committed "significant resources in security and personnel," "implemented security measures" in response to Bessemer's security

review, and incurred damages as a result of the security review, as alleged in ¶¶ 58, 62 of Fiserv's Counterclaim.

7. Documents concerning Fiserv's allegation that it "performed and satisfied all of its contractual obligations to Bessemer under the Master Agreement", as alleged in ¶ 51 of Fiserv's Counterclaim.

8. Documents concerning Fiserv's logs of the security review alleged in Fiserv's Counterclaim.

9. All documents concerning the effect, if any, of Bessemer's security review on Fiserv's systems and the "750 credit unions" that use those systems, as alleged in ¶¶ 1, 36, 40 of Fiserv's Counterclaim, including any complaints or communications by other Fiserv's customers about the security review.

10. Documents concerning the attorneys' fees, expert witness fees, litigation-related expenses, costs and other costs incurred by Fiserv in connection with the security review, including invoices, payments, engagement letters, agreements, deliverables, and incident reports.

11. Documents concerning Fiserv's decision to implement a phone pin or other enhanced authentication factors on Virtual Branch (including for the Virtual Branch customer Connecticut State Employees Credit Union) prior to Bessemer's security review, and the decision by Fiserv to not implement these authentication enhancements for Bessemer until after the security review alleged in Fiserv's Counterclaim.

12. All other documents, not otherwise requested herein, concerning the security review and the damages claimed by Fiserv.

Dated: August 31, 2023

        BARCLAY DAMON LLP

        By: */s/ Charles J. Nerko*
            Charles J. Nerko (NY 4764338)
            Kevin D. Szczepanski (NY 2720118)
            Benjamin M. Wilkinson (NY 4927661)
        80 State Street
        Albany, NY 10020
        (518) 429-4200
        cnerko@barclaydamon.com
        kszczepanski@barclaydamon.com
        bwilkinson@barclaydamon.com

        Richard J. Parks (PA 40477)
        PIETRAGALLO, GORDON,
        ALFANO, BOSICK & RASPANTI, LLP
        7 West State Street, Suite 100
        Sharon, PA 16146
        (724) 981-1397
        rjp@pietragallo.com

        *Counsel for Plaintiff*
        *Bessemer System Federal Credit Union*