UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

**BESSEMER SYSTEM FEDERAL CREDIT UNION, on behalf of itself and its members**,

                      Plaintiff,

    vs.

**FISERV SOLUTIONS, LLC, f/k/a FISERV SOLUTIONS, INC., and FISERV, INC.,**

                      Defendants.

Case No. 2:19-cv-00624-RJC

---

## MEMORANDUM ORDER OF COURT

AND NOW, this 13th day of October, 2023, upon consideration of Plaintiff's Motion to Amend Case Management Order (ECF No. 223), Defendants' Response (ECF No. 224), and Plaintiff's Reply (ECF No. 225), it is hereby ORDERED that the Motion to Amend Case Management Order is granted.  The parties shall complete fact discovery by **December 22, 2023**. All interrogatories, depositions, and requests for admissions and/or production of documents shall be served within sufficient time to allow responses to be completed prior to the close of fact discovery.  Plaintiff's Expert Reports are due on or before **January 22, 2024**.  Defendant's Expert Reports are due on or before **February 22, 2024**.  Depositions of all experts shall be on or before **April 22, 2024**.

The Court will conduct a telephonic post-discovery status conference on **May 13, 2024** at **9:00 a.m.**  Lead trial counsel shall attend, and the court will inform counsel if attendance by the parties is necessary.  At least five (5) business days prior to the post-discovery status conference, the parties shall file on the docket an updated joint pre-conference statement.  *See* Hon. Robert J.

Colville Practices and Procedures, III.A.2. Any party may supplement the joint pre-conference statement with an individually filed voluntary position statement. *See* Hon. Robert J. Colville Practices and Procedures, III.A.3.

The Court has appointed a Special Master to address all discovery disputes in the manner set forth in the Order Referring Case to Special Master for Discovery (ECF No. 195). Unless the Court orders otherwise at a later date, if a discovery dispute occurs, the parties will promptly meet and confer and comply with the procedures set forth in the Order Referring Case to Special Master. The parties will meet with the Special Master and seek to resolve any disputes on an expedited basis. The parties have acknowledged the scope of discovery as limited by the Special Master's June 5, 2023 Reports and Recommendations (ECF 206 & 209) and the Court's August 8, 2023 Memorandum Order (ECF 220) and will be governed by this scope in seeking or responding to any discovery going forward.

It is at this juncture that the Court notes for the benefit of both parties that, although its Order appointing the Special Master in this case provided that the duties of the Special Master shall be to oversee all discovery-related disputes, *see* ECF No. 195, that Order may be amended at any time after notice to the parties and an opportunity to be heard, Fed. R. Civ. P. 53(b)(4). Because the volume of the previous discovery disputes in this case did not allow for the Court to address said disputes in a timely manner, the appointment of Special Master Shepard in June of 2022 was permissible under Rule 53(a)(1)(c). Given the extensive efforts already undertaken by Special Master Shepard, it may now be the case that his continued participation is no longer necessary. Special Master Shepard's June 13, 2023 Report and Recommendation provided:

> The recommended decisions set forth above address all of the major discovery disputes between the parties. Nevertheless, given the extensive number of interrogatories, requests for production and requests for admission served by the parties in this case, there likely remain other issues specific to one or more requests

or interrogatories. Based on the scope of discovery established in this Report and Recommendation, counsel for the parties should meet and confer regarding any remaining "request specific" disputes. The recommended decisions herein, if affirmed and adopted by the Court, should provide the parties with the necessary guidance to efficiently complete the fact discovery process in this case.

ECF No. 209. While the Court in no way intends to speak for Special Master Shepard, this quote, standing alone, might insinuate that Special Master Shepard may be of the opinion that the parties should, following Special Master Shepard's comprehensive and exhaustive efforts, be in a position to resolve discovery disputes on their own, as is common practice in this District, without intervention from either the Special Master or the Court.

Again, Special Master Shepard has taken great efforts to guide the parties through written discovery to date and to address the many issues that arose throughout discovery. As the Court previously explained:

> As detailed in the R & R at ECF No. 209, as well as the Objections and Response thereto, Special Master Shepard ably guided the parties through many discovery issues over more than twelve months before eventually issuing the R & R addressing those discovery disputes that remained outstanding on June 13, 2023. *See* ECF No. 209 at 1 ("Over the twelve months that I have served as Special Discovery Master in this case, I have held numerous mediated meet and confer and status conferences to address disagreements between the parties regarding specific discovery topics, the search for and production of electronically stored information ("ESI") and disagreements over the permissible scope of discovery in this case through the lens of proportionality that now overlays the discovery process under the federal rules of civil procedure. The results of those interactions have advanced the discovery process through most of the ESI search and production process, the production of substantial numbers and pages of documents and the near completion of the written discovery process. Despite the progress made, there remain a number of disputes between the parties, most of which are grounded in their differing views as to the appropriate scope of discovery in this case.").
>
> . . . .
>
> In his R & R, Special Master Shepard provides as follows:
>
>> *The purpose of this Report and Recommendation is to comprehensively address those remaining disputes and issues so that the parties can efficiently schedule and complete the*

3

> *depositions necessary to bring the fact discovery process to a close.* Because the starting point for any analysis of the scope of discovery is the claims and defenses asserted in the case, I summarize below the status and extent of those claims and defenses as the foundation for my recommended decisions regarding specific discovery issues that follow.

ECF No. 209 at 2.

> Special Master Shepard's R & R is thorough and well-reasoned, and will be adopted in full by the Court. The Court finds no merit to the Objections set forth by Bessemer, and those Objections will be overruled. The Court thanks Special Master Shepard for his hard work and commitment in carefully and thoroughly addressing the issues referred to him by the Court.

ECF No. 220 (emphasis added).

As noted above, the Court has kept its Order Referring Case to Special Master in place at this time. The Court will not modify that Order without providing notice to the parties and an opportunity to be heard. The Court would also not deprive the parties of an outlet for intervention should the parties be unable to resolve a discovery dispute among themselves moving forward, with that outlet possibly being the Court as opposed to a special master. The Court merely notes all of the above to state the obvious, that Special Master Shepard has already done much to clarify the scope of discovery for both the parties and, because the Court ultimately agreed entirely with his conclusions, the Court. In light of the same, the Court urges the parties to be reasonable in their meet and confer efforts going forward. The Court further notes that, in considering whether to enter or amend an order appointing a special master, it is also required to consider the fairness of imposing the likely expenses on the parties, and it must protect against unreasonable expense or delay that could result should its Order remain in place. Fed. R. Civ. P. 53(a)(3). Should any party believe, at any time, that the process outlined in the Court's Order Referring Case to Special Master for Discovery has outlived its utility, the Court will entertain a motion addressing the issue.

The Court acknowledges that the holdings in Special Master Shepard's Report and Recommendation and the Court's Order adopting the same might result in some additional, though presumably limited, follow-up written discovery. Additional written discovery may also prove necessary following depositions of fact witnesses, as Defendants acknowledge. With respect to Defendants' attempt to limit further written discovery at this time by way of their Response, the Court notes that it is not currently faced with a motion to compel or a motion for protective order, and it thus declines to wade into the question of the appropriateness of the discovery the parties briefly discuss in their briefing on the Motion seeking an extension of the discovery deadline. Nor will the Court impose a "good cause" standard for all further written discovery. That said, the Court is, and the parties should be, mindful that this case has been pending for more than four years, and that the parties have now had the benefit of a discovery special master for more than one year. The Court generally agrees with Defendants that the parties should now proceed with an eye towards the *completion* of fact discovery by the deadline imposed by this Order. The Court has granted many discovery extensions in this case, and the parties should not take for granted that the same will be granted as a matter of course going forward. The Court again urges the parties to proceed respectfully and diligently in completing fact discovery and in meeting and conferring with respect to discovery disputes in this case, where fact discovery has already been underway for years.

At this juncture, the Court feels compelled to note that, with respect to discovery in a civil case generally, Federal Rule of Civil Procedure 26 provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

5

expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). As to limitations on discovery, Rule 26(b)(2)(C) provides:

On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

After a party "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action," that party may, "on notice to other parties and all affected persons," move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). If a motion to compel is granted, subject to certain exceptions, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). If the motion is denied, the court may "issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). "If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C); *see also* Fed. R. Civ. P. 53(c)(2)

("Sanctions. The master may by order impose on a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty.").

Given all of the above, the Court notes that it will very seriously entertain any request for fees should *further* motion practice, whether before the Special Master or the Court, be sought, and will be diligent and thoughtful when apportioning fees where a motion is only granted in part, or found to be, in any material regard, frivolous or not sought in good faith. Discovery must be proportional to the needs of the case, and should not be used for purposes of delay, to needlessly increase the cost of litigation, or to harass another party. Any failure to adhere to these requirements can result in sanctions. Fed. R. Civ. P. 26(g). The Court again takes no position on any currently outstanding discovery requests or in any way intends to offer either party a preview of a future decision or an advisory opinion. Nor does the Court intend to unnecessarily warn, dissuade, or in any manner threaten the parties. The Court merely notes that these requirements and Rules apply in every case, and can be particularly relevant in cases where discovery is unnecessarily prolonged.

BY THE COURT:

*Robert J. Colville*
Robert J. Colville
United States District Judge

Dated: October 13, 2023

cc: All counsel of record